1   J. Paul Gignac (State Bar No. 125676)
    j.paul@aogllp.com
2   Mischa N. Barteau (State Bar No. 274474)
    mbarteau@aogllp.com
3   ARIAS OZZELLO & GIGNAC LLP
    115 S. La Cumbre Lane, Suite 300
4   Santa Barbara, California 93105
    Telephone:    (805) 683-7400
5   Facsimile:    (805) 683-7401

6   J.A. Ted Baer (State Bar No. 135092)
    ted@tedbaerlaw.com
7   LAW OFFICE OF J.A. TED BAER
    21 E. Canon Perdido Street, Suite 223
8   Santa Barbara, California 93101
    Telephone:    (805) 963-7177
9   Facsimile:    (801) 730-2874

10  Attorneys for Plaintiff Kelly Wilson

11  KELLY M. KLAUS (State Bar No. 161091)
    kelly.klaus@mto.com
12  JORDAN D. SEGALL (State Bar No. 281102)
    jordan.segall@mto.com
13  MUNGER, TOLLES & OLSON LLP
    560 Mission Street, 27th Floor
14  San Francisco, California 94105-2907
    Telephone:    (415) 512-4000
15  Facsimile:    (415) 12-4077

16  Attorneys for Defendants Walt Disney Co., *et al.*

17              **UNITED STATES DISTRICT COURT**

18      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

19

20  Kelly Wilson, an individual,                   Case No. 3:14-cv-01441-VC

21                  Plaintiff,                      **JOINT CASE MANAGEMENT
                                                    STATEMENT & [PROPOSED] ORDER**
22          vs.
                                                    Case Management Conference:
23  THE WALT DISNEY COMPANY, a
    Delaware corporation; DISNEY                    Date:    July 24, 2014
24  ENTERPRISES, INC., a Delaware                   Time:    10:00 a.m.
    corporation; WALT DISNEY PICTURES, a            Ctrm:    10
25  California corporation; WALT DISNEY
    MOTION PICTURES GROUP, INC., a
26  California corporation; and DOES 1 through      The Honorable Vince G. Chhabria
    25, inclusive,
27
                    Defendants.
28

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

## 1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction") and § 1338(a) (actions arising under any Act of Congress relating to copyright). No issues exist regarding persona jurisdiction or venue. All parties have been served.

## 2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff's Fact Summary:  Plaintiff owns the exclusive copyright to the animated short film *The Snowman*.  Plaintiff's copyright includes the right to prepare derivative works based upon *The Snowman*.  *The Snowman* was published in 2010 and has been widely disseminated on the Internet and at film festivals throughout the United States.  Disney had access to *The Snowman*.  *The Snowman* was submitted to Disney multiple times as part of job applications, and Plaintiff spoke on stage with employees of Disney-affiliate Pixar after screenings of *The Snowman* at the San Francisco International Film Festival in 2011.

On or around June 18, 2013, Disney released the *FROZEN* teaser trailer.  The *FROZEN* teaser trailer is substantially similar to *The Snowman*.  The *FROZEN* teaser trailer is nearly identical to the original elements of *The Snowman*, including, but not limited to: the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events.  These similarities have been noted by ordinary people.  In addition, the character of Olaf the snowman in *FROZEN* is substantially similar to the snowman character in *The Snowman*.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants' Fact Summary:  Plaintiff alleges she owns a copyright in a four-minute animated short, *The Snowman*, which tells the tale of a silent snowman stalked by rabbits hungry for his carrot nose, which has been dislodged by a bird and lies at the center of a frozen pond.  The snowman ultimately retrieves the carrot nose, and then one of the rabbits breaks through the ice and starts to drown.  The snowman engages in an act of selflessness by using his nose to save the rabbit.

Plaintiff alleges that a 90-second "teaser trailer" video for the motion picture *Frozen* infringes *The Snowman*.  The teaser trailer is a physical comedy in which a talking snowman, Olaf, loses his nose after an allergic reaction to smelling a flower.  The nose flies to the center of an ice pond, and a happy, rambunctious reindeer (Sven) and Olaf engage in a madcap race to the center of the pond to get the carrot.  The carrot ultimately goes flying to an opposite bank, and Sven races after it.  Surprisingly, Sven happily brings the nose back and reattaches it to Olaf's face, though Sven's dander once again triggers an allergic reaction, and Olaf's sneeze literally blows his head backwards.

Plaintiff also alleges that the motion picture *Frozen* infringes *The Snowman*, but the allegation is devoid of support because it is undisputed that the "teaser trailer" (which does not infringe) is not part of the motion picture.  Finally, Plaintiff alleges, without any factual support, that other, unidentified, trailers for *Frozen* infringe *The Snowman*.

Principal factual issues in dispute:

Plaintiff's Position:  The principal factual issues in dispute are (1) whether Disney's FROZEN teaser trailer is substantially similar to Plaintiff's *The Snowman*; and (2) whether Disney's character Olaf the snowman from FROZEN is substantially similar to Plaintiff's snowman from *The Snowman*.

Defendants' Position:  Disney's position is that the elements that matter for purposes of the "extrinsic" test of substantial similarity can and should be decided as a matter of law, and do not involve any factual disputes.  *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006).

## 3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff's Position:  Whether by producing and distributing the *FROZEN* teaser trailer, *FROZEN*, and other trailers affiliated with *FROZEN*, Defendants have reproduced, copied, prepared derivative works based upon, and distributed copies of substantial portions of *The Snowman*, including key plot elements, characters, events, and sequences for their own use, without Plaintiff's permission or authorization, in violation of 17 U.S.C. §§ 106 and 501.

Defendants' Position:  Whether Disney's production and distribution of the *FROZEN* teaser trailer, *FROZEN*, and other trailers affiliated with *FROZEN*, infringes Plaintiff's claimed copyright.

## 4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

Pending Motions:  Defendants have filed a motion to dismiss Plaintiff's complaint.  The hearing on Defendants' motion to dismiss is set for July 24, 2014 at 10:00 a.m.

Anticipated Motions:  At some future date either of the parties may bring motions for summary judgment.

## 5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Subject to the court's ruling on Defendants' motion to dismiss, Plaintiff is not contemplating any amendments at this time.

## 6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The Parties agree to delay making initial disclosures pursuant to Fed. R. Civ. P. 26 until after the Court rules on Defendants' motion to dismiss. If the Court denies Defendants' motion to dismiss, the Parties will make their initial disclosures within 21 days of the Court's ruling on Defendants' motion to dismiss.

## 8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

If Defendants' motion to dismiss is denied, the Parties will meet and confer regarding a discovery and case management plan, and will work cooperatively to prepare and submit a proposed case management schedule by stipulation for the Court's review and approval.

## 9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

N/A.

10. **Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

    None.


11. **Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

    Plaintiff's statement of relief sought:  Plaintiff seeks all relief available under the law, including but not limited to: recovery of Defendants' profits attributable to the infringement, Plaintiff's actual damages or statutory damages, punitive damages, attorneys' fees and costs, lost derivative market exploitation opportunity, lost revenues and profits, loss of creative attribution, lost market share, and other damages, the exact nature and extent of which will be proven at trial. Plaintiff also seeks a judicial determination of her rights and a judicial declaration that Defendants' use, reproduction, marketing, sale, and distribution of *FROZEN*, the *FROZEN* teaser trailer, and other trailers affiliated with *FROZEN* infringe upon Plaintiff's exclusive rights in *The Snowman* in violation of the U.S. copyright laws.

    Defendants' statement of the bases on which damages should be calculated if liability is established: According to the Complaint, Plaintiff did not register her claimed copyright until July 6, 2013, which was after the release of the teaser trailer.  Compl. ¶ 4 & Ex. A.  Plaintiff therefore is barred from seeking statutory damages or attorney's fees.  17 U.S.C. § 412.  Plaintiff's potential damages are limited to actual damages as a result of any infringement, or Defendants' profits attributable to the infringement, all as set forth in 17 U.S.C. § 504(b).  Punitive damages and other categories of damages discussed in Plaintiff's statement are not available under the Copyright Act.


12. **Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

The parties held an ADR Phone Conference with Daniel Bowling of the Court's ADR office on June 23, 2014.  The parties and Mr. Bowling agreed that proceeding to discuss a specific ADR plan should await the resolution of the motion to dismiss.  A further ADR Phone Conference is scheduled for August 26, 2014 at 10:00 a.m, but that conference may be continued if the motion remains under submission as of that date.

**13.  Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.  _____ YES  _____ NO*

The Parties do not consent to a Magistrate Judge for all purposes.

**14.  Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

None.

**16.  Expedited Trial Procedure**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

N/A.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

**17.  Scheduling**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

As set forth in Paragraph 7 above, the Parties will meet and confer regarding proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.  The Parties will work cooperatively to submit a proposed case management plan to the Court for approval.

Plaintiff has tentatively proposed the following pretrial and trial dates, again subject to the results of the motion to dismiss, and Defendants are considering the proposal:

Trial:  April 20, 2015

Final Pretrial Conference:  April 6, 2015

Last day for hearing of dispositive motions:  March 2, 2015

Designation of experts:  January 20, 2015

Non-expert discovery cut-off:  January 5, 2015

**18.  Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has demanded a trial by jury.  Plaintiff is unable to provide a reasonable estimate of the length of the trial at this time.

**19.  Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Both Plaintiff and Defendants have filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.  The Parties restate the contents of their certification as follows:

**Plaintiff**:  Other than Plaintiff, there is no such interest to report.

**Defendants**:

The Walt Disney Company

The Walt Disney Company states that it has no parent corporation and that no publicly held corporation owns more than 10% of The Walt Disney Company's stock.

Pursuant to Civil Local Rule 3-15, The Walt Disney Company certifies that the following listed persons, associates of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- The Walt Disney Company is a publicly traded company. No person or entity owns more than 10% of The Walt Disney Company's outstanding common stock.
- The members of The Walt Disney Company's Board of Directors are: Susan Arnold, John S. Chen, Jack Dorsey, Robert A. Iger, Fred H. Langhammer, Aylwin B. Lewis, Monica C. Lozano, Robert W. Matschullat, Sheryl Sandberg, and Orin C. Smith.
- As of this date, The Walt Disney Company is unaware of any person or entity, other than the named parties, with a financial or other interest that could be substantially affected by the outcome of this proceeding.

Disney Enterprises, Inc.

Disney Enterprises, Inc. states that its parent corporation is The Walt Disney Company, which owns 100% of Disney Enterprises, Inc.

As of this date, Disney Enterprises, Inc. is unaware of any person or entity, other than the named parties, with a financial or other interest that could be substantially affected by the outcome of this proceeding.

Walt Disney Pictures

Walt Disney Pictures states that its parent corporation is Disney Enterprises, Inc. and that no publicly held corporation owns more than 10% of Walt Disney Pictures' stock.

1    As of this date, Walt Disney Pictures is unaware of any person or entity, other than the

2  named parties, with a financial or other interest that could be substantially affected by the outcome

3  of this proceeding.

4

5  Walt Disney Motion Pictures Group, Inc.

6    Walt Disney Motion Pictures Group, Inc. states that its parent corporation is Disney

7  Enterprises, Inc. and that no publicly held corporation owns more than 10% of Walt Disney

8  Motion Pictures Group, Inc. Walt Disney Motion Pictures Group, Inc. is a dormant entity.

9    As of this date, Walt Disney Motion Pictures Group, Inc. is unaware of any person or

10 entity, other than the named parties, with a financial or other interest that could be substantially

11 affected by the outcome of this proceeding.

12 **20.  <u>Other</u>**

13 *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

14

15    N/A.

16

17 DATED:  July 17, 2014              ARIAS OZZELLO & GIGNAC LLP
                                                      J. PAUL GIGNAC
18                                                    MISCHA N. BARTEAU

19                                      LAW OFFICE OF J.A. TED BAER
                                                      J.A. TED BAER
20

21                                      By:      /s/ *J. Paul Gignac*
                                           _____
22                                         J. PAUL GIGNAC
                                           Attorneys for Plaintiff Kelly Wilson
23

24 DATED:  July 17, 2014              MUNGER, TOLLES & OLSON LLP
                                                      KELLY M. KLAUS
25                                                    JORDAN D. SEGALL

26

27                                      By:      /s/ *Kelly M. Klaus*
                                           _____
                                           KELLY M. KLAUS
28                                         Attorneys for Defendants The Walt Disney Co. et al.

1      In accordance with Local Rule 5-1(i), the filer attests that each of the above signatories

2 have concurred in the filing of this document.

3

4 DATED:  July 17, 2014              By:       */s/ Mischa N. Barteau*

5                                              MISCHA N. BARTEAU

6

7 <u>CASE MANAGEMENT ORDER</u>

8 The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

9 as the Case Management Order for this case and all parties shall comply with its provisions. [In

10 addition, the Court makes the further orders stated below:]

11

12 IT IS SO ORDERED.

13

14 Dated:

15                                                     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28