J. PAUL GIGNAC (State Bar No. 125676)
j.paul@aogllp.com
MISCHA N. BARTEAU (State Bar No. 274474)
mbarteau@aogllp.com
ARIAS OZZELLO & GIGNAC LLP
115 S. La Cumbre Lane, Suite 300
Santa Barbara, California 93105
Telephone:  (805) 683-7400
Facsimile:  (805) 683-7401

J.A. TED BAER (State Bar No. 135092)
ted@tedbaerlaw.com
LAW OFFICE OF J.A. TED BAER
21 E. Canon Pedido Street, Suite 223
Santa Barbara, California 93101
Telephone:  (805) 963-7177
Facsimile:  (805) 730-2874

Attorneys for Plaintiff

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

ERIN J. COX (State Bar No. 267954)
erin.cox@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY WILSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., WALT DISNEY PICTURES, and WALT DISNEY MOTION PICTURES GROUP, INC.,<br><br>　　　　　　　Defendants. | Case No.   3:14-cv-01441-VC<br><br>**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Judge: Hon. Vince G. Chhabria |

25223057.1

1. **PURPOSES AND LIMITATIONS**

The defendants in this action ("Defendants") assert that disclosure and discovery activity in the above-captioned action (the "Litigation") likely will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation may be warranted. Defendants further assert that certain of these materials may contain especially sensitive information, including highly sensitive business or proprietary information, trade secrets, commercially sensitive original artwork (including, but not limited to, storyboards or animation cells maintained in confidence), and other information, the disclosure of which might adversely affect or prejudice the Defendants' business or personal interests. Defendants therefore wish to provide a mechanism for the confidential treatment of Confidential Material, as defined below, and for the stricter protection of Highly Confidential/Attorneys' Eyes Only Material, as defined below. Counsel for the parties have met and conferred, and have agreed to submit this Stipulation, based on the Northern District's model form of protective order, and request that the Court enter the Stipulation as the Protective Order governing this Litigation (the "Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal, but rather that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1 "Producer" or "Producing Party" means any party to the Litigation or any non-party who produces information or documents in connection with the Litigation.

2.2 "Discovery Material" refers to any and all documents, digital media files, tangible things, testimony, or other information produced or made available in the course of discovery in

this Litigation, including: (a) documents produced, or made available for inspection, in response to requests for production of documents or subpoenas; (b) written responses to requests for production of documents; (c) responses to requests for admissions; (d) responses to interrogatories; (e) transcripts of depositions, trial testimony, and excerpts thereof, including exhibits thereto; (f) other responses or affidavits provided in connection with discovery requests, motions, or other filings in this Litigation; and (g) all information derived from any of (a)–(f) above and all copies, excerpts, or summaries thereof.

2.3     "Confidential Material" means any Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c) and is designated "CONFIDENTIAL" by a Producing Party.

2.4     "Highly Confidential/Attorneys' Eyes Only Material" means especially sensitive Confidential Material that is designated as "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" by a Producing Party based on a good faith belief that the information or documents are either (i) protected by the attorney-client, attorney work product, or other applicable privilege related to the underlying claims asserted against the defendants but have nonetheless been produced voluntarily, (ii) contain trade secrets or other commercially sensitive information, (iii) contain highly sensitive financial information whose public disclosure would work a clearly defined and very serious injury, or (iv) contain confidential, proprietary, or commercially or personally sensitive information that, if disclosed to the other party or to a non-party would create a substantial risk of serious harm to the producing party that could not be avoided by less restrictive means and that, if not disclosed to the other party (but rather only to its counsel) would not prejudice that party's ability to prosecute or defend against the claims alleged in this action.

2.5     "Professional Vendors" means persons or entities that provide litigation support services (*e.g*., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.6     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY."

2.7     "Designating Party" means (1) any Producer who identifies any of the information or documents that it produces as Protected Material, or (2) any party that identifies as Protected Material any information or documents produced to it by others, including other parties to the Litigation, for use in the Litigation.

2.8     "Confidentiality Legends" refers to the words and phrases that a Designating Party affixes on Discovery Material that the Designating Party is designating as Protected Material.

2.9     "Outside Counsel of Record" means attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

2.10    "Receiving Party" means a party that receives Discovery Material from a Producer.

## 3.     SCOPE

3.1     The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the parties or their counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.  No designation of information (or lack thereof) pursuant to this Order shall be construed as an admission that the information is or is not,

in fact, confidential, proprietary, or a trade secret and designations of material under this Order shall not be admissible evidence at trial.  Further, no designation of information pursuant to this Order shall be construed as an admission that such information is admissible, relevant, or material to any claim or defense of any party or to the subject matter of this Litigation.

**4.     DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

4.1     <u>Designating Discovery Material "CONFIDENTIAL"</u>. Any Designating Party may designate any Discovery Material as Confidential Material pursuant to Section 6 of this Order if the Designating Party believes in good faith that such Discovery Material contains confidential, proprietary, or commercially or personally sensitive information.

4.2     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Receiving Party shall not disclose Confidential Material to any persons other than the following, to whom it may be disclosed only in connection with the Litigation:

(a)     The parties to this Litigation;

(b)     The Receiving Party's Outside Counsel of Record in this Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation;

(c)     The Receiving Party's officers, directors, in-house counsel, and employees to whom disclosure is reasonably necessary for this Litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)     Experts or consultants retained by the Receiving Party (including their employees, associates and support staff) to whom disclosure is reasonably necessary for this Litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)     Witnesses in this Litigation to whom disclosure is reasonably necessary for the purpose of prosecuting or defending against the claims in this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (g) The Court and its personnel as well as court reporters and the staff of court reporting services; and

    (h) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

  4.3 The persons identified in Section 4.2 shall, prior to obtaining access to Confidential Material, (i) be informed of the existence and terms of this Order, and (ii) be instructed that they are bound by its terms.

  4.4 Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be designated by the court reporter if and as directed in accordance with paragraph 6.5(d) below and may not be disclosed to anyone except as permitted under this Order.

**5. DESIGNATION AND USE OF HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY MATERIAL**

  5.1 <u>Designating Discovery Material "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY"</u>. Any Designating Party may designate any Discovery Material as Highly Confidential/Attorneys' Eyes Only Material pursuant to Section 6 of this Order if the Designating Party believes in good faith that the information or documents are entitled to confidential treatment, and that they qualify as "Highly Confidential/Attorneys' Eyes Only Material" pursuant to the terms of paragraph 2.4 above.

  5.2 Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Receiving Party shall not disclose Highly Confidential/Attorneys' Eyes Only Material to anyone except the following, to whom it may only be disclosed in connection with the Litigation:

      (a)      The Receiving Party's Outside Counsel of Record in this Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation;

      (b)      The Receiving Party's in-house counsel, as well as employees of said in-house counsel to whom it is reasonably necessary to disclose the information for this Litigation;

      (c)      Experts or consultants retained by the Receiving Party (including their employees, associates and support staff) to whom disclosure is reasonably necessary for this Litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

      (d)      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (e)      The Court and its personnel as well as court reporters and the staff of court reporting services; and

      (f)      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

5.3      The persons identified in Section 5.2 shall, prior to obtaining access to Highly Confidential/Attorneys' Eyes Only Material, (i) be informed of the existence and terms of this Order, and (ii) be instructed that they are bound by its terms.

**6.      MANNER AND TIMING OF DESIGNATING PROTECTED MATERIAL**

6.1      Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

6.2     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

6.3     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.4     Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly designated as Confidential Material or Highly Confidential/Attorneys' Eyes Only Material before the material is disclosed or produced.

6.5     Designation in conformity with this Order requires:

(a)     The Designating Party shall designate a document as Confidential Material or Highly Confidential/Attorneys' Eyes Only Material by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" on the face of the document and on each internal page designated as being or containing Protected Material. The Designating Party may watermark Protected Material using a digital or physical watermark if it so elects to do so.

(b)     The Designating Party shall make such designations at the time it first produces or otherwise disseminates such document to the parties.  Documents that are merely made available for inspection in response to a request for production of documents need not be marked with a Confidentiality Legend until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend

("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(c) With regard to affidavits, statements, written responses to requests for production of documents, and responses to interrogatories or requests for admissions, the appropriate Confidentiality Legend shall be placed on each page of any affidavit, set of written responses to requests for production of documents, or set of responses to interrogatories or requests for admissions that contains information deemed by the Designating Party to be Protected Material.

(d) With regard to testimony given in depositions, a Designating Party shall designate deposition transcripts or portions of deposition transcripts, including exhibits, that contain Protected Material by making a verbal statement to such effect on the record in the course of the deposition, or by written notification to the court reporter and to all parties within twenty (20) days following receipt of the transcript of such deposition and the exhibits thereto (or later with leave of Court or by agreement among the parties). If any deposition transcript or portion thereof, including exhibits, is designated as Protected Material, the reporter shall place the appropriate Confidentiality Legend on the original and each copy of the transcript, together with a statement identifying the pages of the deposition and/or the exhibits which are designated as Protected Material. The Designating Party shall inform the court reporter which sections are to be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" and shall convey to the reporter the appropriate Confidentiality Legend and format thereof.

(e) Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

6.6     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1     <u>Timing of Challenges</u>.  Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     <u>Form of Challenges</u>.  Any party may dispute any other party's designation of any Discovery Material as Protected Material by serving a written notice of objection ("Notice of Objection") to such designation upon the Designating Party, with copies to every other party.  The Notice of Objection shall specify the material or information (including an identification of each document by Bates number) that the objecting party (the "Challenging Party") believes is not properly designated and, for each document for which the designation is challenged, shall set forth the reasons why the designation is improper and should be removed.

7.3     <u>Meet and Confer</u>.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 5 business days of the date of service of the Notice of Objection. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  The Designating Party shall be permitted 5 business days from the date of the conference to do so.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.4     Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial Notice of Objection.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph.

7.5     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1     If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that party must:

   (a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  8.2 If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. NON-PARTIES' PROTECTED MATERIAL**

  9.1 The terms of this Order are applicable to information produced by a non-party in this action and designated as Protected Material.  Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

  9.2 In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

   (a) promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b)     promptly provide the non-party with a copy of the Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the non-party.

9.3     If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-party's confidential information responsive to the discovery request.  If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10.1     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**11.     INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

11.1     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.  A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**13.    DURATION OF ORDER AND DISPOSITION OF PROTECTED MATERIAL**

13.1    Even after final disposition of the Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

13.2     Within 60 days after the final disposition of this action, as defined in Section 13.1, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 13.1.

13.3     The Court will retain jurisdiction after the termination of this action to enforce the terms of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  December 3, 2014               ARIAS OZZELLO & GIGNAC LLP


                                       By:  */s/ J. Paul Gignac*
                                            J. Paul Gignac

                                       Attorneys for Plaintiff KELLY WILSON


DATED:  December 3, 2014               MUNGER, TOLLES & OLSON LLP


                                       By:  */s/ Kelly M. Klaus*
                                            Kelly M. Klaus

                                       Attorneys for Defendants

25223057.1                              -15-

CONFIDENTIALITY STIPULATION &
[PROPOSED] PROTECTIVE ORDER

THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., WALT DISNEY PICTURES, and WALT DISNEY MOTION PICTURES GROUP, INC.

PURSUANT TO STIPULATION, IT IS APPROVED AND SO ORDERED.

DATED: December 4, 2014

_____
JUDGE VINCE G. CHHABRIA
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Wilson v. The Walt Disney Company et al.*, No. 3:14-cv-01441. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and state: _____

Printed name: _____

Signature: _____

25223057.1