February 13, 2015

**VIA ECF**
The Hon. Vince Chhabria
United States District Judge
San Francisco Courthouse, Courtroom 4 – 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

> Re:   *Kelly Wilson v. The Walt Disney Company, et al.*, Case No. 3:14-cv-01441-VC,
>        Defendants' Responses to Plaintiff's Requests for Production

Your Honor:

   In compliance with paragraph 14 of Your Honor's January 8, 2015 Standing Order for Civil Cases, the parties to the above-referenced action hereby submit this joint letter regarding discovery disputes related to Defendants' responses to Plaintiff's Requests for Production that remain unresolved.

Respectfully submitted,

ARIAS OZZELLO & GIGNAC LLP                    MUNGER, TOLLES & OLSON LLP
LAW OFFICE OF J.A. TED BAER


_____/s/ J. Paul Gignac_____              _____/s/ Kelly M. Klaus_____
       J. Paul Gignac                                Kelly M. Klaus

   Attorneys for Plaintiff                        Attorneys for Defendants




   In accordance with Local Rule 5-1(i), the filer attests that each of the above signatories

have concurred in the filing of this document.


Dated: February 13, 2015          By:        /s/ J. Paul Gignac
                                      _____

                                              J. Paul Gignac

**PLAINTIFF'S POSITION**:

Plaintiff respectfully requests: (1) an order from the Court compelling production of documents sought in Requests for Production ("RFPs") Nos. 16, 18-21, 46, and 49-52 by a date certain; (2) an order from the Court ordering Defendants to produce documents held by Pixar.

Although Defendants claim that they have produced more than 72,000 pages of documents, most of these documents are emails and email attachments that have no relation at all to the *Frozen* teaser trailer. Defendants still have not provided categories of documents that can be found without search terms and that are critical to Plaintiff's case.

RFP Nos. 16 and 18-21 request, respectively: concept art, reference images, production notes, treatments and scripts, and production schedules. RFP No. 46 requests documents from a meeting held at Pixar that three Disney witnesses—Peter Del Vecho (producer of *Frozen*), John Lasseter (executive producer of *Frozen*), and Chris Buck (director of *Frozen*)—have identified as giving rise to the first discussions about Disney's *Frozen* teaser trailer. RFP Nos. 49-52 ask for documents related to registration of copyrights related to the *Frozen* teaser trailer, as well as documents related to how the various legal entities involved in this action are related. These documents are relevant and necessary to understand Defendants' creation of the *Frozen* teaser trailer, as well as Defendants' access to Plaintiff's short film *The Snowman*.

On 9/18/14, Plaintiff served 45 requests for production ("RFPs") (Exhibit 1).[1] Defendants served responses and objections on 10/24/14 (Exhibit 2), but no documents other than 40 pages consisting of emails related to "brainstorm" meeting notes. On 11/5/14, Plaintiff served an additional 8 RFPs (Exhibit 3). On 12/5/14, Defendants served responses and objections to Plaintiff's second set of RFPs (Exhibit 4).

Plaintiff met and conferred extensively with Defendants regarding their discovery responses and production of documents. Nonetheless, Defendants did not serve documents (besides the 40 pages of brainstorm meeting notes) until 11/13/14. On that date, Defendants served documents related to Plaintiff's job submissions to Defendants in anticipation of a 30(b)(6) deposition set to occur 4 days later regarding the same subject. On 11/14/14, during the meet and confer process regarding search terms, Plaintiff agreed to remove search terms related to RFPs 16 and 18-21 because Defendants' counsel represented that searches for these documents would be conducted manually. On 11/19/14, The Walt Disney Company made its "first production" consisting of three documents. On 11/24/14, Defendants produced one document relevant to the 30(b)(6) deposition that took place 7 days earlier.

On 11/26/14, Defendants stated: (1) they expected to begin and substantially conclude their production of emails and attachments during the week of December 5 (the date then set for the close of discovery) "or shortly thereafter;" and (2) Defendants may not complete production of "stand-alone documents (those not attached to emails)" until the first week of January. On 12/5/14, the date then set for completion of discovery, Defendants served responses and objections (Exhibit 4) and also served their first substantial production consisting of emails and email attachments on a hard drive received by Plaintiff on 12/8/14. Most of the files contained in Defendants' 12/5/14 production have nothing to do with the *Frozen* teaser trailer.

Plaintiff sent a letter to Defendants on 12/29/14 for the purpose of concluding the meet and confer process regarding both Defendants' responses to Plaintiff's First RFPs and Defendants' position that they would not produce documents or information held by subsidiary

---

[1] Each time Plaintiff served discovery requests on Defendants, Plaintiff served identical requests on all four Defendants. Plaintiff will only attach one copy of each request as exhibits.

Pixar. Plaintiff requested that Defendants produce all documents not already produced and amend their responses to state whether all documents have been produced. Defendants refused.

On 1/9/15, Plaintiff sent to Defendants a 21-page letter responding to Defendants' 12/29/14 reply letter to Plaintiff and addressing Defendants' 12/5/14 responses to Plaintiff's second RFPs (Exhibit 4). Plaintiff requested a pre-filing conference of counsel within 10 days pursuant to Local Rule 37-1. Defendants did not respond to Plaintiff's letter until 17 days later, and only after Plaintiff gave Defendants notice to prepare their portion of a discovery letter to the Court. Defendants' response confirmed that all working versions of the teaser trailer had been produced, but provided little resolution to any of the remaining issues raised by Plaintiff.

At 11:20 p.m. on 1/13/15, Defendants served 11,658 pages of documents via electronic file transfer, making it impossible for Plaintiff to utilize any of these documents for Mr. Lasseter's deposition the next morning at 9 a.m. On 1/22/15, Defendants produced 3 documents from Pixar relevant to the deposition of Pixar employees occurring two hours later the same day.

Defendants' Objections and Failure to Produce Documents

Defendants objected to every discovery request as "overly broad," "vague and ambiguous," and "not reasonably calculated to lead to the discovery of admissible evidence. "A recitation that the discovery request is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." *Hall v. Tehrani*, 2011 WL 3267759 at *1 (N.D. Cal. July 29, 2011) (citation and quotation marks omitted).

Plaintiff is requesting that Defendants produce documents in response to RFPs 16, 18-21, 46, and 49-52. These requests are relevant to this litigation. In the Ninth Circuit, "[r]elevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). "Information is relevant to the subject matter if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement." *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 506-507 (1947)). These requests are aimed at showing Defendants' access to Plaintiff's short film *The Snowman* as well as understanding how Defendants' teaser trailer was created. These topics go to the heart of this copyright infringement litigation.

"A party responding to a Rule 34 production request ... is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotation marks and citations omitted). "[A] reasonable inquiry into the factual basis of [a party's] discovery responses ... require[s], at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party]."). *Id.* at 190. Defendants have clearly not made any reasonable inquiry.

Request for Order that Defendants Produce Documents in the Possession of Pixar

Pixar, Inc. is a wholly-owned subsidiary of defendants The Walt Disney Company and Disney Enterprises, Inc. Although Defendants have produced documents in the possession of Defendants' other subsidiaries Walt Disney Animation Studios and Playdom, Defendants refuse—without explanation—to produce documents held by subsidiary Pixar. Defendants have an obligation to produce documents in the possession of nonparty entities that are under their control. *See Doe v. AT & T W. Disability Benefits Program*, 2012 WL 1669882, at *2 (N.D. Cal. May 14, 2012) ("Rule 34 obligates a party to produce relevant, non-privileged documents in its 'possession, custody, or control.' Fed.R.Civ.P. 34(a)(1). The Ninth Circuit defines 'control' over documents as 'the legal right to obtain [them] upon demand.' *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir.1999)).

Pixar is under Defendants' control, and Defendants have the ability to obtain documents from Pixar upon demand.  Article VI ("Covenants") of the Agreement and Plan of Merger by and among The Walt Disney Company, Lux Acquisition Corp. and Pixar, dated January 24, 2006 (the "Merger Agreement"), states that "the Company [Pixar] shall, and shall cause each of its Subsidiaries to, afford to Parent [The Walt Disney Company], […] reasonable access to all of the properties, personnel, books and records of the Company and its Subsidiaries […], and shall furnish promptly all information concerning the business, properties and personnel of the Company and its Subsidiaries as Parent may reasonably request."  (Section 6.7 ("Access to Information")  of  the  Merger  Agreement,  available  at http://www.sec.gov/Archives/edgar/data/1001039/000119312506012082/dex21.htm).

In addition to the Merger Agreement establishing The Walt Disney Company's right to access information and documents held by Pixar, other indicia of Defendants' control over Pixar include: (1) Pixar is a wholly-owned subsidiary of Defendants The Walt Disney Company and Disney Enterprises, Inc.; (2) Pixar's business address is registered with the California Secretary of State as 500 S. Buena Vista St., Burbank CA 91521—the same business address as all four Defendants in this case; (3) Pixar and Disney share numerous corporate officers and directors; (4) Pixar is represented in this case by Defendants' counsel; (5) Defendants have already produced some (but not all) documents held by Pixar; and (6) John Lasseter, Chief Creative Officer at both Walt Disney and Pixar Animation Studios, stated in his deposition as follows: "Pixar is part of The Walt Disney Company, so it's all covered under The Walt Disney Company, a wholly owned subsidiary."  (Deposition of John Lasseter, 13:20-22).

**DEFENDANTS' POSITION**:

Very little of Plaintiff's letter seeks to address the specific requests on which she moves to compel.  We address those requests below.  Before doing so, however, we briefly respond to Plaintiff's attempt to paint Defendants as deficient in responding to her discovery.

To start, Defendants early on provided to Plaintiff the complete set of the obviously most important documents in this case—minutes reflecting who said what at the brainstorming meetings at which the concept for the teaser trailer was developed, along with the storyboards created during that process—and made available for an early deposition the film's producer, Peter Del Vecho, to testify both generally and specifically to topics raised by Plaintiff's 30(b)(6) notice as to how this teaser trailer came to be and who was involved.  From there, we gathered documents from the 46 custodians most likely to have responsive material and from a central repository at Walt Disney Animation Studios where materials relating to the teaser trailer reside.  In all, we gathered from our custodians more than 7.5 million electronic documents, to which we then applied the date ranges and search terms that we negotiated with Plaintiff.  Here, Plaintiff insisted on the broad terms that resulted in us producing just over 72,000 pages of documents— and, by agreement, we reviewed those only for privilege, so it is not surprising that Plaintiff received many documents that, while containing the search terms she required and coming from the right custodians, ultimately had nothing to do with *Frozen* or the teaser trailer.  We also produced, of course, many gigabytes of video and animation files that reflect the complete development of the *Frozen* teaser trailer.  Naturally, simply gathering and processing that quantity of data took some time, as did the process of negotiating the search terms with Plaintiff's counsel which required a month unto itself.  Plaintiff's counsel were aware of all this as we were working on it with them over the many months.  And Plaintiff's complaints are for

naught: we produced the vast majority of the documents more than a month before Plaintiff deposed any witness other than Mr. Del Vecho.

Plaintiff deposed nine current and former employees of Defendants or Pixar.  Those depositions, unsurprisingly, focused largely on the same "brainstorming" minutes and storyboards we produced at the outset.  Plaintiff withdrew notices to depose six others, in most cases immediately before the depositions, meaning we had already invested in their preparation.

The result of all this discovery is zero evidence—none—that anyone involved with the process of creating the teaser trailer had access to, much less watched, Plaintiff's short film before the release of the trailer, or any other evidence that would support Plaintiff's claim of copyright infringement.

The requests that Plaintiff now brings to the Court's attention are ones for which nothing more remains to be done or that are not tailored to lead to the discovery of admissible evidence.

<u>Plaintiff's Specific Complaints and Requests Are Meritless.</u>

<u>RFPs 16 and 18-21</u>: We believe nothing more remains to be done.  Defendants have already conducted a reasonable search for such documents, identified both through the application of agreed-upon search parameters across their 46 custodians' electronic collections, and through a search of documents stored in a central repository at Walt Disney Animation Studios. It was from this same central repository that Defendants located and produced storyboards, working "versions" of the *Frozen* teaser trailer, animatics, a number of production notes, and other documents. Defendants agreed to conduct this additional manual collection for certain specified discovery requests, and have done so. Plaintiff should not be surprised to find that there is not a "script" for the *Frozen* teaser trailer, given that only one word is spoken: "Hello." There are, however, various documents in Defendants' production that summarize the giggles, gasps, grunts, and sneezes of the characters (*e.g.,* WDP_00038788).  Similarly, Plaintiff knows from deposition testimony that the characters of Olaf and Sven had already been created for the movie when work started on the teaser trailer, so it is unsurprising there are no "reference images" for these characters.

In one of their lengthy meet-and-confer letters, Plaintiff's counsel mused that "[t]here must be some production notes missing" from Defendants' production because "the notes that have been produced *merely* reflect brainstorming sessions." As explained, those brainstorming notes in fact cover the creative process for the teaser trailer from inception to conclusion; that explains why Plaintiff has spent so much time questioning witnesses about those notes at the depositions.  But more generally, we have also produced the 72,000 additional pages.  To the extent Plaintiff is suggesting that Defendants have an obligation to point to where in their production certain categories of documents can be found, she is wrong—Rule 34(b) is clearly written in the disjunctive, and Defendants have the option of producing documents as they are kept in the usual course of business.  Having done so, "the Rule imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular request to which they are responsive."  *MGP Ingredients, Inc. v. Mars, Inc*., 2007 WL 3010343, at *2 (D. Kan. Oct. 15, 2007).

<u>RFP 46</u>:  Plaintiff asked for every document relating to a 2012 conference at Pixar.  That conference was attended by the worldwide marketing teams for the Disney and Pixar studios. Three members of the Frozen creative team—John Lasseter, Peter Del Vecho, and Chris Buck (one of the directors)—all testified that at that conference international marketing personnel expressed a preference for teasers with minimal dialogue (reducing language translation issues) and physical comedy (which is a universal language).  No witness testified that anything specific

to the concept for this teaser trailer was discussed at that conference. Yet Plaintiff's counsel speculates that attendees at the 2012 conference might have developed a plot to copy *The Snowman* and, hence, their request for all documents related thereto.

Importantly, if any documents reflecting Plaintiff's theory existed, they would have been produced as a result of the electronic searches already conducted. To be clear, we have searched and produced the documents of Mr. Lasseter, Mr. Del Vecho, Mr. Buck, and two other individuals—David Sameth and Greg Coleman, the respective heads of marketing for The Walt Disney Company and Walt Disney Animation Studios, who also attended the conference. (Plaintiff noticed—but then withdrew—Mr. Sameth's deposition.) We do not believe anyone else involved in the *Frozen* teaser trailer was at the 2012 global marketing conference. It would therefore be unduly burdensome for us to conduct a broader search, including of those individuals located at offices around the world, about a conference that had absolutely nothing to do with Plaintiff's film.

<u>RFP 49</u>: This asks for documents concerning the registration of copyrights for the *Frozen* teaser trailer. Defendants did not file a copyright application with the U.S. Copyright Office for the *Frozen* teaser trailer, and therefore do not have any documents responsive to RFP No. 49.

<u>RFPs 50-52</u>: These requests concern documents showing the legal relationship between Defendants and Pixar (No. 50); between Defendants and Afterwork Films (No. 51); and between Pixar and Afterwork Films (No. 52). Afterwork Films is a Pixar subsidiary through which Pixar employees can produce independent works as part of "Pixar University," a continuing education program at that company. Pixar and Afterwork have the most tangential relevance to this case: several Pixar employees produced a short film, *Play by Play*, that was screened at a 2011 film festival in San Francisco along with *The Snowman*. Plaintiff speculated that the employees who attended the festival went back to work and helped plant an idea with Walt Disney Animation Studios to copy *The Snowman* for the teaser trailer. Plaintiff deposed two of the Pixar people involved with *Play by Play* (the director and executive producer), and cancelled two other depositions after it became apparent that they would not provide anything relevant to her allegation. Afterwork Films is a wholly-owned subsidiary of Pixar; Pixar is a wholly-owned subsidiary of Disney Enterprises, Inc.; and Disney Enterprises, Inc. is a wholly-owned subsidiary of The Walt Disney Company. Defendants provided Plaintiff with a signed statement from the Assistant Secretary of The Walt Disney Company certifying these legal relationships between Pixar, Afterwork Films, and Defendants, and further explaining the parent-subsidiary relationship between the Defendants: The Walt Disney Motion Pictures Group, Inc. and Walt Disney Pictures are both wholly-owned subsidiaries of Disney Enterprises, Inc., but as previously stated in discovery responses, they are not direct or indirect parents of Pixar or Afterwork Films. The signed certificate is clearly sufficient to show the legal relationship between these entities. Plaintiff's continued insistence on obtaining documents on this issue is an abuse of the discovery process.

<u>Plaintiff's Demand that Defendants Search Pixar</u>. Plaintiff raises this issue in all of her letters. Defendants set forth their position regarding Pixar in their portion of the joint letter concerning Plaintiff's motion to compel further responses to her requests to admit.

# EXHIBIT 1

J. Paul Gignac, State Bar No. 125676
Mischa N. Barteau, State Bar No. 274474
**ARIAS OZZELLO & GIGNAC LLP**
115 S. La Cumbre Lane, Suite 300
Santa Barbara, California 93105
Telephone: (805) 683-7400
Facsimile: (805) 683-7401
j.paul@aogllp.com
mbarteau@aogllp.com

J.A. Ted Baer, State Bar No. 135092
**LAW OFFICE OF J.A. TED BAER**
21 E. Canon Perdido Street, Suite 223
Santa Barbara, California 93101
Telephone: (805) 963-7177
Facsimile: (801) 730-2874
ted@tedbaerlaw.com

Attorneys for Plaintiff
Kelly Wilson

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY WILSON, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; WALT DISNEY PICTURES, a California corporation; WALT DISNEY MOTION PICTURES GROUP, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No. 3:14-cv-01441-VC<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE WALT DISNEY COMPANY**<br><br>Honorable Vince G. Chhabria |

PROPOUNDING PARTY:        Plaintiff

RESPONDING PARTY:         Defendant The Walt Disney Company

SET NO.:                  One

---

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

*ARIAS OZZELLO & GIGNAC LLP*

ARIAS OZZELLO & GIGNAC LLP

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff requests Defendant

2    The Walt Disney Company to produce for inspection and copying all of the documents and

3    things requested below, within 30 days following service.

4    Responses and documents should be produced to J. Paul Gignac at the law firm of

5    Arias Ozzello & Gignac LLP, 115 S. La Cumbre Lane, Suite 300, Santa Barbara, CA

6    93105.

7                                    **INSTRUCTIONS**

8    1.    YOUR responses shall set forth the Requests, and their answers, and shall

9    answer each Request separately and fully in writing under oath, or shall state fully the

10   grounds for refusing to answer ANY request.  The response shall be signed by YOU.

11   2.    These Requests are continuing in character.  YOU must promptly supplement

12   or amend YOUR responses pursuant to Federal Rule of Civil Procedure 26(e).

13   3.    In answering these Requests, if YOU encounter ANY ambiguities in

14   construing a question, instruction or definition, set forth the matter deemed ambiguous and

15   the construction used in responding.

16   4.    YOU are directed to produce ALL DOCUMENTS falling within the

17   categories described below as they are kept in the usual course of business or, alternatively,

18   to organize and label them to correspond to the categories in the Requests.

19   5.    Responsive electronic data, including email, email attachments, electronic

20   calendar entries, instant messages, and electronic DOCUMENTS stored on network drives

21   and on individual computers in YOUR possession, custody, or control should be produced

22   in the electronic form or forms in which such electronic data is ordinarily maintained and

23   which is reasonably usable.  If substantial responsive electronic data exists, contact

24   Plaintiff's counsel to discuss the most appropriate manner for storing and producing it (e.g.,

25   CD, DVD, or hard drive).

26   6.    All electronically-stored information should be provided in a form that

27   includes all data and metadata and states the computer hardware and software programs

28

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

1   needed to translate the information into readable and searchable form.

2       7.      All DOCUMENTS are to be produced, and all of these discovery requests are

3   to be answered, based upon everything available to YOU or in YOUR possession, custody,

4   control, or access—and from everything available or within the possession, custody,

5   control, or access of YOUR employees, officers, directors, agents, attorneys, consultants,

6   contractors, investigators, representatives, agents and any other PERSON acting for YOU

7   or on YOUR behalf or at YOUR request.

8       8.      If ANY privilege is claimed as to ANY DOCUMENT requested, state the

9   nature of the privilege or protection claimed and the basis for claiming the privilege or

10  protection as to each specific DOCUMENT.   In addition, for each DOCUMENT as to

11  which privilege or protection is claimed, identify in a Privileged Document Log: (a) the

12  type of DOCUMENT; (b) the date of the DOCUMENT; (c) the PERSON who prepared the

13  DOCUMENT; each PERSON (if ANY) who signed it; (d) each PERSON to whom it was

14  directed, circulated, or distributed; and (e) each PERSON now in possession of the

15  DOCUMENT or ANY identical or non-identical copy or version thereof.

16      9.      If YOU are unable to comply with a particular demand for production, YOU

17  are requested to affirm that a diligent search and a reasonable inquiry were made in an

18  attempt to comply with the demand.   YOU are also requested to specify whether YOU are

19  unable to comply because the items: (a) never existed; (b) have been destroyed; (c) have

20  been lost, misplaced, or stolen; or (d) have never been, or no longer are, in YOUR

21  possession or control; and (e) provide the name and address of ANY PERSON YOU know

22  or believe to have possession, custody, or control of the items.

23      10.     If ANY DOCUMENT called for by these Requests has been destroyed,

24  discarded, or otherwise disposed of, that DOCUMENT is to be identified in a Disposed

25  Document Log as completely as possible, INCLUDING the following information: date of

26  disposal, manner of disposal, reason(s) for disposal, PERSON(s) authorizing the disposal,

27  and the PERSON(s) disposing of the DOCUMENT.

ARIAS OZZELLO & GIGNAC LLP

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**DEFINITIONS**

As used in these Requests for Production, the terms set forth below shall have the following meanings.

1.     "ACTION" means the action styled *Kelly Wilson v. The Walt Disney Company et al.,* case number 3:14-cv-01441-VC, pending in the U.S. District Court for the Northern District of California.

2.     "COMPLAINT" refers to the complaint of plaintiff Kelly Wilson filed on March 28, 2014, in case number 3:14-cv-01441-VC, and any amendment thereto.

3.     "ANSWER" refers to the answer of defendant The Walt Disney Company filed on August 13, 2014, in case number 3:14-cv-01441-VC, and any amendments thereto.

4.     "YOU," "YOUR," and "DISNEY" means The Walt Disney Company, and all of its agents, subsidiaries, divisions, and related entities (and all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.), and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, suppliers, investigators, representatives, and any other person or entity acting for you or on your behalf, or at your request, and other persons acting or purporting to act on behalf of or at the request of any and all of the above entities and persons.

5.     "PLAINTIFF" shall mean plaintiff Kelly Wilson, and/or any persons or entities acting on her behalf or in concert with her, including but not limited to any and all of her agents, representatives, or attorneys.

6.     "*THE SNOWMAN*" refers to PLAINTIFF's animated short film that is the subject of the COMPLAINT.

7.     "*FROZEN* TEASER TRAILER" refers to the trailer for the feature length film *FROZEN*, INCLUDING ALL drafts, versions, and iterations thereof, and scenes constituting all or part of the *FROZEN* TEASER TRAILER, which is alleged in the COMPLAINT to infringe upon *THE SNOWMAN*.

8.     "*FROZEN*" refers to DISNEY's feature length animated motion picture

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

ARIAS OZZELLO & GIGNAC LLP

1    entitled *Frozen*, identified in paragraphs 2 and 3 of the COMPLAINT.

2        9.      "ALL" means "any and all," and the word "ANY" means "any and all."

3        10.     "DOCUMENT" means and refers to ALL things that come within the

4    definition of "document" contained in Federal Rule of Civil Procedure 34(a) and/or within

5    the definitions of writings, recordings and photographs contained in Federal Rule of

6    Evidence 1001, INCLUDING, without limitation:   documents of ANY kind, however

7    reproduced and however transcribed; existing and deleted electronic mail ("email"),

8    INCLUDING forwarded messages, replies, copies, blind copies, attachments of ANY kind

9    thereto, and ALL associated electronic metadata; existed or deleted electronic instant

10   messages ("IMs") sent or received using ANY instant messaging software of ANY kind,

11   INCLUDING IM strings; electronic recordings of ANY kind, INCLUDING optically

12   scanned documents, portable document format files ("PDFs"), computer program files, data

13   files, and/or source code; photographs or other visual or audio-visual recordings of ANY

14   kind, INCLUDING still or motion pictures, microfilm, microfiche, videotapes, DVDs, Blu-

15   ray, or laser discs; sound recordings of ANY kind, INCLUDING voice mail, cassettes,

16   microcassettes, or compact discs; and ANY of the foregoing constituting, repeating, or

17   reflecting ANY COMMUNICATION, as that term is defined herein.  "DOCUMENT" also

18   includes ALL drafts of, iterations, amendments, supplements to, and attachments to ANY

19   of the foregoing whether prepared by YOU or by ANY other PERSON, as well as ANY

20   copies that differ from the copy being produced (e.g., a copy that contains handwritten

21   notes, highlighting, interlineation, underlining, a "redline," or the like).

22

23       11.     The terms "and/or", "or" and "and" are used inclusively, not exclusively.

24       12.     "COMMUNICATION" means ANY and ALL communications of ANY kind,

25   INCLUDING ANY and ALL conversations, discussions, inquiries, correspondence, notes

26   (handwritten or otherwise), message slips, logs, email (or other similar electronic

27   communication), or other such transmittal of information, whether written, oral, or by ANY

28   other means.  The word "COMMUNICATION" also means internal communications.

ARIAS OZZELLO & GIGNAC LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

13.    "PUBLISH," "PUBLISHED" or other forms of the same means to make content available to the general public, consistent with the definition of "publication" in 17 U.S.C. § 101.

14.    "HOME VIDEO" means pre-recorded content that is either sold or rented for home viewing, INCLUDING formats such as DVD, Blu-ray, and digital streaming or digital download.

15.    "RELATE," "RELATING," "RELATION" or other forms of the same shall be interpreted in the broadest sense to mean refer, relate, comment upon, concern, consist of, contain, constitute, contradict, describe, disclose, discuss, dispute, evidence, explain, identify, indicate, involve, memorialize, mention, negate, pertain to, record, reference, reflect, refute, show, summarize, support, suggest, undermine, arise out of, touch upon, or otherwise be connected with in any way to the subject matter indicated.

16.    "INCLUDING" means including, but not limited to.

17.    "PERSON" means and refers to ANY natural person or entity, INCLUDING partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of ANY kind, and ANY agent of the foregoing.

18.    The singular includes the plural and vice versa.  The past tense includes the present tense and vice versa.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

ALL DOCUMENTS identified in paragraph 2 of YOUR Rule 26 initial disclosures.

### REQUEST NO. 2:

ALL DOCUMENTS RELATING to the insurance policy identified in paragraph 4 of YOUR Rule 26 initial disclosures and ANY other insurance policy that may be applicable to the claims alleged in this ACTION.

ARIAS OZZELLO & GIGNAC LLP

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST NO. 3:**

ALL DOCUMENTS RELATING to the creation, development, production and marketing of the *FROZEN* TEASER TRAILER.

**REQUEST NO. 4:**

ALL DOCUMENTS RELATING to the timeline for the creation, development, production, and marketing of the *FROZEN* TEASER TRAILER.

**REQUEST NO. 5:**

ALL DOCUMENTS RELATING to the source(s) of inspiration and ideas for the *FROZEN* TEASER TRAILER.

**REQUEST NO. 6:**

ALL DOCUMENTS RELATING to COMMUNICATIONS with ANY PERSON RELATING to the creation, development, production and marketing of the *FROZEN* TEASER TRAILER.

**REQUEST NO. 7:**

ALL DOCUMENTS RELATING to YOUR decision to create, develop, produce and PUBLISH the *FROZEN* TEASER TRAILER.

**REQUEST NO. 8:**

ALL DOCUMENTS RELATING to the date on which YOU first became aware of *THE SNOWMAN*.

**REQUEST NO. 9:**

ALL DOCUMENTS RELATING to the date on which YOU first became aware of any indication, warning, allegation or suggestion that the *FROZEN* TEASER TRAILER is or may be similar to *THE SNOWMAN*.

**REQUEST NO. 10:**

ALL versions of the *FROZEN* TEASER TRAILER.

**REQUEST NO. 11:**

ALL DOCUMENTS RELATING to the reason(s) that the *FROZEN* TEASER

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

1    TRAILER did not appear in the PUBLISHED version of *FROZEN*.

2    **REQUEST NO. 12:**

3        ALL DOCUMENTS RELATING to the reason(s) that the *FROZEN* TEASER

4    TRAILER is included on the *FROZEN* HOME VIDEO.

5    **REQUEST NO. 13:**

6        ALL DOCUMENTS RELATING to the reason(s) that a still image from the

7    *FROZEN* TEASER TRAILER is featured on the packaging of the *FROZEN* HOME

8    VIDEO.

9    **REQUEST NO. 14:**

10        ALL DOCUMENTS RELATING to the test marketing of the *FROZEN* TEASER

11   TRAILER, INCLUDING ALL DOCUMENTS RELATING to focus group screenings.

12   **REQUEST NO. 15:**

13        ALL storyboards, INCLUDING ALL iterations of storyboards, RELATING to the

14   *FROZEN* TEASER TRAILER.

15   **REQUEST NO. 16:**

16        ALL concept art, INCLUDING ALL iterations of concept art, RELATING to the

17   *FROZEN* TEASER TRAILER.

18   **REQUEST NO. 17:**

19        ALL animatics, INCLUDING ALL iterations of animatics, RELATING to the

20   *FROZEN* TEASER TRAILER.

21   **REQUEST NO. 18:**

22        ALL reference images and/or reference motion pictures used in RELATION to the

23   *FROZEN* TEASER TRAILER.

24   **REQUEST NO. 19:**

25        ALL production notes RELATING to the *FROZEN* TEASER TRAILER.

26   **REQUEST NO. 20:**

27        ALL rough concept scripts, treatments, and scripts, including ALL iterations

28

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

ARIAS OZZELLO & GIGNAC LLP

1   thereof, RELATING to the *FROZEN* TEASER TRAILER.

2   **REQUEST NO. 21:**

3       ALL production schedules RELATING to the *FROZEN* TEASER TRAILER.

4   **REQUEST NO. 22:**

5       ALL DOCUMENTS RELATING to COMMUNICATIONS with ANY PERSON

6   RELATING to the *FROZEN* TEASER TRAILER.

7   **REQUEST NO. 23:**

8       ALL DOCUMENTS RELATING to COMMUNICATIONS with any PERSON

9   RELATING to *THE SNOWMAN*.

10  **REQUEST NO. 24:**

11      ALL DOCUMENTS RELATING to COMMUNICATIONS with ANY PERSON

12  RELATING to PLAINTIFF.

13  **REQUEST NO. 25:**

14      ALL DOCUMENTS RELATING to COMMUNICATIONS with ANY PERSON

15  RELATING to Neil Wrischnik.

16  **REQUEST NO. 26:**

17      ALL DOCUMENTS RELATING to any individual identified in the credits of *THE*

18  *SNOWMAN*, including: Kelly Wilson, Neil Wrischnik, Arturo Lindberg, Dan Phillips, Andy

19  Ristaino, Carlos Joy, Jason Roberts, Ryan Jones, Benjamin Jelter, Michael Yessian, Andy

20  Grush, Dan Zank, Erik Schuiten, Rondy Stowell, Michael Braverman, James Horner, PJ

21  Koll, Chris Green, Jolene Wright, Richard Quan, Ali Plansky, Nick Brown, Jeff Goodby,

22  Rich Silverstein, Andy Ruben, Miriam Rayevsky, Kimon Flanagan, Tim McMahon, Kevin

23  Bagley, Brandon Loper, Gary Nueman, and Joey Mercado.

24

25  **REQUEST NO. 27:**

26      ALL DOCUMENTS RELATING to YOUR review and/or evaluation of *THE*

27  *SNOWMAN*.

28

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

ARIAS OZZELLO & GIGNAC LLP

**ARIAS OZZELLO & GIGNAC LLP**

**REQUEST NO. 28:**

ALL DOCUMENTS RELATING to ALL COMMUNICATIONS between PLAINTIFF and DISNEY.

**REQUEST NO. 29:**

ALL DOCUMENTS RELATING to ALL COMMUNICATIONS between Neil Wrischnik and DISNEY.

**REQUEST NO. 30:**

ALL DOCUMENTS RELATING to ANY visits by DISNEY to ANY film festivals, seminars, conferences and/or forums in which *THE SNOWMAN* appeared.

**REQUEST NO. 31:**

ALL DOCUMENTS that PLAINTIFF provided, sent, or gave to DISNEY.

**REQUEST NO. 32:**

ALL DOCUMENTS that Neil Wrischnik provided, sent, or gave to DISNEY.

**REQUEST NO. 33:**

ALL DOCUMENTS RELATING to ANY investigation and/or review by or on behalf of DISNEY into the copyrightability of the *FROZEN* TEASER TRAILER.

**REQUEST NO. 34:**

ALL DOCUMENTS RELATING to comments and/or inquiries from ANY PERSON RELATED to the originality of the *FROZEN* TEASER TRAILER.

**REQUEST NO. 35:**

ALL DOCUMENTS RELATING to ANY instance of confusion, mistake, or association, which has or may have occurred between *THE SNOWMAN* and the *FROZEN* TEASER TRAILER, INCLUDING DOCUMENTS which identify each PERSON with knowledge of such instance.

**REQUEST NO. 36:**

ALL DOCUMENTS RELATING to the assertion in the Second Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands."

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST NO. 37:**

ALL DOCUMENTS RELATING to the assertion in the Third Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel."

**REQUEST NO. 38:**

ALL DOCUMENTS RELATING to the assertion in the Fourth Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver."

**REQUEST NO. 39:**

ALL DOCUMENTS RELATING to the assertion in the Fifth Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence."

**REQUEST NO. 40:**

ALL DOCUMENTS RELATING to the assertion in the Sixth Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of merger."

**REQUEST NO. 41:**

ALL DOCUMENTS RELATING to the assertion in the Seventh Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, because the elements that Plaintiff alleges were infringed are unprotectable *scènes à faire*."

**REQUEST NO. 42:**

ALL DOCUMENTS RELATING to the assertion in the Eighth Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, because the elements that Plaintiff alleges were infringed were not Plaintiff's original expression."

**REQUEST NO. 43:**

ALL DOCUMENTS RELATING to the assertion in the Ninth Affirmative Defense of the ANSWER that "Plaintiff has not sustained any injury or damage by reason of any act or omission by Defendants."

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST NO. 44:**

    A Privilege Document Log prepared in conformance with Instruction No. 8 above.

**REQUEST NO. 45:**

    A Disposed Document Log prepared in conformance with Instruction No. 10 above.

Dated:  September 18, 2014          ARIAS OZZELLO & GIGNAC LLP

By: _____
       J. Paul Gignac
       Mischa N. Barteau

       LAW OFFICE OF J.A. TED BAER
       J.A. Ted Baer

       Attorneys for Plaintiff
       Kelly Wilson

ARIAS OZZELLO & GIGNAC LLP

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the State of California, County of Santa Barbara.  I am over the age of 18 and not a party to the within suit; my business address is 115 S. La Cumbre Lane, Suite 300, Santa Barbara, California 93105.

On September 18, 2014, I served the document described as:

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE WALT DISNEY COMPANY**

on the interested parties in this action by sending [ ] the original [or] [✔] a true copy thereof to interested parties as follows:

Kelly Klaus  -  Kelly.Klaus@mto.com
Jordan Segall  -  Jordan.Segall@mto.com
Erin Cox -  erin.cox@mto.com

*Attorneys for Defendants*

J. Paul Gignac -  j.paul@aogllp.com
Mischa Barteau  -  mbarteau@aogllp.com
J.A. Ted Baer  -  jatedbaer@gmail.com

*Attorneys for Plaintiff*

[  ]   **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Santa Barbara, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Santa Barbara, CA.

[  ]   **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action from Santa Barbara, California.

[✔ ]   **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail addresses of record in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **September 18, 2014** at Santa Barbara, California.

Jessica Hernandez
Type or Print Name                                    Signature

ARIAS OZZELLO & GIGNAC LLP

# EXHIBIT 2

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ERIN J. COX (State Bar No. 267954)
erin.cox@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY WILSON,<br><br>                Plaintiff,<br><br>        v.<br><br>THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., WALT DISNEY PICTURES, and WALT DISNEY MOTION PICTURES GROUP, INC.,<br><br>                Defendants. | Case No. 3:14-cv-01441-VC<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Judge:    Hon. Vince G. Chhabria |

24950430.3

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants The Walt Disney

2  Company; Disney Enterprises, Inc.; Walt Disney Pictures; and Walt Disney Motion Pictures

3  Group, Inc. (collectively, "Defendants") respond and object as follows to Plaintiff Kelly Wilson's

4  First Set of Requests for Production (the "Requests"):

5                                    **PREFATORY STATEMENT**

6    Defendants have not completed their investigation relating to this action, have not

7  completed discovery, and have not completed preparation for trial.  These responses are limited to

8  the information known to Defendants at this time and do not constitute a waiver of their right to

9  introduce additional documents, facts, or evidence at trial or otherwise.  A response stating that

10  documents will be produced should not be construed as a representation that such documents exist.

11  Defendants reserve the right to alter or to supplement these responses as additional information

12  becomes known to them, but undertake no obligation to do so beyond the obligations imposed by

13  the Federal Rules of Civil Procedure and the Local Rules of this Court.

14                                    **GENERAL OBJECTIONS**

15    1.    Defendants object to the Requests, including the definitions and instructions set

16  forth therein, to the extent that they purport to impose requirements that are inconsistent with, or

17  beyond those contemplated by, the Federal Rules of Civil Procedure, the Local Rules of this

18  Court, or other applicable rule or law.  Defendants will construe and respond to the Requests in

19  accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules of this

20  Court, and other applicable authority.

21    2.    Defendants object to each and every request on the grounds and to the extent that it

22  seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, the

23  joint-defense privilege, the common-interest privilege, or any other applicable privilege,

24  immunity, or protection.  Defendants intend to and do claim all such privileges and protections,

25  and inadvertent disclosure of privileged or protected documents or portions thereof shall not give

26  rise to a waiver of any privilege or protection.  Defendants reserve the right to request the return of

27  any privileged or protected document that is inadvertently produced.  Further, Defendants object

28  to producing or identifying on a privilege log any documents that are protected by the attorney

-1-

1    work-product doctrine and that post-date the filing of the Complaint in this action, on the grounds

2    that such identification would itself tend to reveal attorney work product and is unduly

3    burdensome.  Defendants interpret the scope of the Requests to exclude such "post-litigation"

4    documents, and accordingly, such documents will not be produced or identified.

5          3.       Defendants object to each and every request to the extent it seeks disclosure of

6    confidential, proprietary, competitively sensitive, or financial information of Defendants, their

7    affiliates or employees, or any third party, on the grounds that such request is overly broad, unduly

8    burdensome, oppressive, and invasive of privacy rights protected by the federal and state

9    Constitutions, statutes, and common law.  Defendants will not produce any such information

10   except pursuant to a confidentiality protective order that provides appropriate protections for such

11   information, including "Highly Confidential" treatment for appropriately designated documents.

12         4.       Defendants object to each and every request as overly broad, unduly burdensome,

13   and oppressive to the extent it (a) calls for information or documents that are not in Defendants'

14   possession, custody, or control; (b) would require Defendants to create documents not currently in

15   their possession, custody, or control; (c) calls for information or documents that are available from

16   a more convenient, more efficient, less burdensome, or less expensive source than Defendants or

17   through a more convenient, more efficient, less burdensome, or less expensive means than

18   Plaintiff's requests; or (d) purports to require the production of documents that are public, or

19   already in Plaintiff's possession, custody, or control.  Defendants further object to each and every

20   request to the extent it purports to seek the discovery of information or documents that are in the

21   possession, custody, or control of Defendants' parents, affiliates, or subsidiaries that have

22   corporate identities separate and apart from that of Defendants, on the grounds that such

23   information and documents are not in Defendants' possession, custody, or control.

24         5.       Defendants object to each and every request as overly broad, unduly burdensome,

25   and oppressive to the extent it seeks "all documents" related to certain topics.  Given the scope of

26   Defendants' businesses, it would be unreasonable, oppressive, and unduly burdensome to require

27   Defendants to conduct a search of all files (including electronic files) in their possession, custody,

28   or control.  Defendants object to each and every request as overly broad, unduly burdensome, and

-2-

oppressive to the extent it purports to require Defendants to conduct anything beyond a reasonable and diligent search for readily accessible files (including electronic files) from readily identifiable and accessible central sources (including electronic sources) using agreed-upon search terms where responsive documents reasonably would be expected to be found.  Defendants also object to each and every request to the extent it purports to require Defendants to search for and produce information that is not maintained in central paper or electronic files by or on behalf of core team members believed to have had significant and primary involvement in relevant matters pertaining to the subject matter of the action.  This paragraph describes the maximum extent of what Defendants consider to be their obligations to attempt to locate responsive documents.  To the extent Defendants commit to produce documents herein that they are able to locate pursuant to a reasonable search and a diligent inquiry, Defendants mean reasonable search and diligent inquiry as described in this paragraph.

6.      Defendants object to each and every request to the extent it purports to seek documents from all sources without limitation as to timeframe.  To the extent Defendants agree to produce documents in response to a particular request, they will do so from a timeframe that is reasonable, taking into account the nature and scope of the individual request.  Defendants will meet and confer with Plaintiff and will search and produce responsive, non-privileged documents for a relevant time period.

7.      Defendants object to each and every request as overly broad and unduly burdensome to the extent it (a) purports to require Defendants to undertake a search for, and to produce, electronically stored information that is stored on inactive systems, backup tapes, or other media that are no longer part of Defendants' normal business operations, (b) would otherwise impose unreasonable search costs and burdens, or (c) would exceed Defendants' obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court.

8.      Defendants' responses and objections shall not waive or prejudice any objections Defendants may later assert, including but not limited to objections as to competency, relevance, materiality, or admissibility of any document in this action, including at trial.

9.      Defendants object to Instruction 2 on the grounds, and to the extent that, it purports to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Defendants will comply with their obligations under Federal Rule of Civil Procedure 26(e).

10.     Defendants object to Instruction 3 on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and seeks to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

11.     Defendants object to Instructions 4, 5, and 6 on the grounds, and to the extent that, they purport to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

12.     Defendants object to Instruction 7 on the grounds that it misstates the law and purports to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

13.     Defendants object to Instruction 8 on the grounds, and to the extent that, it seeks to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  To the extent that Defendants withhold a document on privilege grounds, they will log the document in accordance with the Federal Rules of Civil Procedure.  Defendants will not log privileged documents relating to this litigation that post-date the filing of Plaintiff's Complaint in this action.

14.     Defendants object to Instruction 9 on the grounds that it purports to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

15.     Defendants object to Instruction 10 on the grounds that it purports to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

16.     Defendants object to Definition 4 ("YOU," "YOUR," and "DISNEY"), and to each and every request containing any of these terms, on the grounds that they are vague, ambiguous,

1    overly broad, and unduly burdensome.  Defendants construe these terms to refer to themselves.

2    To the extent Defendants' responses and objections herein use these terms, they are used as

3    construed herein.

4            17.    Defendants object to Definition 5 ("PLAINTIFF"), and to each and every request

5    containing this term, on the grounds that they are vague, ambiguous, overly broad, and unduly

6    burdensome.  Defendants further object to Definition 5 to the extent it purports to require

7    Defendants to speculate as to the identity of "persons or entities acting on [PLAINTIFF's] behalf

8    or in concert with her."  Defendants will construe this term to refer to the plaintiff in this action,

9    Kelly Wilson.  To the extent Defendants' responses and objections herein use this term, it is used

10   as construed herein.

11           18.    Defendants object to Definition 7 ("*FROZEN* TEASER TRAILER"), and to each

12   and every request containing this term, on the grounds that they are overly broad, unduly

13   burdensome, and vague and ambiguous insofar as the term is circularly defined by reference to

14   "scenes constituting all or part of the *FROZEN* TEASER TRAILER."  Defendants will construe

15   this term to refer to the 3D computer animated teaser trailer for the feature-length motion picture

16   produced by Defendants and entitled *"Frozen*."  To the extent Defendants' responses and

17   objections herein use this term, it is used as construed herein.

18           19.    Defendants object to Definition 9 (redefining "ALL" and "ANY" to mean "any and

19   all"), and to each and every request containing either term or both terms, on the grounds that they

20   are vague, ambiguous, and unintelligible.  Defendants will give these terms their plain English

21   meanings.  To the extent Defendants' responses and objections herein use these terms, they are

22   used as construed herein.

23           20.    Defendants object to Definition 10 ("DOCUMENT"), and to each and every

24   request containing this term, to the extent it is defined by reference to the term

25   "COMMUNICATION," on the same grounds on which Defendants object to the term

26   "COMMUNICATION."   Defendants will construe "DOCUMENT" in accordance with the

27   Federal Rules of Civil Procedure and the Local Rules of this Court.  To the extent Defendants'

28   responses and objections herein use this term, it is used as construed herein.

21.     Defendants object to Definition 12 ("COMMUNICATION"), and to each and every request containing this term, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  Defendants will give this term its plain English meaning.  To the extent Defendants' responses and objections herein use this term, it is used as construed herein.

22.     Defendants object to Definition 14 ("HOME VIDEO"), and to each and every request containing this term, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  Defendants will construe this term to refer to the DVD of the feature-length motion picture produced by Defendants and entitled "*Frozen*."  To the extent Defendants' responses and objections herein use this term, it is used as construed herein.

23.     Defendants object to Definition 15 ("RELATE," "RELATING," and "RELATION"), and to each and every request containing any of these terms, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome, and to the extent they require Defendants to speculate as to whether documents "relate" the topic specified.  Defendants will construe these terms in accordance with their plain English meanings.  To the extent Defendants' responses and objections herein use these terms, they are used as construed herein.

24.     Defendants object to Definition 18 (redefining the singular to include the plural (and vice versa), and the past tense to include the present tense (and vice versa)), on the grounds that it is vague and ambiguous, and renders each of the requests vague and ambiguous.  Defendants will construe singular words to be singular, plural words to be plural, past tense words to be past tense, and present tense words to be present tense.  To the extent Defendants' responses and objections herein use singular, plural, past tense, or present tense words, they are used as construed herein.

## **SPECIFIC OBJECTIONS AND RESPONSES**

Without waiving, but on the contrary, specifically incorporating into the specific responses below, the Prefatory Statement and General Objections set forth above, Defendants respond as follows to the individual requests:

REQUEST NO. 1:

ALL DOCUMENTS identified in paragraph 2 of YOUR Rule 26 initial disclosures.

RESPONSE TO REQUEST NO. 1:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this request as unduly burdensome and to the extent that it seeks documents that are already in Plaintiff's possession, publicly available, or otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants.

Subject to and without waiver of the foregoing objections, and subject to the entry of an appropriate protective order and/or agreement of counsel protecting confidentiality pending the entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon custodians with agreed-upon search terms, and will produce responsive, non-privileged documents, if any, in their possession from the relevant time period that are responsive to this request and are relevant to the liability phase of this action.

REQUEST NO. 2:

ALL DOCUMENTS RELATING to the insurance policy identified in paragraph 4 of YOUR Rule 26 initial disclosures and ANY other insurance policy that may be applicable to the claims alleged in this ACTION.

RESPONSE TO REQUEST NO. 2:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, and subject to entry of an appropriate protective order and/or agreement of counsel protecting confidentiality pending the entry of such an order, Defendants will produce for inspection a copy of the insurance policy identified in paragraph 4 of their Rule 26 initial disclosures.

REQUEST NO. 3:

ALL DOCUMENTS RELATING to the creation, development, production and marketing of the *FROZEN* TEASER TRAILER.

1  RESPONSE TO REQUEST NO. 3:

2        Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3  further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

4  irrelevant information that is not reasonably calculated to lead to the discovery of admissible

5  evidence relevant to the liability phase of this action (*i.e.,* documents concerning the marketing of

6  the *Frozen* teaser trailer).  Defendants further specifically object to this request to the extent it

7  seeks information protected from disclosure by the attorney-client privilege, work-product

8  immunity, or any other applicable privilege, protection, or immunity from disclosure.

9        Subject to and without waiver of the foregoing objections, and subject to entry of an

10  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

11  entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

12  custodians with agreed-upon search terms to narrow the scope of this request to documents

13  reasonably related to the allegations and defenses relevant to the liability phase of this action.  In

14  accordance with such narrowing, Defendants will produce responsive, non-privileged documents,

15  if any, in their possession from the relevant time period that are responsive to this request and are

16  relevant to the liability phase of this action.

17  REQUEST NO. 4:

18        ALL DOCUMENTS RELATING to the timeline for the creation, development,

19  production, and marketing of the *FROZEN* TEASER TRAILER.

20  RESPONSE TO REQUEST NO. 4:

21        Defendants incorporate their Prefatory Statement and General Objections.  Defendants

22  further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

23  irrelevant information that is not reasonably calculated to lead to the discovery of admissible

24  evidence relevant to the liability phase of this action (*i.e.,* documents concerning the marketing of

25  the *Frozen* teaser trailer).  Defendants further specifically object to this request to the extent it

26  seeks information protected from disclosure by the attorney-client privilege, work-product

27  immunity, or any other applicable privilege, protection, or immunity from disclosure.

28

1    Subject to and without waiver of the foregoing objections, and subject to entry of an

2   appropriate protective order and/or agreement of counsel protecting confidentiality pending the

3   entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

4   custodians with agreed-upon search terms to narrow the scope of this request to documents

5   reasonably related to the allegations and defenses relevant to the liability phase of this action.  In

6   accordance with such narrowing, Defendants will produce responsive, non-privileged documents,

7   if any, in their possession from the relevant time period that are responsive to this request and are

8   relevant to the liability phase of this action.

9   REQUEST NO. 5:

10    ALL DOCUMENTS RELATING to the source(s) of inspiration and ideas for the

11   *FROZEN* TEASER TRAILER.

12   RESPONSE TO REQUEST NO. 5:

13    Defendants incorporate their Prefatory Statement and General Objections.  Defendants

14   further object to this request on the grounds that is it overly broad and unduly burdensome.

15   Defendants further specifically object to this request to the extent it seeks information protected

16   from disclosure by the attorney-client privilege, work-product immunity, or any other applicable

17   privilege, protection, or immunity from disclosure.

18    Subject to and without waiver of the foregoing objections, and subject to entry of an

19   appropriate protective order and/or agreement of counsel protecting confidentiality pending the

20   entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

21   custodians with agreed-upon search terms, and will produce responsive, non-privileged

22   documents, if any, in their possession from the relevant time period that are responsive to this

23   request and are relevant to the liability phase of this action.

24   REQUEST NO. 6:

25    ALL DOCUMENTS RELATING to COMMUNICATIONS with ANY PERSON

26   RELATING to the creation, development, production and marketing of the *FROZEN* TEASER

27   TRAILER.

28

-9-

1   RESPONSE TO REQUEST NO. 6:

2       Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3   further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

4   irrelevant information that is not reasonably calculated to lead to the discovery of admissible

5   evidence relevant to the liability phase of this action (*i.e.*, documents concerning the marketing of

6   the *Frozen* teaser trailer).  Defendants further specifically object to this request to the extent it

7   seeks information protected from disclosure by the attorney-client privilege, work-product

8   immunity, or any other applicable privilege, protection, or immunity from disclosure.

9       Subject to and without waiver of the foregoing objections, and subject to entry of an

10  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

11  entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

12  custodians with agreed-upon search terms to narrow the scope of this request to documents

13  reasonably related to the allegations and defenses relevant to the liability phase of this action.  In

14  accordance with such narrowing, Defendants will produce responsive, non-privileged documents,

15  if any, in their possession from the relevant time period that are responsive to this request and are

16  relevant to the liability phase of this action.

17  REQUEST NO. 7:

18      ALL DOCUMENTS RELATING to YOUR decision to create, develop, produce and

19  PUBLISH the *FROZEN* TEASER TRAILER.

20  RESPONSE TO REQUEST NO. 7:

21      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

22  further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

23  irrelevant information that is not reasonably calculated to lead to the discovery of admissible

24  evidence relevant to the liability phase of this action.  Defendants further specifically object to this

25  request to the extent it seeks information protected from disclosure by the attorney-client privilege,

26  work-product immunity, or any other applicable privilege, protection, or immunity from

27  disclosure.

28

1    Subject to and without waiver of the foregoing objections, and subject to entry of an

2  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

3  entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

4  custodians with agreed-upon search terms to narrow the scope of this request to documents

5  reasonably related to the allegations and defenses relevant to the liability phase of this action.  In

6  accordance with such narrowing, Defendants will produce responsive, non-privileged documents,

7  if any, in their possession from the relevant time period that are responsive to this request and are

8  relevant to the liability phase of this action.

9  REQUEST NO. 8:

10    ALL DOCUMENTS RELATING to the date on which YOU first became aware of THE

11  SNOWMAN.

12  RESPONSE TO REQUEST NO. 8:

13    Defendants incorporate their Prefatory Statement and General Objections.  Defendants

14  further specifically object to this request to the extent it seeks information protected from

15  disclosure by the attorney-client privilege, work-product immunity, or any other applicable

16  privilege, protection, or immunity from disclosure.

17    Subject to and without waiver of the foregoing objections, and subject to entry of an

18  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

19  entry of such an order, Defendants will produce correspondence from Plaintiff responsive to this

20  request. Defendants will also meet and confer with Plaintiff and will search agreed-upon

21  custodians with agreed-upon search terms, and will produce responsive, non-privileged

22  documents, if any, in their possession from the relevant time period that reference Plaintiff's work.

23  REQUEST NO. 9:

24    ALL DOCUMENTS RELATING to the date on which YOU first became aware of any

25  indication, warning, allegation or suggestion that the *FROZEN* TEASER TRAILER is or may be

26  similar to THE SNOWMAN.

27

28

DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
3:14-CV-01441-VC

1  RESPONSE TO REQUEST NO. 9:

2       Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3  further object to this request on the grounds that it is overly broad and unduly burdensome, and

4  vague and ambiguous as to the phrase "any indication, warning, allegation or suggestion."

5  Defendants further object to this request to the extent it calls for a legal conclusion. Defendants

6  further specifically object to this request to the extent it seeks information protected from

7  disclosure by the attorney-client privilege, work-product immunity, or any other applicable

8  privilege, protection, or immunity from disclosure.

9       Subject to and without waiver of the foregoing objections, and subject to entry of an

10  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

11  entry of such an order, Defendants will produce correspondence from Plaintiff responsive to this

12  request. Defendants will also meet and confer with Plaintiff and will search agreed-upon

13  custodians with agreed-upon search terms, and will produce responsive, non-privileged

14  documents, if any, in their possession from the relevant time period that reference Plaintiff's work.

15  REQUEST NO. 10:

16       ALL versions of the *FROZEN* TEASER TRAILER.

17  RESPONSE TO REQUEST NO. 10:

18       Defendants incorporate their Prefatory Statement and General Objections. Defendants

19  further object to this request on the grounds that it is overly broad, unduly burdensome, vague and

20  ambiguous in its use of the undefined term "versions," and seeks information which is publicly

21  available at https://www.youtube.com/watch?v=S1x76DoACB8.  Defendants further object to this

22  request to the extent it is duplicative of Request no. 3, above.  Defendants further specifically

23  object to this request to the extent it seeks information protected from disclosure by the attorney-

24  client privilege, work-product immunity, or any other applicable privilege, protection, or

25  immunity from disclosure. Defendants are willing to discuss producing documents responsive to

26  this request, to the extent the request is not duplicative of Request no. 3, if Plaintiff first clarifies

27  it.

28

1  REQUEST NO. 11:

2      ALL DOCUMENTS RELATING to the reason(s) that the *FROZEN* TEASER TRAILER

3  did not appear in the PUBLISHED version of *FROZEN*.

4  RESPONSE TO REQUEST NO. 11:

5      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

6  further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

7  irrelevant information that is not reasonably calculated to lead to the discovery of admissible

8  evidence. Defendants further specifically object to this request to the extent it seeks information

9  protected from disclosure by the attorney-client privilege, work-product immunity, or any other

10 applicable privilege, protection, or immunity from disclosure.

11 REQUEST NO. 12:

12     ALL DOCUMENTS RELATING to the reason(s) that the *FROZEN* TEASER TRAILER

13 is included on the *FROZEN* HOME VIDEO.

14 RESPONSE TO REQUEST NO. 12:

15     Defendants incorporate their Prefatory Statement and General Objections.  Defendants

16 further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

17 irrelevant information that is not reasonably calculated to lead to the discovery of admissible

18 evidence relevant to the liability phase of this action.  Defendants further specifically object to this

19 request to the extent it seeks information protected from disclosure by the attorney-client privilege,

20 work-product immunity, or any other applicable privilege, protection, or immunity from

21 disclosure.

22 REQUEST NO. 13:

23     ALL DOCUMENTS RELATING to the reason(s) that a still image from the *FROZEN*

24 TEASER TRAILER is featured on the packaging of the *FROZEN* HOME VIDEO.

25 RESPONSE TO REQUEST NO. 13:

26     Defendants incorporate their Prefatory Statement and General Objections.  Defendants

27 further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

28 irrelevant information that is not reasonably calculated to lead to the discovery of admissible

-13-

1  evidence relevant to the liability phase of this action. Defendants further specifically object to this

2  request to the extent it seeks information protected from disclosure by the attorney-client privilege,

3  work-product immunity, or any other applicable privilege, protection, or immunity from

4  disclosure.

5  REQUEST NO. 14:

6      ALL DOCUMENTS RELATING to the test marketing of the *FROZEN* TEASER

7  TRAILER, INCLUDING ALL DOCUMENTS RELATING to focus group screenings.

8  RESPONSE TO REQUEST NO. 14:

9      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

10  further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

11  irrelevant information that is not reasonably calculated to lead to the discovery of admissible

12  evidence relevant to the liability phase of this action. Defendants further specifically object to this

13  request to the extent it seeks information protected from disclosure by the attorney-client privilege,

14  work-product immunity, or any other applicable privilege, protection, or immunity from

15  disclosure.

16  REQUEST NO. 15:

17      ALL storyboards, INCLUDING ALL iterations of storyboards, RELATING to the

18  *FROZEN* TEASER TRAILER.

19  RESPONSE TO REQUEST NO. 15:

20      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

21  further object to this request on the grounds that it is overly broad, unduly burdensome, and vague

22  and ambiguous as to the undefined terms "storyboards" and "iterations of storyboards."

23  Defendants further specifically object to this request to the extent it seeks information protected

24  from disclosure by the attorney-client privilege, work-product immunity, or any other applicable

25  privilege, protection, or immunity from disclosure.  Defendants further object to this request to the

26  extent it is duplicative of Request no. 3, above.  Defendants are willing to discuss making

27  available for inspection documents responsive to this request if Plaintiff first clarifies and narrows

28  it.

1   REQUEST NO. 16:

2         ALL concept art, INCLUDING ALL iterations of concept art, RELATING to the

3   *FROZEN* TEASER TRAILER.

4   RESPONSE TO REQUEST NO. 16:

5         Defendants incorporate their Prefatory Statement and General Objections.  Defendants

6   further object to this request on the grounds that it is overly broad, unduly burdensome, and vague

7   and ambiguous as to the undefined terms "concept art" and "iterations of concept art," and to the

8   extent it is duplicative of Request no. 3, above.  Defendants further specifically object to this

9   request to the extent it seeks information protected from disclosure by the attorney-client privilege,

10  work-product immunity, or any other applicable privilege, protection, or immunity from

11  disclosure.  Defendants are willing to discuss making available for inspection documents

12  responsive to this request if Plaintiff first clarifies and narrows it.

13  REQUEST NO. 17:

14        ALL animatics, INCLUDING ALL iterations of animatics, RELATING to the *FROZEN*

15  TEASER TRAILER.

16  RESPONSE TO REQUEST NO. 17:

17        Defendants incorporate their Prefatory Statement and General Objections.  Defendants

18  further object to this request on the grounds that it is overly broad, unduly burdensome, and vague

19  and ambiguous as to the undefined terms "animatics" and "iterations of animatics," and to the

20  extent it is duplicative of Request no. 3, above.  Defendants further specifically object to this

21  request to the extent it seeks information protected from disclosure by the attorney-client privilege,

22  work-product immunity, or any other applicable privilege, protection, or immunity from

23  disclosure. Defendants are willing to discuss making available for inspection documents

24  responsive to this request if Plaintiff first clarifies and narrows it.

25  REQUEST NO. 18:

26        ALL reference images and/or reference motion pictures used in RELATION to the

27  *FROZEN* TEASER TRAILER.

28

1   RESPONSE TO REQUEST NO. 18:

2          Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3   further object to this request on the grounds that it is overly broad, unduly burdensome, and vague

4   and ambiguous as to the undefined terms "reference images" and "reference motion pictures," and

5   to the extent it is duplicative of Request no. 3, above.  Defendants further specifically object to

6   this request to the extent it seeks information protected from disclosure by the attorney-client

7   privilege, work-product immunity, or any other applicable privilege, protection, or immunity from

8   disclosure.  Defendants are willing to discuss making available for inspection documents

9   responsive to this request if Plaintiff first clarifies and narrows it.

10  REQUEST NO. 19:

11         ALL production notes RELATING to the *FROZEN* TEASER TRAILER.

12  RESPONSE TO REQUEST NO. 19:

13          Defendants incorporate their Prefatory Statement and General Objections.  Defendants

14  further object to this request on the grounds that it is overly broad, unduly burdensome, and vague

15  and ambiguous as to the undefined term "production notes."  Defendants further specifically

16  object to this request to the extent it seeks information protected from disclosure by the attorney-

17  client privilege, work-product immunity, or any other applicable privilege, protection, or

18  immunity from disclosure.  Defendants are willing to discuss producing documents responsive to

19  this request if Plaintiff first clarifies and narrows it.  Defendants further state that, on October 17,

20  2014, Walt Disney Productions produced documents memorializing numerous team meetings

21  discussing the concept and development of the *Frozen* teaser trailer.

22  REQUEST NO. 20:

23         ALL rough concept scripts, treatments, and scripts, including ALL iterations thereof,

24  RELATING to the *FROZEN* TEASER TRAILER.

25  RESPONSE TO REQUEST NO. 20:

26          Defendants incorporate their Prefatory Statement and General Objections.  Defendants

27  further object to this request on the grounds that it is overly broad, unduly burdensome, and vague

28  and ambiguous as to the undefined terms "rough concept scripts," "treatments," and "scripts," and

-16-

1    to the extent it is duplicative of Request no. 3, above.  Defendants further specifically object to

2    this request to the extent it seeks information protected from disclosure by the attorney-client

3    privilege, work-product immunity, or any other applicable privilege, protection, or immunity from

4    disclosure.  Defendants are willing to discuss making available for inspection documents

5    responsive to this request if Plaintiff first clarifies and narrows it.

6    REQUEST NO. 21:

7         ALL production schedules RELATING to the *FROZEN* TEASER TRAILER.

8    RESPONSE TO REQUEST NO. 21:

9         Defendants incorporate their Prefatory Statement and General Objections.  Defendants

10   further object to this request on the grounds that it is overly broad, unduly burdensome, seeks

11   irrelevant information not reasonably calculated to lead to the discovery of admissible evidence,

12   and vague and ambiguous as to the undefined term "production schedules."  Defendants further

13   specifically object to this request to the extent it seeks information protected from disclosure by

14   the attorney-client privilege, work-product immunity, or any other applicable privilege, protection,

15   or immunity from disclosure.

16        Subject to and without waiver of the foregoing objections, and subject to entry of an

17   appropriate protective order and/or agreement of counsel protecting confidentiality pending the

18   entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

19   custodians with agreed-upon search terms, and will produce responsive, non-privileged

20   documents, if any, in their possession from the relevant time period that are responsive to this

21   request and are relevant to the liability phase of this action.

22   REQUEST NO. 22:

23        ALL DOCUMENTS RELATING to COMMUNICATIONS with ANY PERSON

24   RELATING to the *FROZEN* TEASER TRAILER.

25   RESPONSE TO REQUEST NO. 22:

26        Defendants incorporate their Prefatory Statement and General Objections.  Defendants

27   further object to this request on the grounds that it is overly broad, unduly burdensome,

28   oppressive, and seeks irrelevant information not reasonably calculated to lead to the discovery of

1    admissible evidence relevant to the liability phase of this action.  Defendants further specifically

2    object to this request to the extent it seeks information protected from disclosure by the attorney-

3    client privilege, work-product immunity, or any other applicable privilege, protection, or

4    immunity from disclosure.

5            Subject to and without waiver of the foregoing objections, and subject to entry of an

6    appropriate protective order and/or agreement of counsel protecting confidentiality pending the

7    entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

8    custodians with agreed-upon search terms to narrow the scope of this request to documents

9    reasonably related to the allegations and defenses relevant to the liability phase of this action.  In

10   accordance with such narrowing, Defendants will produce responsive, non-privileged documents,

11   if any, in their possession from the relevant time period that are responsive to this request and are

12   relevant to the liability phase of this action.

13   REQUEST NO. 23:

14           ALL DOCUMENTS RELATING to COMMUNICATIONS with any PERSON

15   RELATING to THE SNOWMAN.

16   RESPONSE TO REQUEST NO. 23:

17           Defendants incorporate their Prefatory Statement and General Objections.  Defendants

18   further object to this request on the grounds that it is overly broad, unduly burdensome,

19   oppressive, and seeks irrelevant information not reasonably calculated to lead to the discovery of

20   admissible evidence.  Defendants further specifically object to this request to the extent it seeks

21   information protected from disclosure by the attorney-client privilege, work-product immunity, or

22   any other applicable privilege, protection, or immunity from disclosure.

23           Subject to and without waiver of the foregoing objections, and subject to entry of an

24   appropriate protective order and/or agreement of counsel protecting confidentiality pending the

25   entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

26   custodians with agreed-upon search terms to narrow the scope of this request to documents

27   reasonably related to the allegations and defenses relevant to the liability phase of this action.  In

28   accordance with such narrowing, Defendants will produce responsive, non-privileged documents,

DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
3:14-CV-01441-VC

1  if any, in their possession from the relevant time period that are responsive to this request and are

2  relevant to the liability phase of this action.

3  REQUEST NO. 24:

4        ALL DOCUMENTS RELATING to COMMUNICATIONS with ANY PERSON

5  RELATING to PLAINTIFF.

6  RESPONSE TO REQUEST NO. 24:

7        Defendants incorporate their Prefatory Statement and General Objections.  Defendants

8  further object to this request on the grounds that it is overly broad, unduly burdensome,

9  oppressive, and seeks irrelevant information not reasonably calculated to lead to the discovery of

10  admissible evidence.  Defendants further specifically object to this request to the extent it seeks

11  information protected from disclosure by the attorney-client privilege, work-product immunity, or

12  any other applicable privilege, protection, or immunity from disclosure.

13        Subject to and without waiver of the foregoing objections, and subject to entry of an

14  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

15  entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

16  custodians with agreed-upon search terms, and will produce responsive, non-privileged

17  documents, if any, in their possession from the relevant time period that are responsive to this

18  request and are relevant to the liability phase of this action.

19  REQUEST NO. 25:

20        ALL DOCUMENTS RELATING to COMMUNICATIONS with ANY PERSON

21  RELATING to Neil Wrischnik.

22  RESPONSE TO REQUEST NO. 25:

23        Defendants incorporate their Prefatory Statement and General Objections.  Defendants

24  further object to this request on the grounds that it is overly broad, unduly burdensome,

25  oppressive, and seeks irrelevant information not reasonably calculated to lead to the discovery of

26  admissible evidence.  Defendants further specifically object to this request to the extent it seeks

27  information protected from disclosure by the attorney-client privilege, work-product immunity, or

28  any other applicable privilege, protection, or immunity from disclosure.

-19-

1    Subject to and without waiver of the foregoing objections, and subject to entry of an

2   appropriate protective order and/or agreement of counsel protecting confidentiality pending the

3   entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

4   custodians with agreed-upon search terms, and will produce responsive, non-privileged

5   documents, if any, in their possession from the relevant time period that are responsive to this

6   request and are relevant to the liability phase of this action.

7   REQUEST NO. 26:

8    ALL DOCUMENTS RELATING to any individual identified in the credits of THE

9   SNOWMAN, including Kelly Wilson, Neil Wrischnik, Arturo Lindberg, Dan Phillips, Andy

10  Ristaino, Carlos Joy, Jason Roberts, Ryan Jones, Benjamin Jelter, Michael Yessian, Andy Grush,

11  Dan Zank, Erik Schuiten, Rondy Stowell, Michael Braverman, James Horner, PJ Koll, Chris

12  Green, Jolene Wright, Richard Quan, Ali Plansky, Nick Brown, Jeff Goodby, Rich Silverstein,

13  Andy Ruben, Miriam Rayevsky, Kimon Flanagan, Tim McMahon, Kevin Bagley, Brandon Loper,

14  Gary Nueman, and Joey Mercado.

15  RESPONSE TO REQUEST NO. 26:

16   Defendants incorporate their Prefatory Statement and General Objections.  Defendants

17  further object to this request on the grounds that it is overly broad, unduly burdensome,

18  oppressive, seeks irrelevant information not reasonably calculated to lead to the discovery of

19  admissible evidence, is vague and ambiguous as to context, and to the extent that it is duplicative

20  of Request nos. 24 and 25, above.  Defendants further specifically object to this request to the

21  extent it seeks information protected from disclosure by the attorney-client privilege, work-

22  product immunity, or any other applicable privilege, protection, or immunity from disclosure.

23  REQUEST NO. 27:

24   ALL DOCUMENTS RELATING to YOUR review and/or evaluation of THE

25  SNOWMAN.

26  RESPONSE TO REQUEST NO. 27:

27   Defendants incorporate their Prefatory Statement and General Objections.  Defendants

28  further object to this request as overly broad, unduly burdensome, and vague and ambiguous as to

-20-

1   the undefined terms "review" and "evaluation."  Defendants further object to this request to the

2   extent it seeks information protected from disclosure by the attorney-client privilege, work-

3   product immunity, or any other applicable privilege, protection, or immunity from disclosure.

4   Defendants further specifically object to this request on the grounds that by its definition it seeks

5   documents related to this lawsuit that are clearly privileged.

6         Subject to and without waiver of the foregoing objections, and subject to entry of an

7   appropriate protective order and/or agreement of counsel protecting confidentiality pending the

8   entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

9   custodians with agreed-upon search terms, and will produce responsive, non-privileged

10  documents, if any, in their possession from the relevant time period that are responsive to this

11  request and are relevant to the liability phase of this action.

12  REQUEST NO. 28:

13        ALL DOCUMENTS RELATING to ALL COMMUNICATIONS between PLAINTIFF

14  and DISNEY.

15  RESPONSE TO REQUEST NO. 28:

16        Defendants incorporate their Prefatory Statement and General Objections.  Defendants

17  further object to this request on the grounds that it is overly broad, unduly burdensome, seeks

18  irrelevant information not reasonably calculated to lead to the discovery of admissible evidence,

19  and to the extent that it seeks documents that are already in Plaintiff's possession. Defendants

20  further specifically object to this request to the extent it seeks information protected from

21  disclosure by the attorney-client privilege, work-product immunity, or any other applicable

22  privilege, protection, or immunity from disclosure.

23        Subject to and without waiver of the foregoing objections, and subject to entry of an

24  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

25  entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

26  custodians with agreed-upon search terms, and will produce responsive, non-privileged

27  documents, if any, in their possession from the relevant time period that are responsive to this

28  request and are relevant to the liability phase of this action.

DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
3:14-CV-01441-VC

1   REQUEST NO. 29:

2          ALL DOCUMENTS RELATING to ALL COMMUNICATIONS between Neil Wrischnik

3   and DISNEY.

4   RESPONSE TO REQUEST NO. 29:

5          Defendants incorporate their Prefatory Statement and General Objections.  Defendants

6   further object to this request on the grounds that it is overly broad, unduly burdensome, seeks

7   irrelevant information not reasonably calculated to lead to the discovery of admissible evidence,

8   and to the extent that it seeks documents that are already in Plaintiff's possession or otherwise

9   available from a more convenient, more efficient, less burdensome, or less expensive source than

10  Defendants. Defendants further specifically object to this request to the extent it seeks information

11  protected from disclosure by the attorney-client privilege, work-product immunity, or any other

12  applicable privilege, protection, or immunity from disclosure.

13         Subject to and without waiver of the foregoing objections, and subject to entry of an

14  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

15  entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

16  custodians with agreed-upon search terms, and will produce responsive, non-privileged

17  documents, if any, in their possession from the relevant time period that are responsive to this

18  request and are relevant to the liability phase of this action.

19  REQUEST NO. 30:

20         ALL DOCUMENTS RELATING to ANY visits by DISNEY to ANY film festivals,

21  seminars, conferences and/or forums in which THE SNOWMAN appeared.

22  RESPONSE TO REQUEST NO. 30:

23          Defendants incorporate their Prefatory Statement and General Objections.  Defendants

24  further object to this request on the grounds that it is overly broad, unduly burdensome, vague and

25  ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of

26  admissible evidence.  Defendants further specifically object to this request to the extent it seeks

27  information protected from disclosure by the attorney-client privilege, work-product immunity, or

28  any other applicable privilege, protection, or immunity from disclosure.

-22-

1   REQUEST NO. 31:

2       ALL DOCUMENTS that PLAINTIFF provided, sent, or gave to DISNEY.

3   RESPONSE TO REQUEST NO. 31:

4       Defendants incorporate their Prefatory Statement and General Objections.  Defendants

5   further object to this request on the grounds that it is overly broad, unduly burdensome, seeks

6   irrelevant information not reasonably calculated to lead to the discovery of admissible evidence,

7   and seeks documents that are already in Plaintiff's possession. Defendants further specifically

8   object to this request to the extent it seeks information protected from disclosure by the attorney-

9   client privilege, work-product immunity, or any other applicable privilege, protection, or

10  immunity from disclosure.

11      Subject to and without waiver of the foregoing objections, and subject to entry of an

12  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

13  entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

14  custodians with agreed-upon search terms, and will produce responsive, non-privileged

15  documents, if any, in their possession from the relevant time period that are responsive to this

16  request and are relevant to the liability phase of this action.

17  REQUEST NO. 32:

18      ALL DOCUMENTS that Neil Wrischnik provided, sent, or gave to DISNEY.

19  RESPONSE TO REQUEST NO. 32:

20      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

21  further object to this request on the grounds that it is overly broad, unduly burdensome, seeks

22  irrelevant information not reasonably calculated to lead to the discovery of admissible evidence,

23  and to the extent that it seeks documents that are otherwise available from a more convenient,

24  more efficient, less burdensome, or less expensive source than Defendants. Defendants further

25  specifically object to this request to the extent it seeks information protected from disclosure by

26  the attorney-client privilege, work-product immunity, or any other applicable privilege, protection,

27  or immunity from disclosure.

28

DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
3:14-CV-01441-VC

1       Subject to and without waiver of the foregoing objections, and subject to entry of an

2  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

3  entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

4  custodians with agreed-upon search terms, and will produce responsive, non-privileged

5  documents, if any, in their possession from the relevant time period that are responsive to this

6  request and are relevant to the liability phase of this action.

7  <u>REQUEST NO. 33:</u>

8       ALL DOCUMENTS RELATING to ANY investigation and/or review by or on behalf of

9  DISNEY into the copyrightability of the *FROZEN* TEASER TRAILER.

10  <u>RESPONSE TO REQUEST NO. 33:</u>

11      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

12  further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

13  irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

14  Defendants further object to this request to the extent it seeks information protected from

15  disclosure by the attorney-client privilege, work-product immunity, or any other applicable

16  privilege, protection, or immunity from disclosure.  Defendants further specifically object to this

17  request on the grounds that by its definition it seeks documents related to this lawsuit that are

18  clearly privileged.

19       Subject to and without waiver of the foregoing objections, and subject to entry of an

20  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

21  entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

22  custodians with agreed-upon search terms, and will produce responsive, non-privileged

23  documents, if any, in their possession from the relevant time period that are responsive to this

24  request and are relevant to the liability phase of this action.

25  <u>REQUEST NO. 34:</u>

26       ALL DOCUMENTS RELATING to comments and/or inquiries from ANY PERSON

27  RELATED to the originality of the *FROZEN* TEASER TRAILER.

28

-24-

1    RESPONSE TO REQUEST NO. 34:

2    　　　Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3    further object to this request as overly broad, unduly burdensome, vague, and ambiguous, and to

4    the extent that it seeks documents that are already in Plaintiff's possession or otherwise available

5    from a more convenient, more efficient, less burdensome, or less expensive source than

6    Defendants.  Defendants further specifically object to this request to the extent it seeks

7    information protected from disclosure by the attorney-client privilege, work-product immunity, or

8    any other applicable privilege, protection, or immunity from disclosure.

9    　　　Subject to and without waiver of the foregoing objections, and subject to entry of an

10   appropriate protective order and/or agreement of counsel protecting confidentiality pending the

11   entry of such an order, Defendants will meet and confer with Plaintiff and will search agreed-upon

12   custodians with agreed-upon search terms, and will produce responsive, non-privileged

13   documents, if any, in their possession from the relevant time period that are responsive to this

14   request and are relevant to the liability phase of this action.

15   REQUEST NO. 35:

16   　　　ALL DOCUMENTS RELATING to ANY instance of confusion, mistake, or association,

17   which has or may have occurred between THE SNOWMAN and the *FROZEN* TEASER

18   TRAILER, INCLUDING DOCUMENTS which identify each PERSON with knowledge of such

19   instance.

20   RESPONSE TO REQUEST NO. 35:

21   　　　Defendants incorporate their Prefatory Statement and General Objections.  Defendants

22   further object to this request as overly broad, unduly burdensome, oppressive, not reasonably

23   calculated to lead to the discovery of admissible evidence, and vague and ambiguous in its use of

24   the undefined terms "instance of confusion, mistake, or association" and "which has or may have

25   occurred"). Defendants further specifically object to this request to the extent it seeks information

26   protected from disclosure by the attorney-client privilege, work-product immunity, or any other

27   applicable privilege, protection, or immunity from disclosure.

28

-25-

REQUEST NO. 36:

ALL DOCUMENTS RELATING to the assertion in the Second Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands."

RESPONSE TO REQUEST NO. 36:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this request to the extent that it seeks documents that are not in Defendants' possession, custody, or control; are already in Plaintiff's possession; are publicly available; or are otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants.  Defendants further object to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable privilege, protection, or immunity from disclosure.

Subject to and without waiving the foregoing objections, and subject to entry of an appropriate protective order and/or agreement of counsel protecting confidentiality pending the entry of such an order, Defendants will produce non-privileged documents that are responsive to this request that they are able to locate through a reasonable search and a diligent inquiry.

REQUEST NO. 37:

ALL DOCUMENTS RELATING to the assertion in the Third Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel."

RESPONSE TO REQUEST NO. 37:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this request to the extent that it seeks documents that are not in Defendants' possession, custody, or control; are already in Plaintiff's possession; are publicly available; or are otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants.  Defendants further object to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable privilege, protection, or immunity from disclosure.

1    Subject to and without waiving the foregoing objections, and subject to entry of an

2  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

3  entry of such an order, Defendants will produce non-privileged documents that are responsive to

4  this request that they are able to locate through a reasonable search and a diligent inquiry.

5  REQUEST NO. 38:

6    ALL DOCUMENTS RELATING to the assertion in the Fourth Affirmative Defense of the

7  ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver."

8  RESPONSE TO REQUEST NO. 38:

9    Defendants incorporate their Prefatory Statement and General Objections.  Defendants

10 further object to this request to the extent that it seeks documents that are not in Defendants'

11 possession, custody, or control; are already in Plaintiff's possession; are publicly available; or are

12 otherwise available from a more convenient, more efficient, less burdensome, or less expensive

13 source than Defendants.  Defendants further object to this request to the extent it seeks information

14 protected from disclosure by the attorney-client privilege, work-product immunity, or any other

15 applicable privilege, protection, or immunity from disclosure.

16   Subject to and without waiving the foregoing objections, and subject to entry of an

17 appropriate protective order and/or agreement of counsel protecting confidentiality pending the

18 entry of such an order, Defendants will produce non-privileged documents that are responsive to

19 this request that they are able to locate through a reasonable search and a diligent inquiry.

20 REQUEST NO. 39:

21   ALL DOCUMENTS RELATING to the assertion in the Fifth Affirmative Defense of the

22 ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence."

23 RESPONSE TO REQUEST NO. 39:

24   Defendants incorporate their Prefatory Statement and General Objections.  Defendants

25 further object to this request to the extent that it seeks documents that are not in Defendants'

26 possession, custody, or control; are already in Plaintiff's possession; are publicly available; or are

27 otherwise available from a more convenient, more efficient, less burdensome, or less expensive

28 source than Defendants.  Defendants further object to this request to the extent it seeks information

-27-

1  protected from disclosure by the attorney-client privilege, work-product immunity, or any other

2  applicable privilege, protection, or immunity from disclosure.

3      Subject to and without waiving the foregoing objections, and subject to entry of an

4  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

5  entry of such an order, Defendants will produce non-privileged documents that are responsive to

6  this request that they are able to locate through a reasonable search and a diligent inquiry.

7  REQUEST NO. 40:

8      ALL DOCUMENTS RELATING to the assertion in the Sixth Affirmative Defense of the

9  ANSWER that "Plaintiff's claims are barred, in whole or in part, by the doctrine of merger."

10  RESPONSE TO REQUEST NO. 40:

11      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

12  further object to this request to the extent that it seeks documents that are not in Defendants'

13  possession, custody, or control; are already in Plaintiff's possession; are publicly available; or are

14  otherwise available from a more convenient, more efficient, less burdensome, or less expensive

15  source than Defendants.  Defendants further object to this request to the extent it seeks information

16  protected from disclosure by the attorney-client privilege, work-product immunity, or any other

17  applicable privilege, protection, or immunity from disclosure.

18      Subject to and without waiving the foregoing objections, and subject to entry of an

19  appropriate protective order and/or agreement of counsel protecting confidentiality pending the

20  entry of such an order, Defendants will produce non-privileged documents that are responsive to

21  this request that they are able to locate through a reasonable search and a diligent inquiry.

22  REQUEST NO. 41:

23      ALL DOCUMENTS RELATING to the assertion in the Seventh Affirmative Defense of

24  the ANSWER that "Plaintiff's claims are barred, in whole or in part, because the elements that

25  Plaintiff alleges were infringed are unprotectable *scenes-a-faire*."

26  RESPONSE TO REQUEST NO. 41:

27      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

28  further object to this request to the extent that it seeks documents that are not in Defendants'

-28-

possession, custody, or control; are already in Plaintiff's possession; are publicly available; or are otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants. Defendants further object to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable privilege, protection, or immunity from disclosure.

Subject to and without waiving the foregoing objections, and subject to entry of an appropriate protective order and/or agreement of counsel protecting confidentiality pending the entry of such an order, Defendants will produce non-privileged documents that are responsive to this request that they are able to locate through a reasonable search and a diligent inquiry.

REQUEST NO. 42:

ALL DOCUMENTS RELATING to the assertion in the Eighth Affirmative Defense of the ANSWER that "Plaintiff's claims are barred, in whole or in part, because the elements that Plaintiff alleges were infringed were not Plaintiff's original expression."

RESPONSE TO REQUEST NO. 42:

Defendants incorporate their Prefatory Statement and General Objections. Defendants further object to this request to the extent that it seeks documents that are not in Defendants' possession, custody, or control; are already in Plaintiff's possession; are publicly available; or are otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants. Defendants further object to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable privilege, protection, or immunity from disclosure.

Subject to and without waiving the foregoing objections, and subject to entry of an appropriate protective order and/or agreement of counsel protecting confidentiality pending the entry of such an order, Defendants will produce non-privileged documents that are responsive to this request that they are able to locate through a reasonable search and a diligent inquiry.

REQUEST NO. 43:

ALL DOCUMENTS RELATING to the assertion in the Ninth Affirmative Defense of the ANSWER that "Plaintiff has not sustained any injury or damage by reason of any act or omission by Defendants."

RESPONSE TO REQUEST NO. 43:

Defendants incorporate their Prefatory Statement and General Objections. Defendants further object to this request to the extent that it seeks documents that are not in Defendants' possession, custody, or control; are already in Plaintiff's possession; are publicly available; or are otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants. Defendants further object to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable privilege, protection, or immunity from disclosure.

Subject to and without waiving the foregoing objections, and subject to entry of an appropriate protective order and/or agreement of counsel protecting confidentiality pending the entry of such an order, Defendants will produce non-privileged documents that are responsive this request that they are able to locate through a reasonable search and a diligent inquiry.

REQUEST NO. 44:

A Privilege Document Log prepared in conformance with Instruction No. 8 above.

RESPONSE TO REQUEST NO. 44:

Defendants incorporate their Prefatory Statement and General Objections. Defendants further object to this request on the grounds, and to the extent that, it seeks to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. To the extent that Defendants withhold a document solely on privilege grounds, they will produce a log in conformance with the Federal Rules of Civil Procedure.

REQUEST NO. 45:

A Disposed Document Log prepared in conformance with Instruction No. 10 above.

1   <u>RESPONSE TO REQUEST NO. 45:</u>

2          Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3   further object to this request on the grounds, and to the extent that, it seeks to impose obligations

4   on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the

5   Local Rules of this Court.

6

7

8   DATED:  October 24, 2014              MUNGER, TOLLES & OLSON LLP

9

10                                        By:      <u>*/s/ Kelly M. Klaus*</u>

11                                                 KELLY M. KLAUS
                                                   Attorneys for Defendants
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of Defendants' Responses and Objections to Plaintiff's First Set of Requests for Production was served this 24th day of October, 2014 upon the following via electronic mail:

J. A. Ted Baer, III (jatedbaer@gmail.com)
Law Office of J. A. Ted Baer
21 E. Canon Perdido Street, Suite 223
Santa Barbara, CA 93101

J. Paul Gignac (j.paul@aogllp.com)
Mischa Nicole Barteau (mbarteau@aogllp.com)
Arias Ozzello Gignac LLP
115 S. La Cumbre Lane, Suite 300
Santa Barbara, CA 93105

DATED:  October 24, 2014          MUNGER, TOLLES & OLSON LLP


By:      _/s/ Erin J. Cox_
         ERIN J. COX
         Attorneys for Defendants

-1-

# EXHIBIT 3

1   J. Paul Gignac, State Bar No. 125676
    Mischa N. Barteau, State Bar No. 274474
2   **ARIAS OZZELLO & GIGNAC LLP**
    115 S. La Cumbre Lane, Suite 300
3   Santa Barbara, California 93105
    Telephone:  (805) 683-7400
4   Facsimile:   (805) 683-7401
    j.paul@aogllp.com
5   mbarteau@aogllp.com

6   J.A. Ted Baer, State Bar No. 135092
    **LAW OFFICE OF J.A. TED BAER**
7   21 E. Canon Perdido Street, Suite 223
    Santa Barbara, California 93101
8   Telephone:  (805) 963-7177
    Facsimile:   (801) 730-2874
9   ted@tedbaerlaw.com

10  Attorneys for Plaintiff
    Kelly Wilson
11

12              **UNITED STATES DISTRICT COURT**

13   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

14

15  KELLY WILSON, an individual,              Case No.  3:14-cv-01441-VC

16              Plaintiff,
                                              **PLAINTIFF'S SECOND SET OF**
17       vs.                                  **REQUESTS FOR PRODUCTION TO**
                                              **DEFENDANT THE WALT DISNEY**
18  THE WALT DISNEY COMPANY, a Delaware       **COMPANY (NOS. 46-53)**
    corporation; DISNEY ENTERPRISES, INC., a
19  Delaware corporation; WALT DISNEY
    PICTURES, a California corporation; WALT  Honorable Vince G. Chhabria
20  DISNEY MOTION PICTURES GROUP, INC.,
    a California corporation; and DOES 1 through
21  25, inclusive,

22              Defendants.

23

24

25  PROPOUNDING PARTY:         Plaintiff

26  RESPONDING PARTY:          Defendant The Walt Disney Company

27  SET NO.:                   Two

28

_____
        **PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

ARIAS OZZELLO & GIGNAC LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARIAS OZZELLO & GIGNAC LLP**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff requests Defendant The Walt Disney Company to produce for inspection and copying all of the documents and things requested below, within 30 days following service.

Responses and documents should be produced to J. Paul Gignac at the law firm of Arias Ozzello & Gignac LLP, 115 S. La Cumbre Lane, Suite 300, Santa Barbara, CA 93105.

## **INSTRUCTIONS**

1.     YOUR responses shall set forth the Requests, and their answers, and shall answer each Request separately and fully in writing under oath, or shall state fully the grounds for refusing to answer ANY request.  The response shall be signed by YOU.

2.     These Requests are continuing in character.  YOU must promptly supplement or amend YOUR responses pursuant to Federal Rule of Civil Procedure 26(e).

3.     In answering these Requests, if YOU encounter ANY ambiguities in construing a question, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

4.     YOU are directed to produce ALL DOCUMENTS falling within the categories described below as they are kept in the usual course of business or, alternatively, to organize and label them to correspond to the categories in the Requests.

5.     Responsive electronic data, including email, email attachments, electronic calendar entries, instant messages, and electronic DOCUMENTS stored on network drives and on individual computers in YOUR possession, custody, or control should be produced in the electronic form or forms in which such electronic data is ordinarily maintained and which is reasonably usable.  If substantial responsive electronic data exists, contact Plaintiff's counsel to discuss the most appropriate manner for storing and producing it (e.g., CD, DVD, or hard drive).

6.     All electronically-stored information should be provided in a form that includes all data and metadata and states the computer hardware and software programs

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

needed to translate the information into readable and searchable form.

7.     All DOCUMENTS are to be produced, and all of these discovery requests are to be answered, based upon everything available to YOU or in YOUR possession, custody, control, or access—and from everything available or within the possession, custody, control, or access of YOUR employees, officers, directors, agents, attorneys, consultants, contractors, investigators, representatives, agents and any other PERSON acting for YOU or on YOUR behalf or at YOUR request.

8.     If ANY privilege is claimed as to ANY DOCUMENT requested, state the nature of the privilege or protection claimed and the basis for claiming the privilege or protection as to each specific DOCUMENT.  In addition, for each DOCUMENT as to which privilege or protection is claimed, identify in a Privileged Document Log: (a) the type of DOCUMENT; (b) the date of the DOCUMENT; (c) the PERSON who prepared the DOCUMENT; each PERSON (if ANY) who signed it; (d) each PERSON to whom it was directed, circulated, or distributed; and (e) each PERSON now in possession of the DOCUMENT or ANY identical or non-identical copy or version thereof.

9.     If YOU are unable to comply with a particular demand for production, YOU are requested to affirm that a diligent search and a reasonable inquiry were made in an attempt to comply with the demand.  YOU are also requested to specify whether YOU are unable to comply because the items: (a) never existed; (b) have been destroyed; (c) have been lost, misplaced, or stolen; or (d) have never been, or no longer are, in YOUR possession or control; and (e) provide the name and address of ANY PERSON YOU know or believe to have possession, custody, or control of the items.

10.     If ANY DOCUMENT called for by these Requests has been destroyed, discarded, or otherwise disposed of, that DOCUMENT is to be identified in a Disposed Document Log as completely as possible, INCLUDING the following information: date of disposal, manner of disposal, reason(s) for disposal, PERSON(s) authorizing the disposal, and the PERSON(s) disposing of the DOCUMENT.

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

**ARIAS OZZELLO & GIGNAC LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFINITIONS

As used in these Requests for Production, the terms set forth below shall have the following meanings.

1. "YOU," "YOUR," and "DISNEY" means The Walt Disney Company, and all of its agents, subsidiaries, divisions, and related entities (and all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.), and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, suppliers, investigators, representatives, and any other person or entity acting for you or on your behalf, or at your request, and other persons acting or purporting to act on behalf of or at the request of any and all of the above entities and persons.

2. "PIXAR" means Pixar Inc. also known as Pixar Animation Studios, and all of its agents, subsidiaries, divisions, and related entities (and all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.), and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, suppliers, investigators, representatives, and any other person or entity acting for Pixar or on Pixar's behalf, or at Pixar's request, and other persons acting or purporting to act on behalf of or at the request of any and all of the above entities and persons.

3. "*FROZEN* TEASER TRAILER" refers to the trailer for the feature length film *FROZEN*, INCLUDING ALL drafts, versions, and iterations thereof, and scenes constituting all or part of the *FROZEN* TEASER TRAILER, which is alleged in the COMPLAINT to infringe upon *THE SNOWMAN*.

4. "ALL" means "any and all," and the word "ANY" means "any and all."

5. "DOCUMENT" means and refers to ALL things that come within the definition of "document" contained in Federal Rule of Civil Procedure 34(a) and/or within the definitions of writings, recordings and photographs contained in Federal Rule of Evidence 1001, INCLUDING, without limitation:  documents of ANY kind, however reproduced and however transcribed; existing and deleted electronic mail ("email"),

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

INCLUDING forwarded messages, replies, copies, blind copies, attachments of ANY kind thereto, and ALL associated electronic metadata; existed or deleted electronic instant messages ("IMs") sent or received using ANY instant messaging software of ANY kind, INCLUDING IM strings; electronic recordings of ANY kind, INCLUDING optically scanned documents, portable document format files ("PDFs"), computer program files, data files, and/or source code; photographs or other visual or audio-visual recordings of ANY kind, INCLUDING still or motion pictures, microfilm, microfiche, videotapes, DVDs, Blu-ray, or laser discs; sound recordings of ANY kind, INCLUDING voice mail, cassettes, microcassettes, or compact discs; and ANY of the foregoing constituting, repeating, or reflecting ANY COMMUNICATION, as that term is defined herein.  "DOCUMENT" also includes ALL drafts of, iterations, amendments, supplements to, and attachments to ANY of the foregoing whether prepared by YOU or by ANY other PERSON, as well as ANY copies that differ from the copy being produced (e.g., a copy that contains handwritten notes, highlighting, interlineation, underlining, a "redline," or the like).

6.     "RELATING" shall be interpreted in the broadest sense to mean refer, relate, comment upon, concern, consist of, contain, constitute, contradict, describe, disclose, discuss, dispute, evidence, explain, identify, indicate, involve, memorialize, mention, negate, pertain to, record, reference, reflect, refute, show, summarize, support, suggest, undermine, arise out of, touch upon, or otherwise be connected with in any way to the subject matter indicated.

7.     "INCLUDING" means including, but not limited to.

8.     "PUBLICATION" means to make content available to the general public, consistent with the definition of "publication" in 17 U.S.C. § 101.

/ / /

/ / /

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 46:**

ALL DOCUMENTS INCLUDING handwritten notes, meeting minutes, agendas, handouts, PowerPoint presentations, audio records, and video recordings RELATING to the meeting held in or around 2012 at PIXAR with international marketing teams, as testified to by Peter Del Vecho on October 28, 2014.

**REQUEST NO. 47:**

ALL DOCUMENTS constituting YOUR DOCUMENT retention policy(ies) from 2010 through and including the present.

**REQUEST NO. 48:**

ALL DOCUMENTS constituting to YOUR policy(ies) for the time period from 2010 through and including the present for evaluating YOUR motion pictures, INCLUDING movie trailers, for potential copyright infringement prior to PUBLICATION.

**REQUEST NO. 49:**

ALL DOCUMENTS RELATING to any registration of copyrights RELATING to the *FROZEN* TEASER TRAILER INCLUDING copies of any copyright applications and correspondence with the United States Copyright Office.

**REQUEST NO. 50:**

ALL DOCUMENTS sufficient to show YOUR legal relationship to PIXAR.

**REQUEST NO. 51:**

ALL DOCUMENTS sufficient to show YOUR legal relationship to Afterwork Films.

**REQUEST NO. 52:**

ALL DOCUMENTS sufficient to show the legal relationship between PIXAR and Afterwork Films.

**REQUEST NO. 53:**

ALL DOCUMENTS constituting YOUR policy(ies) between February 1, 2008 through and including June 18, 2013 RELATING to the treatment of materials submitted by

ARIAS OZZELLO & GIGNAC LLP

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

1   job applicants to YOU.

2

3   Dated:  November 5, 2014                    ARIAS OZZELLO & GIGNAC LLP

4

5
                                    By:   */s/ Mischa N. Barteau*
6                                         J. Paul Gignac
                                          Mischa N. Barteau
7
                                          LAW OFFICE OF J.A. TED BAER
8                                         J.A. Ted Baer

9                                         Attorneys for Plaintiff
                                          Kelly Wilson
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the State of California, County of Santa Barbara.  I am over the age of 18 and not a party to the within suit; my business address is 115 S. La Cumbre Lane, Suite 300, Santa Barbara, California 93105.

On November 5, 2014, I served the document described as:

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE WALT DISNEY COMPANY (NOS. 46-53)**

on the interested parties in this action by sending [ ] the original [or] [✔] a true copy thereof to interested parties as follows:

Kelly Klaus  -  Kelly.Klaus@mto.com
Jordan Segall  -  Jordan.Segall@mto.com
Erin Cox -  erin.cox@mto.com

*Attorneys for Defendants*

J. Paul Gignac -  j.paul@aogllp.com
Mischa Barteau  -  mbarteau@aogllp.com
J.A. Ted Baer  -  jatedbaer@gmail.com

*Attorneys for Plaintiff*

[   ]   **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Santa Barbara, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Santa Barbara, CA.

[   ]   **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action from Santa Barbara, California.

[✔ ]   **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail addresses of record in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 5, 2014** at Santa Barbara, California.

| Mischa N. Barteau | */s/ Mischa N. Barteau* |
|---|---|
| Type or Print Name | Signature |

ARIAS OZZELLO & GIGNAC LLP

# EXHIBIT 4

1 | KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
2 | ERIN J. COX (State Bar No. 267954)
erin.cox@mto.com
3 | JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
4 | MUNGER, TOLLES & OLSON LLP
5 | 560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
6 | Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077
7 |
8 | Attorneys for Defendants

9 |                    UNITED STATES DISTRICT COURT

10 |         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11 |

12 |

13 | KELLY WILSON,                          Case No. 3:14-cv-01441-VC

              Plaintiff,                   **DEFENDANTS' RESPONSES AND**
14 |                                        **OBJECTIONS TO PLAINTIFF'S**
          v.                               **SECOND SET OF REQUESTS FOR**
15 |                                        **PRODUCTION**

16 | THE WALT DISNEY COMPANY, DISNEY
ENTERPRISES, INC., WALT DISNEY          Judge:    Hon. Vince G. Chhabria
17 | PICTURES, and WALT DISNEY MOTION
PICTURES GROUP, INC.,
18 |
              Defendants.
19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants The Walt Disney

2 Company; Disney Enterprises, Inc.; Walt Disney Pictures; and Walt Disney Motion Pictures

3 Group, Inc. (collectively, "Defendants") respond and object as follows to Plaintiff Kelly Wilson's

4 Second Set of Requests for Production (the "Requests"):

5                              **PREFATORY STATEMENT**

6    Defendants have not completed their investigation relating to this action, have not

7 completed discovery, and have not completed preparation for trial.  These responses are limited to

8 the information known to Defendants at this time and do not constitute a waiver of their right to

9 introduce additional documents, facts, or evidence at trial or otherwise.  A response stating that

10 documents will be produced should not be construed as a representation that such documents exist.

11 Defendants reserve the right to alter or to supplement these responses as additional information

12 becomes known to them, but undertake no obligation to do so beyond the obligations imposed by

13 the Federal Rules of Civil Procedure and the Local Rules of this Court.

14                              **GENERAL OBJECTIONS**

15    1.    Defendants object to the Requests, including the definitions and instructions set

16 forth therein, to the extent that they purport to impose obligations that are inconsistent with, or

17 beyond those required by, the Federal Rules of Civil Procedure, the Local Rules or Orders of this

18 Court, or other applicable rule or law.  Defendants will construe and respond to the Requests in

19 accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules and

20 Orders of this Court, and other applicable authority.

21    2.    Defendants object to each and every request on the grounds and to the extent that it

22 seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, the

23 joint-defense privilege, the common-interest privilege, or any other applicable privilege,

24 immunity, or protection.  Defendants intend to and do claim all such privileges and protections,

25 and inadvertent disclosure of privileged or protected documents or portions thereof shall not give

26 rise to a waiver of any privilege or protection.  Defendants reserve the right to request the return of

27 any privileged or protected document that is inadvertently produced.  Further, Defendants object

28 to producing or identifying on a privilege log any documents that are protected by the attorney

-1-

work-product doctrine and that post-date the filing of the Complaint in this action, on the grounds that such identification would itself tend to reveal attorney work product and it would be unduly burdensome to compile such a log.  Defendants interpret the scope of the Requests to exclude such post-litigation documents, and accordingly, such documents will not be produced or identified.

3.      Defendants object to each request to the extent it seeks disclosure of confidential, proprietary, competitively sensitive, or financial information of Defendants, their affiliates or employees, or any third party, on the grounds that such request is overly broad, unduly burdensome, oppressive, and invasive of privacy rights protected by the federal and state Constitutions, statutes, and common law.

4.      Defendants object to each request as overly broad, unduly burdensome, and oppressive to the extent it (a) calls for information or documents that are not in Defendants' possession, custody, or control; (b) would require Defendants to create documents not currently in their possession, custody, or control; (c) calls for information or documents that are available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants or through a more convenient, more efficient, less burdensome, or less expensive means than producing documents in response to Plaintiff's request; or (d) purports to require the production of documents that are public, or already in Plaintiff's possession, custody, or control.  Defendants further object to each request to the extent it purports to seek the discovery of information or documents that are in the possession, custody, or control of any or all of Defendants' parents, affiliates, or subsidiaries that have corporate identities separate and apart from that of Defendants, on the grounds that such information and documents are not in Defendants' possession, custody, or control.

5.      Defendants object to each request as overly broad, unduly burdensome, and oppressive to the extent it seeks "all documents" related to certain topics.  Given the scope of Defendants' businesses, it would be unreasonable, oppressive, and unduly burdensome to require Defendants to conduct a search of all files (including electronic files) in their possession, custody, or control.  Defendants object to each and every request as overly broad, unduly burdensome, and oppressive to the extent it purports to require Defendants to conduct anything beyond a reasonable

-2-

1    and diligent search for readily accessible files (including electronic files) from readily identifiable

2    and accessible central sources (including electronic sources) using agreed-upon search terms

3    where responsive documents reasonably would be expected to be found.  Defendants also object to

4    each request to the extent it purports to require Defendants to search for and produce information

5    that is not maintained in central paper or electronic files by or on behalf of core team members

6    believed to have had significant and primary involvement in relevant matters pertaining to the

7    subject matter of the action.  This paragraph describes the maximum extent of what Defendants

8    consider to be their obligations to attempt to locate responsive documents.  To the extent

9    Defendants commit to produce documents herein that they are able to locate pursuant to a

10   reasonable search and a diligent inquiry, Defendants mean reasonable search and diligent inquiry

11   as described in this paragraph.

12       6.      Defendants object to each request to the extent it purports to seek documents from

13   all sources without limitation as to timeframe.  To the extent Defendants agree to produce

14   documents in response to a particular request, they will do so from a timeframe that is reasonable

15   in light of the nature and scope of the individual request.  Defendants will meet and confer with

16   Plaintiff and will search and produce responsive, non-privileged documents from a relevant time

17   period.

18       7.      Defendants object to each request as overly broad and unduly burdensome to the

19   extent it (a) purports to require Defendants to undertake a search for, and to produce,

20   electronically stored information that is stored on inactive systems, backup tapes, or other media

21   that are no longer part of Defendants' normal business operations, (b) would otherwise impose

22   unreasonable search costs and burdens, or (c) would exceed Defendants' obligations under the

23   Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

24       8.      Defendants' responses and objections shall not waive or prejudice any objections

25   Defendants may later assert, including but not limited to objections as to competency, relevance,

26   materiality, or admissibility of any document in this action, including at trial.

27       9.      Defendants object to Instruction 2 on the grounds, and to the extent that, it purports

28   to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of

1    Civil Procedure and the Local Rules and Orders of this Court.  Defendants will comply with their

2    obligations under Federal Rule of Civil Procedure 26(e).

3         10.     Defendants object to Instruction 3 on the grounds that it is vague, ambiguous,

4    overly broad, and unduly burdensome, and seeks to impose obligations on Defendants that are in

5    excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders

6    of this Court.

7         11.     Defendants object to Instructions 4, 5, and 6 on the grounds, and to the extent that,

8    they purport to impose obligations on Defendants that are in excess of those imposed by the

9    Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

10        12.     Defendants object to Instruction 7 on the grounds that it misstates the law and

11   purports to impose obligations on Defendants that are in excess of those imposed by the Federal

12   Rules of Civil Procedure and the Local Rules and Orders of this Court.

13        13.     Defendants object to Instruction 8 on the grounds, and to the extent that, it seeks to

14   impose obligations on Defendants that are in excess of those imposed by the Federal Rules of

15   Civil Procedure and the Local Rules and Orders of this Court.  To the extent that Defendants

16   withhold a document on privilege grounds, they will log the document in accordance with the

17   Federal Rules of Civil Procedure.  As set forth above, Defendants will not log privileged

18   documents relating to this litigation that post-date the filing of Plaintiff's Complaint in this action.

19        14.     Defendants object to Instruction 9 on the grounds that it purports to impose

20   obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil

21   Procedure and the Local Rules and Orders of this Court.

22        15.     Defendants object to Instruction 10 on the grounds that it purports to impose

23   obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil

24   Procedure and the Local Rules and Orders of this Court.

25        16.     Defendants object to Definition 1 ("YOU," "YOUR," and "DISNEY"), and to each

26   and every request containing any of these terms, on the grounds that they are vague, ambiguous,

27   overly broad, and unduly burdensome.  Defendants construe these terms to refer to Defendants

28

-4-

1   themselves.  To the extent Defendants' responses and objections herein use these terms, they are

2   used as construed herein.

3          17.     Defendants object to Definition 2 ("PIXAR"), and to each and every request

4   containing this term, on the grounds that they are vague, ambiguous, overly broad, and unduly

5   burdensome.  Defendants construe this term to refer to Pixar Animation Studios.  To the extent

6   Defendants' responses and objections herein use this term, they are used as construed herein.

7          18.     Defendants object to Definition 3 ("*FROZEN* TEASER TRAILER"), and to each

8   and every request containing this term, on the grounds that they are overly broad, unduly

9   burdensome, and vague and ambiguous insofar as the term is circularly defined by reference to

10  "scenes constituting all or part of the *FROZEN* TEASER TRAILER."  Defendants will construe

11  this term to refer to the 3D computer animated teaser trailer produced and released by Defendants

12  that is the subject of Plaintiff's Complaint.  To the extent Defendants' responses and objections

13  herein use this term, it is used as construed herein.

14         19.     Defendants object to Definition 4 (redefining "ALL" and "ANY" to mean "any and

15  all"), and to each and every request containing either term or both terms, on the grounds that they

16  are vague, ambiguous, and unintelligible.  Defendants will give these terms their plain English

17  meanings.  To the extent Defendants' responses and objections herein use these terms, they are

18  used as construed herein.

19         20.     Defendants object to Definition 5 ("DOCUMENT"), and to each and every request

20  containing this term, on the ground they are vague, ambiguous, overly broad, and unduly

21  burdensome.  To the extent DOCUMENT is defined by reference to the term

22  "COMMUNICATION," Defendants object that "COMMUNICATION" is not a defined term in

23  the Requests.  Defendants will give "DOCUMENT" its plain meaning and construe the term in

24  accordance with the Federal Rules of Civil Procedure and the Local Rules and Orders of this

25  Court.  To the extent Defendants' responses and objections use this term, it is used as construed

26  herein.

27         21.     Defendants object to Definition 6 ("RELATING"), and to each and every request

28  containing this term, on the grounds that they are vague, ambiguous, overly broad, and unduly

1 burdensome, and to the extent they require Defendants to speculate as to whether documents

2 quality as "relating" to the topic specified.  Defendants will construe this terms in accordance with

3 their plain English meanings.  To the extent Defendants' responses and objections use these terms,

4 they are used as construed herein.

5 **SPECIFIC OBJECTIONS AND RESPONSES**

6 Without waiving, but on the contrary, specifically incorporating into the specific responses

7 below, the Prefatory Statement and General Objections set forth above, Defendants object respond

8 as follows to the individual requests:

9 REQUEST NO. 46:

10 ALL DOCUMENTS INCLUDING handwritten notes, meeting minutes, agendas,

11 handouts, PowerPoint presentations, audio records, and video recordings RELATING to the

12 meeting held in or around 2012 at PIXAR with international marketing teams, as testified to by

13 Peter Del Vecho on October 28, 2014.

14 RESPONSE TO REQUEST NO. 46:

15 Defendants incorporate their Prefatory Statement and General Objections.  Defendants

16 further object to this request on the grounds that it is overly broad, unduly burdensome, and seeks

17 irrelevant information that is not reasonably calculated to lead to the discovery of admissible

18 evidence.  Defendants further specifically object to this request to the extent it seeks information

19 protected from disclosure by the attorney-client privilege, work-product immunity, or any other

20 applicable privilege, protection, or immunity from disclosure.

21 Subject to and without waiver of the foregoing objections, Defendants will produce

22 responsive, non-privileged documents, if any, in their possession that are captured by electronic

23 searches that Defendants have agreed to conduct, following a meet-and-confer and Plaintiff's

24 agreement to electronic search terms, which agreement followed the deposition of Peter Del

25 Vecho on October 28, 2014.

26 REQUEST NO. 47:

27 ALL DOCUMENTS constituting YOUR DOCUMENT retention policy(ies) from 2010

28 through and including the present.

-6-

1    RESPONSE TO REQUEST NO. 47:

2         Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3    object to this request to the extent it seeks information protected from disclosure by the attorney-

4    client privilege, work-product immunity, or any other applicable privilege, protection, or

5    immunity from disclosure.

6         Subject to and without waiving the foregoing objections, Defendants will produce non-

7    privileged documents that are responsive to this request that Defendants are able to locate through

8    a reasonable search and a diligent inquiry.

9    REQUEST NO. 48:

10        ALL DOCUMENTS constituting to YOUR policy(ies) for the time period from 2010

11   through and including the present for evaluating YOUR motion pictures, INCLUDING movie

12   trailers, for potential copyright infringement prior to PUBLICATION.

13   RESPONSE TO REQUEST NO. 48:

14        Defendants incorporate their Prefatory Statement and General Objections.  Defendants

15   object to this request to the extent it seeks information protected from disclosure by the attorney-

16   client privilege, work-product immunity, or any other applicable privilege, protection, or

17   immunity from disclosure.  Defendants further object to this request as vague, ambiguous, overly

18   broad, and unduly burdensome in its use of the undefined term "policy(ies)."  Defendants construe

19   the term "policy(ies)" to mean formal, written directives or instructions, which have been

20   reviewed, approved, and adopted by responsible management, for conducting or performing a

21   specified task.

22        Subject to and without waiving the foregoing objections, Defendants respond that,

23   following a reasonable search and a diligent inquiry, Defendants have no documents responsive to

24   the request as construed.

25   REQUEST NO. 49:

26        ALL DOCUMENTS RELATING to any registration of copyrights RELATING to the

27   *FROZEN* TEASER TRAILER INCLUDING copies of any copyright applications and

28   correspondence with the United States Copyright Office.

-7-

1 | RESPONSE TO REQUEST NO. 49:

2 | Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3 | object to this request to the extent it seeks information protected from disclosure by the attorney-

4 | client privilege, work-product immunity, or any other applicable privilege, protection, or

5 | immunity from disclosure.  Defendants further object to this request on the grounds that it is

6 | overly broad, unduly burdensome, and seeks irrelevant information that is not reasonably

7 | calculated to lead to the discovery of admissible evidence.

8 | Subject to and without waiving the foregoing objections, Defendants will produce a copy

9 | of any copyright applications they filed with the Copyright Office for the *Frozen* teaser trailer.

10 | REQUEST NO. 50:

11 | ALL DOCUMENTS sufficient to show YOUR legal relationship to PIXAR.

12 | RESPONSE TO REQUEST NO. 50:

13 | Defendants incorporate their Prefatory Statement and General Objections.  Defendants

14 | further object to this request to the extent that it seeks documents that are not in Defendants'

15 | possession, custody, or control; are publicly available; or are otherwise available from a more

16 | convenient, more efficient, less burdensome, or less expensive source than Defendants.

17 | Subject to and without waiving the foregoing objections, Defendants will produce

18 | documents sufficient to show the legal relationship of Pixar to Defendants The Walt Disney

19 | Company and Disney Enterprises, Inc.

20 | REQUEST NO. 51:

21 | ALL DOCUMENTS sufficient to show YOUR legal relationship to Afterwork Films.

22 | RESPONSE TO REQUEST NO. 51:

23 | Defendants incorporate their Prefatory Statement and General Objections.  Defendants

24 | further object to this request to the extent that it seeks documents that are not in Defendants'

25 | possession, custody, or control; are publicly available; or are otherwise available from a more

26 | convenient, more efficient, less burdensome, or less expensive source than Defendants.

27 | Defendants further object to this request on the grounds that it seeks irrelevant information that is

28 | not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving the foregoing objections, Defendants will produce

2 documents sufficient to show the legal relationship of Afterwork Films to Defendants The Walt

3 Disney Company and Disney Enterprises, Inc.

4 REQUEST NO. 52:

5    ALL DOCUMENTS sufficient to show the legal relationship between PIXAR and

6 Afterwork Films.

7 RESPONSE TO REQUEST NO. 52:

8    Defendants incorporate their Prefatory Statement and General Objections.  Defendants

9 further object to this request to the extent that it seeks documents that are not in Defendants'

10 possession, custody, or control; are publicly available; or are otherwise available from a more

11 convenient, more efficient, less burdensome, or less expensive source than Defendants.

12 Defendants further object to this request on the grounds that it seeks irrelevant information that is

13 not reasonably calculated to lead to the discovery of admissible evidence.

14    Subject to and without waiving the foregoing objections, Defendants will produce

15 documents sufficient to show the legal relationship of Afterwork Films to Pixar Animation

16 Studios.

17 REQUEST NO. 53:

18    ALL DOCUMENTS constituting YOUR policy(ies) between February 1, 2008 through

19 and including June 18, 2013 RELATING to the treatment of materials submitted by job applicants

20 to YOU.

21 RESPONSE TO REQUEST NO. 53:

22    Defendants incorporate their Prefatory Statement and General Objections.  Defendants

23 object to this request to the extent it seeks information protected from disclosure by the attorney-

24 client privilege, work-product immunity, or any other applicable privilege, protection, or

25 immunity from disclosure.  Defendants further object to this request as vague, ambiguous, overly

26 broad, and unduly burdensome in its use of the undefined term "policy(ies)."  Defendants construe

27 the term "policy(ies)" to mean formal, written directives or instructions, which have been

28

-9-

1   reviewed, approved, and adopted by responsible management, for conducting or performing a

2   specified task.

3          Subject to and without waiving the foregoing objections, Defendants will produce non-

4   privileged documents that are responsive to the request as construed that Defendants are able to

5   locate through a reasonable search and a diligent inquiry.

6

7   DATED:  December 5, 2014               MUNGER, TOLLES & OLSON LLP

8

9                                          By:      */s/ Kelly M. Klaus*
10                                                 KELLY M. KLAUS
                                                   Attorneys for Defendants
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that a true and accurate copy of Defendants' Responses and Objections to

3   Plaintiff's Second Set of Requests for Production was served this 5th day of December, 2014 upon

4   the following via electronic mail:

5

6   J. A. Ted Baer, III (jatedbaer@gmail.com)
    Law Office of J. A. Ted Baer

7   21 E. Canon Perdido Street, Suite 223
    Santa Barbara, CA 93101

8

9   J. Paul Gignac (j.paul@aogllp.com)
    Mischa Nicole Barteau (mbarteau@aogllp.com)

10  Arias Ozzello Gignac LLP
    115 S. La Cumbre Lane, Suite 300

11  Santa Barbara, CA 93105

12

13  DATED:  December 5, 2014                MUNGER, TOLLES & OLSON LLP

14

15                                          By:      */s/ Erin J. Cox*

16                                                   ERIN J. COX
                                                     Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION
3:14-CV-01441-VC