February 13, 2015

**VIA ECF**
The Hon. Vince Chhabria
United States District Judge
San Francisco Courthouse, Courtroom 4 – 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

>          Re:     *Kelly Wilson v. The Walt Disney Company, et al.*, Case No. 3:14-cv-01441-VC,
>                  Defendants' Responses to Plaintiff's Interrogatories

Your Honor:

In compliance with paragraph 14 of Your Honor's January 8, 2015 Standing Order for Civil Cases, the parties to the above-referenced action hereby submit this joint letter regarding discovery disputes related to Defendants' responses to Plaintiff's Interrogatories that remain unresolved.

Respectfully submitted,

ARIAS OZZELLO & GIGNAC LLP                    MUNGER, TOLLES & OLSON LLP
LAW OFFICE OF J.A. TED BAER


\_\_\_\_\_/s/ J. Paul Gignac_____         \_\_\_\_\_/s/ Kelly M. Klaus_____
        J. Paul Gignac                                   Kelly M. Klaus

    Attorneys for Plaintiff                         Attorneys for Defendants


In accordance with Local Rule 5-1(i), the filer attests that each of the above signatories

have concurred in the filing of this document.


Dated: February 13, 2015              By:          /s/ J. Paul Gignac
                                            _____
                                                       J. Paul Gignac

**PLAINTIFF'S POSITION**:

Plaintiff respectfully requests: (1) an order from the Court that Defendants respond to and supplement their responses to Interrogatory Nos. 1, 4-7, and 11-13, and 15-17 by a date certain; and (2) an order from the Court compelling Defendants to respond to Interrogatories based on information known by Pixar.

Plaintiff propounded Interrogatories on Defendants pursuant to Federal Rule of Civil Procedure 33 on 11/5/14 (Exhibit 1). Defendants served responses and objections on 12/5/14 (Exhibit 2). Plaintiff served a second set of Interrogatories on 12/31/14 (Exhibit 3). On 1/30/15, Defendants served responses and objections to the second set of Interrogatories (Exhibit 4).

- Interrogatory No. 1

Defendants refused to respond to this Interrogatory, asserting various meritless and boilerplate objections (Exhibit 2, p. 5) which are insufficient as a matter of law. *See Burlington Northern & Santa Fe Fy. v. United States Dist. Court*, 408 F.3d 1142, 1147 (9th Cir. 2005). This Interrogatory is directly relevant to this litigation because it requests information about a meeting held at Pixar that three Disney witnesses—Peter Del Vecho (producer of *Frozen*), John Lasseter (executive producer of *Frozen*), and Chris Buck (director of *Frozen*)—identified during their depositions as giving rise to the first discussions about Disney's *Frozen* teaser trailer.

- Interrogatory Nos. 4-7

These request information about the attendance of Defendants' employees at the San Francisco International Film Festival in 2011 ("2011 SFIFF"). These ROGs are requesting information directly relevant to showing Defendants' access to Plaintiff's film *The Snowman*. Plaintiff has a photograph of herself on stage with Pixar employees during the 2011 SFIFF after a screening of her film *The Snowman* that was produced to Defendants.

Defendants responded by either refusing to respond or by arbitrarily "construing" the Interrogatories so as to self-servingly limit the scope of their response. The information sought by these Interrogatories is relevant as it bears directly on Defendants' access to *The Snowman*. Moreover, Defendants have not explained why the Interrogatories are unduly burdensome.

- Interrogatory No. 11

This Interrogatory requests information about Defendants' attendance at the 2011 SFIFF. Defendants objected, claiming the requested information was irrelevant and claiming they didn't know whether anyone who worked on Defendants' *Frozen* teaser trailer is currently or previously an employee of Pixar. This information is clearly relevant as it bears directly on Defendants' access to Plaintiff's film *The Snowman*. Plaintiff knows that Pixar employees saw her film, and Plaintiff is entitled to know whether any Pixar employees worked on the *Frozen* teaser trailer. Moreover, Defendants know who worked on the *Frozen* teaser trailer, and, as explained below, Defendants have access to records showing who is or was employed by Pixar.

- Interrogatory No. 12

This requests information about documents relevant to this litigation which have been destroyed. Defendants' objections are insufficient to "voice a successful objection." *Hall v. Tehrani*, 2011 WL 3267759 at *1 (N.D. Cal. July 29, 2011). "As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). "The obligation to retain discoverable materials is an affirmative one; it requires that the agency or corporate officers having notice of discovery obligations communicate those obligations to employees in possession of discoverable materials." *Id.* at 1070. Defendants' own Rule 30(b)(6) witness Matt Roberts testified at his deposition that he

destroys documents on a regular basis at his own discretion.  Mr. Roberts' testimony makes the information sought by this interrogatory extremely relevant as Plaintiff has a right to know which documents related to this litigation have been destroyed by Defendants in order to evaluate whether Defendants have met their obligations to preserve evidence.

- Interrogatory No. 13

Defendants' response to Interrogatory No. 13 is insufficient because it does not identify witnesses or documents that support their response and fails to give contact information for individuals in possession of documents or information supporting their responses.

Defendants' statements that "no further response to this interrogatory is required" because the information may be publicly available are improper and cannot serve as a basis for Defendants to avoid their discovery obligations.  *See Hill v. Asset Acceptance, LLC*, 2014 WL 3014945 at *7 (S.D. Cal. July 3, 2014) (citation omitted) ("the fact that some of the documents might be possessed by Plaintiff or be available to Plaintiff or the public is not a basis for refusing to produce documents that are otherwise discoverable"); *see also Bretana v. International Collection Corp.*, 2008 WL 4334710, *5–6 (N.D. Cal. Sept.22, 2008) (defendant cannot validly object to producing discovery because the information is contained in public records).

- Interrogatory Nos. 15-17

Defendants state in response to Interrogatory No. 15 "that the answer is ascertainable primarily from documents produced in discovery, and the burden of ascertaining such information is substantially the same for Plaintiff as it would be for Defendants."  In addition to being an improper objection (s*ee Hill*, 2014 WL 3014945 at *7), this assertion is not true.  There is no way Plaintiff can ascertain an individual's involvement in the *Frozen* teaser trailer from the documents produced by Defendants.  Defendants have produced "staffing reports" related to other films, including *Wreck-It Ralph*, which show what each staff member's role was on the film.  Defendants have not produced any similar document for *Frozen* or the *Frozen* teaser trailer which would enable Plaintiff to identify what each individual did on the *Frozen* teaser trailer.

With regard to Defendants' responses to Interrogatory Nos. 16 and 17, Defendants' refusal to identify the individuals involved in the creation, development, and production of the *Frozen* teaser trailer (No. 16), and to refuse to describe what each person did with respect to the *Frozen* teaser trailer (No. 17), is unreasonable and unfounded.  Identification of individuals who worked on the *Frozen* teaser trailer is undoubtedly reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Defendants' contention that "the response would be ascertainable from documents produced in discovery, including most notably, Defendants' Initial Disclosures and the minutes of the brainstorming and review meetings for the *Frozen* teaser trailer" is wrong.  Defendants' Initial Disclosures give Plaintiff no information other than a list of individuals "who are likely to have discoverable information that Disney may use to support its defenses."  Plaintiff is not requesting information only about individuals who will support Defendants' case.  Plaintiff is requesting the identity of *all* individuals who worked on the *Frozen* teaser trailer.  Furthermore, Plaintiff requested this information in the depositions of Defendants' witnesses, and the witnesses claimed they could not remember.  Plaintiff still does not have most of this basic information of who actually worked on the *Frozen* teaser trailer.

Request for Order that Defendants' Responses Include the Knowledge of Pixar

Pixar Animation Studios aka Pixar, Inc. is a wholly-owned subsidiary of Defendants The Walt Disney Company and Disney Enterprises, Inc.  Defendants have an obligation to produce information in the possession of nonparty entities that are under their control.  *See Doe v. AT & T W. Disability Benefits Program*, 2012 WL 1669882, at *2 (N.D. Cal. May 14, 2012).

Pixar is under Defendants' control, and Defendants have the ability and right to obtain information from Pixar upon demand.  Article VI ("Covenants") of the Agreement and Plan of Merger by and among The Walt Disney Company, Lux Acquisition Corp. and Pixar, dated January 24, 2006 (the "Merger Agreement"), states that "the Company [Pixar] shall, and shall cause each of its Subsidiaries to, afford to Parent [The Walt Disney Company], […] reasonable access to all of the properties, personnel, books and records of the Company and its Subsidiaries […], and shall furnish promptly all information concerning the business, properties and personnel of the Company and its Subsidiaries as Parent may reasonably request."  (Section 6.7 ("Access    to    Information")    of    the    Merger    Agreement,    available    at http://www.sec.gov/Archives/edgar/data/1001039/000119312506012082/dex21.htm).

In addition to the Merger Agreement establishing The Walt Disney Company's right to access information and documents held by Pixar, other indicia of Defendants' control over Pixar include: (1) Pixar is a wholly-owned subsidiary of Defendants The Walt Disney Company and Disney Enterprises, Inc.; (2) Pixar's business address is registered with the California Secretary of State as 500 S. Buena Vista St., Burbank CA 91521—the same business address as all four Defendants in this case; (3) Pixar and Disney share numerous corporate officers and directors; (4) Pixar is represented in this case by Defendants' counsel; (5) Defendants have already produced some (but not all) documents held by Pixar; and (6) John Lasseter, Chief Creative Officer at both Walt Disney and Pixar Animation Studios, stated in his deposition as follows: "Pixar is part of The Walt Disney Company, so it's all covered under The Walt Disney Company, a wholly owned subsidiary."  (Deposition of John Lasseter, 13:20-22).

## **DEFENDANTS' POSITION**

Interrogatory No. 1: Plaintiff's Interrogatory No. 1 asked Defendants to identify every person who attended a 2012 conference with Disney's and Pixar's international marketing teams. As summarized in Defendants' portion of the joint letter on Plaintiff's RFPs, Plaintiff already has the documents of the five people involved in the development of the *Frozen* teaser trailer who attended the conference, has deposed three of those *Frozen* team members, and noticed—but then withdrew—the deposition of a fourth. Yet Plaintiff, in pushing for the full list of attendees, is apparently pursuing a theory that individuals unrelated to the *Frozen* teaser were embroiled in a plan to copy Plaintiff's work. The *Frozen* team did not even meet to brainstorm ideas for the teaser until months after the conference took place. The utility of a roster of the many attendees at this global conference is unclear; discovery has closed and Plaintiff has no expectation of securing further deposition testimony or documents from additional witnesses.

Interrogatory Nos. 4-5: Through Interrogatory Nos. 4 and 5, Plaintiff asked for a list of every person currently or previously employed by Defendants or Pixar who attended a screening of *The Snowman* at the 2011 San Francisco International Film Festival. Plaintiff's work was screened at this film festival along with a series of other short films, including a short titled *Play by Play* produced by several Pixar employees. Plaintiff has deposed the director and executive producer of *Play by Play*, neither of whom remember seeing Plaintiff's short. Just as importantly, none of the Pixar employees involved with *Play by Play* had any connection to the *Frozen* teaser trailer. As Defendants explicitly told Plaintiff in meet-and-confer correspondence, John Lasseter, the Chief Creative Officer of both Walt Disney Animation Studios and Pixar, was the *only* person from Pixar who participated in creating the *Frozen* teaser trailer. Defendants' interrogatory responses confirmed that no person currently or previously employed by

Defendants or Pixar who worked on the *Frozen* teaser trailer was in attendance at a screening of Plaintiff's work.[1]

Plaintiff is now pressing for the name of any person ever employed by any Defendant or Pixar who (a) was present for a screening of *The Snowman* at this 2011 film festival, and (b) did not work on the *Frozen* teaser trailer. Plaintiff is asking for the impossible. Defendants do not keep a log of which employees (or former employees) attend which film festivals in their free time. Plaintiff's meet-and-confer letter suggested that Defendants "send out an email" to any person who now works, or at any time in the past ever worked, at any Defendant or at Pixar in order to satisfactorily respond to Plaintiff's discovery requests. That is self-evidently incorrect— it is not Defendants' obligation to take third-party discovery of thousands of individuals. (Defendants and their subsidiaries have approximately 180,000 employees—not to mention the tens of thousands of former employees encompassed by Plaintiff's request.) Moreover, Plaintiff has already subpoenaed the organizers of the film festival for a list of attendees—further demonstrating the unnecessary burden of requiring the undertaking that Plaintiff demands.

Interrogatory Nos. 6-7: These interrogatories ask that Defendants identify whether the individuals appearing in a photograph alongside Plaintiff and her co-creator at the same 2011 film festival have ever been employees of any Defendant or of Pixar. Plaintiff herself identified two people in the photograph as Carlos Baena, the co-director of *Play by Play*, and Bob Roden, the writer of the short. Based on that belief, Plaintiff noticed the depositions of both Mr. Baena and Mr. Roden.  Through the deposition of Mr. Baena, Plaintiff learned that she had mistaken another Pixar employee who worked on *Play by Play* (David Munier) for Mr. Roden in the photo.  Mr. Baena identified two other people in the photograph, but did not know the remaining three people, including Plaintiff and her co-creator (Neil Wrischnick).

Hours after Mr. Baena's deposition concluded, Plaintiff withdrew the deposition of Mr. Roden, set to take place later that week, and noticed the depositions of Mr. Munier and Elyse Klaidman, a Pixar employee who was *Play by Play*'s Executive Producer and who also attended the San Francisco Film Festival. Defendants arranged to make Ms. Klaidman available for deposition on very short notice, and had secured a date for Mr. Munier's deposition.  After deposing Ms. Klaidman, however, Plaintiff withdrew her notice for Mr. Munier's deposition. We understand from our discussions with Mr. Munier that the one person not previously identified (a woman at the far left of the photo) was involved with another film shown at the festival; she is not affiliated with Pixar or Defendants.  The photo and the identities of the people in it are much ado about nothing.  The motion should be denied as to these interrogatories.

Interrogatory No. 12: Plaintiff asks Defendants to identify every document relating to the *Frozen* teaser trailer that has been destroyed and no longer exists—an impossible task. Plaintiff's basis for moving on this request—the insinuation that Defendants failed to meet their evidence-preservation duties—is flatly wrong and is based on an incredibly misleading characterization of testimony from Matt Roberts, a recruiter for Walt Disney Animation Studios.

In the first place, it is important to be clear that Defendants have and have had a litigation hold in place regarding this lawsuit.  Mr. Roberts's testimony does not undermine the litigation hold.  The testimony that Plaintiff seizes on from Mr. Roberts is that Walt Disney Animation Studios recycles hard copy documents sent by unsuccessful applicants after a position is filled.

---

[1] Defendants further identified Mr. Lasseter in their response to Interrogatory No. 18 as the only person who created, developed, or produced the *Frozen* teaser trailer who worked at Pixar between February 2008 and June 2013.

That has absolutely nothing to do with the litigation hold.  Plaintiff never formally applied for a position with Walt Disney Animation Studios, and her co-creator (Mr. Wrischnik) most recently applied in *April 2010*—nearly *three years* before work began on the *Frozen* teaser trailer, and four years before Plaintiff filed suit.  If Mr. Wrischnik actually submitted any materials with his unsuccessful application in 2010, and if Disney recycled those materials when the application was rejected, that does not demonstrate a breach of any duty to preserve material relevant to this case.  The motion to compel on this interrogatory should be denied.

Interrogatory No. 13: Plaintiff is moving to compel the names and contact information for people who have knowledge of facts supporting any RFA response which is not an unqualified admission.  Defendants identified their officers and directors and individuals listed in their initial disclosures, stating that current employees could be contacted through their counsel. Defendants later identified their 44 officers and directors by name. Defendants also provided Plaintiff with a signed certificate from the Assistant Secretary of The Walt Disney Company attesting to the legal relationship between affiliated Disney entities. Although such information is publicly available, Plaintiff appears to be moving to compel the identification of a witness knowledgeable as to these facts; if that is the case, then the Assistant Secretary is clearly the relevant witness.

Interrogatory Nos. 15-17: On New Year's Eve—exactly 30 days before the discovery cut-off, Plaintiff served these interrogatories, asking for a list of everyone involved with any aspect of the creation or production of the teaser trailer, and a detailed description of their contribution.  These requests came more than two months after Plaintiff deposed Defendants' Rule 30(b)(6) witness on topics relating to the creation, development, and production of the *Frozen* teaser trailer, including the individuals involved in that process. The deponent (Mr. Del Vecho, the movie's producer) provided a roadmap of the individuals in charge of each of the stages of production, including story, layout, animation, lighting—more than 40 individuals in total.  Plaintiff also had in hand minutes listing the participants in brainstorming meetings where the concept for the *Frozen* teaser trailer took shape. Yet, Plaintiff waited until the last possible day to serve interrogatories asking for a further list of anyone involved with the teaser trailer— literally hundreds of people. Any suggestion that Plaintiff needed these names to consider further depositions is preposterous: Defendants' responses were not due until the last day of discovery, so Plaintiff would not and could not serve additional deposition notices.

Defendants' responses, served on the last day of discovery, stated that the requested information is ascertainable from documents produced in discovery, and the burden of ascertaining that information is substantially the same for Plaintiff as it would be for Defendants. As purported evidence of her inability to figure out who worked on the teaser trailer from the more than 72,000 pages of documents from Defendants, Plaintiff asserts that Defendants have not produced a "staffing report" for *Frozen* or the teaser trailer which shows what each staff member's role was on the film. That is wrong. Defendants have produced several documents reflecting such information for *Frozen.* For instance, an Excel spreadsheet Bates labeled WDP_00013371 lists 583 individuals who worked on the *Frozen* film, their title, department, and the number of hours they had billed to the project through July 2013 (ranging from 6,600 hours to 1 hour).  Many of these same people worked on the teaser trailer.  The only ones involved in brainstorming the trailer already were identified in the brainstorming minutes and at Mr. Del Vecho's deposition.  Plaintiff's request that Defendants, at the end of discovery, comb through records to identify entirely irrelevant information about what every "below-the-line" employee did to create every cell of the teaser trailer is not a request for legitimate discovery.

# EXHIBIT 1

1    J. Paul Gignac, State Bar No. 125676
     Mischa N. Barteau, State Bar No. 274474
2    **ARIAS OZZELLO & GIGNAC LLP**
     115 S. La Cumbre Lane, Suite 300
3    Santa Barbara, California 93105
     Telephone:  (805) 683-7400
4    Facsimile:  (805) 683-7401
     j.paul@aogllp.com
5    mbarteau@aogllp.com

6    J.A. Ted Baer, State Bar No. 135092
     **LAW OFFICE OF J.A. TED BAER**
7    21 E. Canon Perdido Street, Suite 223
     Santa Barbara, California 93101
8    Telephone:  (805) 963-7177
     Facsimile:  (801) 730-2874
9    ted@tedbaerlaw.com

10   Attorneys for Plaintiff
     Kelly Wilson

11

12                    **UNITED STATES DISTRICT COURT**

13        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

14

15   KELLY WILSON, an individual,              Case No.  3:14-cv-01441-VC

16            Plaintiff,
                                               **PLAINTIFF'S FIRST SET OF**
17        vs.                                  **INTERROGATORIES TO DEFENDANT**
                                               **THE WALT DISNEY COMPANY**
18   THE WALT DISNEY COMPANY, a Delaware       **(NOS. 1-13)**
     corporation; DISNEY ENTERPRISES, INC., a
19   Delaware corporation; WALT DISNEY
     PICTURES, a California corporation; WALT  Honorable Vince G. Chhabria
20   DISNEY MOTION PICTURES GROUP, INC.,
     a California corporation; and DOES 1 through
21   25, inclusive,

22            Defendants.

23

24

25   PROPOUNDING PARTY:        Plaintiff

26   RESPONDING PARTY:         Defendant The Walt Disney Company

27   SET NO.:                  One

28

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

*(sidebar, vertical text:)* **ARIAS OZZELLO & GIGNAC LLP**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff requests Defendant The Walt Disney Company respond to the following interrogatories in writing and under oath within 30 days following service.

Responses should be produced to J. Paul Gignac at the law firm of Arias Ozzello & Gignac LLP, 115 S. La Cumbre Lane, Suite 300, Santa Barbara, CA 93105.

## INSTRUCTIONS

1.     YOUR responses shall set forth the Interrogatories, and their answers, and shall answer each Interrogatory separately and fully in writing under oath, or shall state fully the grounds for refusing to answer ANY Interrogatory.  The responses shall be signed by YOU.

2.     These Interrogatories are continuing in character.  YOU must promptly supplement or amend YOUR responses pursuant to Federal Rule of Civil Procedure 26(e).

3.     In answering these Interrogatories, if YOU encounter ANY ambiguities in construing a question, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## DEFINITIONS

As used in these Interrogatories, the terms set forth below shall have the following meanings.

1.      "YOU," "YOUR," and "DISNEY" means The Walt Disney Company, and all of its agents, subsidiaries, divisions, and related entities (and all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.), and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, suppliers, investigators, representatives, and any other person or entity acting for you or on your behalf, or at your request, and other persons acting or purporting to act on behalf of or at the request of any and all of the above entities and persons.

2.      "PIXAR" means Pixar Inc. also known as Pixar Animation Studios, and all of its agents, subsidiaries, divisions, and related entities (and all of their agents,

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

subsidiaries, divisions, predecessors, successors, assignees, etc.), and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, suppliers, investigators, representatives, and any other person or entity acting for Pixar or on Pixar's behalf, or at Pixar's request, and other persons acting or purporting to act on behalf of or at the request of any and all of the above entities and persons.

3.    "*THE SNOWMAN*" refers to Plaintiff Kelly Wilson's animated short film that is the subject of the Complaint in Case No. 3:14-cv-01441-VC.

4.    "*FROZEN* TEASER TRAILER" refers to the trailer for the feature length film *FROZEN*, INCLUDING ALL drafts, versions, and iterations thereof, and scenes constituting all or part of the *FROZEN* TEASER TRAILER, which is alleged in the Complaint to infringe upon *THE SNOWMAN*.

5.    "ALL" means "any and all," and the word "ANY" means "any and all."

6.    "DOCUMENT" means and refers to ALL things that come within the definition of "document" contained in Federal Rule of Civil Procedure 34(a) and/or within the definitions of writings, recordings and photographs contained in Federal Rule of Evidence 1001, INCLUDING, without limitation:  documents of ANY kind, however reproduced and however transcribed; existing and deleted electronic mail ("email"), INCLUDING forwarded messages, replies, copies, blind copies, attachments of ANY kind thereto, and ALL associated electronic metadata; existed or deleted electronic instant messages ("IMs") sent or received using ANY instant messaging software of ANY kind, INCLUDING IM strings; electronic recordings of ANY kind, INCLUDING optically scanned documents, portable document format files ("PDFs"), computer program files, data files, and/or source code; photographs or other visual or audio-visual recordings of ANY kind, INCLUDING still or motion pictures, microfilm, microfiche, videotapes, DVDs, Blu-ray, or laser discs; sound recordings of ANY kind, INCLUDING voice mail, cassettes, microcassettes, or compact discs; and ANY of the foregoing constituting, repeating, or reflecting ANY communication.  "DOCUMENT" also includes ALL drafts of, iterations,

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

amendments, supplements to, and attachments to ANY of the foregoing whether prepared by YOU or by ANY other PERSON, as well as ANY copies that differ from the copy being produced (e.g., a copy that contains handwritten notes, highlighting, interlineation, underlining, a "redline," or the like).

7.    "PERSON" means and refers to ANY natural person or entity, INCLUDING partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of ANY kind, and ANY agent of the foregoing.

8.    "IDENTIFY" when used in reference to a PERSON requires that the Responding Party provide the name, last known address, telephone number, email address and title of the PERSON, and detail the relationship of the PERSON to the Responding Party.  If any of the above information is not available to YOU, then state any other available means of identifying such PERSON.

9.    "IDENTIFY" when used in reference to a DOCUMENT means to describe the type of DOCUMENT (for example, email, letter, memorandum, storyboard, etc.), its date and author, its present location or custodian (or each if there is more than one copy), every author (whether or not such person signed the document), and every PERSON who sent the document and to whom such document or any copy was given or sent.  If any of the above information is not available to YOU, then state any other available means of identifying such DOCUMENT.

10.    "RELATING" shall be interpreted in the broadest sense to mean refer, relate, comment upon, concern, consist of, contain, constitute, contradict, describe, disclose, discuss, dispute, evidence, explain, identify, indicate, involve, memorialize, mention, negate, pertain to, record, reference, reflect, refute, show, summarize, support, suggest, undermine, arise out of, touch upon, or otherwise be connected with in any way to the subject matter indicated.

11.    "INCLUDING" means including, but not limited to.

/ / /

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORIES**

ARIAS OZZELLO & GIGNAC LLP

**INTERROGATORY NO. 1:**

IDENTIFY every PERSON who attended the meeting held in or around 2012 at PIXAR with international marketing teams, as testified to by Peter Del Vecho on October 28, 2014.

**INTERROGATORY NO. 2:**

IDENTIFY every PERSON currently or previously employed by YOU that worked on the *FROZEN* TEASER TRAILER and who viewed *THE SNOWMAN* prior to June 18, 2013.

**INTERROGATORY NO. 3:**

IDENTIFY every PERSON currently or previously employed by PIXAR that worked on the *FROZEN* TEASER TRAILER and who viewed *THE SNOWMAN* prior to June 18, 2013.

**INTERROGATORY NO. 4:**

IDENTIFY every PERSON currently or previously employed by YOU who was in attendance at a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

**INTERROGATORY NO. 5:**

IDENTIFY every PERSON currently or previously employed by PIXAR who was in attendance at a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

**INTERROGATORY NO. 6:**

IDENTIFY every PERSON currently or previously employed by YOU who is featured in the photograph taken at the San Francisco International Film Festival in 2011, attached hereto as Exhibit A.

**INTERROGATORY NO. 7:**

IDENTIFY every PERSON currently or previously employed by PIXAR who is featured in the photograph taken at the San Francisco International Film Festival in 2011,

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

attached hereto as Exhibit A.

**INTERROGATORY NO. 8:**

Explain the legal relationship between YOU and PIXAR.

**INTERROGATORY NO. 9:**

Explain the legal relationship between YOU and Afterwork Films.

**INTERROGATORY NO. 10:**

Explain the legal relationship between PIXAR and Afterwork Films.

**INTERROGATORY NO. 11:**

IDENTIFY every PERSON who worked on the *FROZEN* TEASER TRAILER who is currently or previously an employee of PIXAR.

**INTERROGATORY NO. 12:**

IDENTIFY every DOCUMENT RELATING to the *FROZEN* TEASER TRAILER that has been destroyed, discarded, or otherwise disposed of, INCLUDING the following information: (a) type of DOCUMENT; (b) subject matter of DOCUMENT; (c) date of disposal; (d) manner of disposal; (e) reason for disposal; (f) PERSON authorizing the disposal; and (g) the PERSON(s) disposing of the DOCUMENT.

**INTERROGATORY NO. 13:**

For each of YOUR responses to Plaintiff's First Set of Requests for Admission that is not an unqualified admission, describe with particularity why the matter cannot be admitted without qualification, and: (a) state the number of the Request for Admission; (b) state all facts upon which YOU base YOUR response; (c) state the names, addresses, and telephone numbers of ALL PERSONS who have knowledge of those facts; and (d) identify ALL DOCUMENTS and other tangible things that support YOUR response and state the name, address, and telephone number of the PERSON who has each DOCUMENT or thing.

/ / /

/ / /

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

ARIAS OZZELLO & GIGNAC LLP

Dated:  November 5, 2014          ARIAS OZZELLO & GIGNAC LLP


                                   By:   */s/ Mischa N. Barteau*
                                         _____
                                         J. Paul Gignac
                                         Mischa N. Barteau

                                         LAW OFFICE OF J.A. TED BAER
                                         J.A. Ted Baer

                                         Attorneys for Plaintiff
                                         Kelly Wilson

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**



# EXHIBIT A

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the State of California, County of Santa Barbara.  I am over the age of 18 and not a party to the within suit; my business address is 115 S. La Cumbre Lane, Suite 300, Santa Barbara, California 93105.

On November 5, 2014, I served the document described as:

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT THE WALT DISNEY COMPANY (NOS. 1-13) (WITH EXHIBIT A)**

on the interested parties in this action by sending [ ] the original [or] [✔] a true copy thereof to interested parties as follows:

Kelly Klaus  -  Kelly.Klaus@mto.com
Jordan Segall  -  Jordan.Segall@mto.com
Erin Cox -  erin.cox@mto.com

*Attorneys for Defendants*

J. Paul Gignac -  j.paul@aogllp.com
Mischa Barteau  -  mbarteau@aogllp.com
J.A. Ted Baer  -  jatedbaer@gmail.com

*Attorneys for Plaintiff*

[    ]    **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Santa Barbara, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Santa Barbara, CA.

[    ]    **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action from Santa Barbara, California.

[✔  ]    **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail addresses of record in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 5, 2014** at Santa Barbara, California.

| Mischa N. Barteau | */s/ Mischa N. Barteau* |
|---|---|
| Type or Print Name | Signature |

**CERTIFICATE OF SERVICE**

# EXHIBIT 2

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ERIN J. COX (State Bar No. 267954)
erin.cox@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY WILSON,<br><br>                Plaintiff,<br><br>          v.<br><br>THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., WALT DISNEY PICTURES, and WALT DISNEY MOTION PICTURES GROUP, INC.,<br><br>                Defendants. | Case No. 3:14-cv-01441-VC<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1 - 13)**<br><br>Judge:    Hon. Vince G. Chhabria |

25194423.2

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants The Walt Disney Company; Disney Enterprises, Inc.; Walt Disney Pictures; and Walt Disney Motion Pictures Group, Inc. (collectively, "Defendants") respond and object as follows to Plaintiff Kelly Wilson's First Set of Interrogatories (the "Interrogatories"):

## PREFATORY STATEMENT

Defendants have not completed their investigation relating to this action, have not completed discovery, and have not completed preparation for trial.  These responses are limited to the information known to Defendants at this time and do not constitute a waiver of their right to introduce additional documents, facts, or evidence at trial or otherwise.  Defendants reserve the right to alter or to supplement these responses as additional information becomes known to them, but undertake no obligation to do so beyond the obligations imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

## GENERAL OBJECTIONS

1.      Defendants object to the Interrogatories, including the definitions and instructions set forth therein, to the extent that they purport to impose obligations that are inconsistent with, or beyond those required by, the Federal Rules of Civil Procedure, the Local Rules or Orders of this Court, or other applicable rule or law.  Defendants will construe and respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules and Orders of this Court, and other applicable authority.

2.      Defendants object to each and every interrogatory on the grounds and to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint-defense privilege, the common-interest privilege, or any other applicable privilege, immunity, or protection.  Defendants intend to and do claim all such privileges and protections, and the inadvertent disclosure of privileged or protected information shall not constitute or give rise to a waiver of any such privilege or protection.

3.      Defendants object to each and every interrogatory to the extent it seeks disclosure of confidential, proprietary, competitively sensitive, or financial information of Defendants, their affiliates or employees, or any third party, on the grounds that such interrogatory is overly broad,

unduly burdensome, oppressive, and invasive of privacy rights protected by the federal and state Constitutions, statutes, and common law.  Defendants will not produce any such information except pursuant to a confidentiality protective order that provides appropriate protections for such information, including "Highly Confidential" treatment for appropriately designated information.

4.     Defendants object to each and every interrogatory as overly broad, unduly burdensome, and oppressive to the extent it (a) calls for information that is not in Defendants' possession, custody, or control; or (b) calls for information that is available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants or through a more convenient, more efficient, less burdensome, or less expensive means than responding to Plaintiff's interrogatories.  Defendants further object to each and every interrogatory to the extent it purports to seek the discovery of information that is in the possession, custody, or control of any or all of Defendants' parents, affiliates, or subsidiaries that have corporate identities separate and apart from that of Defendants, on the grounds that such information is not in Defendants' possession, custody, or control.  Defendants further object to each and every interrogatory on the grounds and to the extent that it requests information that is public, already in Plaintiff's possession, custody, or control, or otherwise available to Plaintiff from sources other than Defendants.

5.     Defendants object to each and every interrogatory to the extent it purports to seek information from all sources without limitation as to timeframe.  To the extent Defendants agree to produce information in response to a particular interrogatory, they will do so from a timeframe that is reasonable, taking into account the nature and scope of the individual interrogatory.

6.     Defendants' responses and objections shall not waive or prejudice any objections Defendants may later assert, including but not limited to objections as to competency, relevance, materiality, or admissibility of any information in this action, including at trial.

7.     Defendants object to Instruction 1 on the grounds, and to the extent that, it purports to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

8.      Defendants object to Instruction 2 on the grounds, and to the extent that, it purports to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.  Defendants will comply with their obligations under Federal Rule of Civil Procedure 26(e).

9.      Defendants object to Instruction 3 on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and seeks to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

10.     Defendants object to Definition 1 ("YOU," "YOUR," and "DISNEY"), and to each and every interrogatory containing any of these terms, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  Defendants construe these terms to refer to themselves.  To the extent Defendants' responses and objections herein use these terms, they are used as construed herein.

11.     Defendants object to Definition 2 ("PIXAR"), and to each and every interrogatory containing this term, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  Defendants construe this term to refer to Pixar Animation Studios.  To the extent Defendants' responses and objections herein use the term "Pixar", it is used as construed herein.

12.     Defendants object to Definition 4 ("*FROZEN* TEASER TRAILER"), and to each and every interrogatory containing this term, on the grounds that they are overly broad, unduly burdensome, and vague and ambiguous insofar as the term is circularly defined by reference to "scenes constituting all or part of the *FROZEN* TEASER TRAILER."  Defendants will construe this term to refer to the 3D computer animated teaser trailer produced and released by Defendants that is the subject of Plaintiff's Complaint.  To the extent Defendants' responses and objections herein use the term "*Frozen* teaser trailer," it is used as construed herein.

13.     Defendants object to Definition 5 (redefining "ALL" and "ANY" to mean "any and all"), and to each and every interrogatory containing either term or both terms, on the grounds that they are vague, ambiguous, and unintelligible.  Defendants will give these terms their plain

English meanings.  To the extent Defendants' responses and objections herein use these terms, they are used as construed herein.

14.     Defendants object to Definition 6 ("DOCUMENT"), and to each and every interrogatory, definition, or instruction containing this term, as overly broad and unduly burdensome. Defendants will construe "DOCUMENT" in accordance with the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.  To the extent Defendants' responses and objections herein use this term, it is used as construed herein.

15.     Defendants object to Definition 8 (definition of "IDENTIFY" "when used in reference to a PERSON"), and to each and every interrogatory, definition, and instruction using this term in this context, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  Defendants shall give the term "Identify" a reasonable construction.

16.     Defendants object to Definition 9 (definition of "IDENTIFY" "when used in reference to a DOCUMENT") and to each and every interrogatory, definition, and instruction using this term in this context, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  Defendants shall give the term "Identify" a reasonable construction.

17.     Defendants object to Definition 10 ( "RELATING"), and to each and every interrogatory containing this term, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome, and to the extent they require Defendants to speculate as to whether documents "relate" the topic specified.  Defendants will construe this term in accordance with its plain English meaning.  To the extent Defendants' responses and objections herein use this term, it is used as construed herein.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiving, but on the contrary, specifically incorporating into the specific responses below, the Prefatory Statement and General Objections set forth above, Defendants object and respond as follows to the individual interrogatories:

INTERROGATORY NO. 1:

IDENTIFY every PERSON who attended the meeting held in or around 2012 at PIXAR with international marketing teams, as testified to by Peter Del Vecho on October 28, 2014.

RESPONSE TO INTERROGATORY NO. 1:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this interrogatory as vague and ambiguous in its use of the undefined phrase "international marketing teams," and its identification of an unspecified "meeting" occurring "in or around" a one-year time period.

INTERROGATORY NO. 2:

IDENTIFY every PERSON currently or previously employed by YOU that worked on the *FROZEN* TEASER TRAILER and who viewed *THE SNOWMAN* prior to June 18, 2013.

RESPONSE TO INTERROGATORY NO. 2:

Defendants incorporate their Prefatory Statement and General Objections.

Subject to and without waiving the foregoing objections, Defendants respond as follows: After a search of reasonable diligence, to the best of Defendants' knowledge, no person currently or previously employed by Defendants who worked on the *Frozen* teaser trailer viewed *The Snowman* prior to June 18, 2013.

INTERROGATORY NO. 3:

IDENTIFY every PERSON currently or previously employed by PIXAR that worked on the *FROZEN* TEASER TRAILER and who viewed *THE SNOWMAN* prior to June 18, 2013.

RESPONSE TO INTERROGATORY NO. 3:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this interrogatory to the extent that it seeks information that is not in Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendants respond as follows: After a search of reasonable diligence, to the best of Defendants' knowledge, no person currently or previously employed by Pixar Animation Studios who worked on the *Frozen* teaser trailer viewed *The Snowman* prior to June 18, 2013.

INTERROGATORY NO. 4:

IDENTIFY every PERSON currently or previously employed by YOU who was in attendance at a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

RESPONSE TO INTERROGATORY NO. 4:

Defendants incorporate their Prefatory Statement and General Objections. Defendants further object to this interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and that it is overbroad and unduly burdensome to the extent that it purports to require each named defendant to conduct an investigation into whether any individual who now works, or at any time in the past ever worked, at any Defendant attended a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011. Defendants construe this interrogatory to ask Defendants to identify, based on their current knowledge as a result of Plaintiff's allegations in this lawsuit, any current or former employee of any Defendant who had any involvement in the creation, development or production of the *Frozen* teaser trailer attended a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

Subject to and without waiving the foregoing objections, Defendants respond as follows: After a search of reasonable diligence, to the best of Defendants' knowledge, no person currently or previously employed by Defendants who worked on the *Frozen* teaser trailer attended a screening of *The Snowman* at the San Francisco International Film Festival in 2011.

INTERROGATORY NO. 5:

IDENTIFY every PERSON currently or previously employed by PIXAR who was in attendance at a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

RESPONSE TO INTERROGATORY NO. 5:

Defendants incorporate their Prefatory Statement and General Objections. Defendants further object to this interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object

1   to this interrogatory to the extent that it seeks information that is not in Defendants' possession,

2   custody, or control.  Defendants further object to this interrogatory on the grounds that it is

3   overbroad and unduly burdensome to the extent that it purports to require Defendants to conduct

4   an investigation into whether any individual who now works, or at any time in the past ever

5   worked, at Pixar Animation Studios attended a screening of *THE SNOWMAN* at the San Francisco

6   International Film Festival in 2011.  Defendants construe this request to ask Defendants to

7   identify, based on their current knowledge as a result of Plaintiff's allegations in this lawsuit, that

8   any current or former employee of Pixar Animation Studios who had any involvement in the

9   creation, development or production of the *Frozen* teaser trailer attended a screening of *THE*

10  *SNOWMAN* at the San Francisco International Film Festival in 2011.

11       Subject to and without waiving the foregoing objections, Defendants respond as follows:

12  After a search of reasonable diligence, to the best of Defendants' knowledge, no person currently

13  or previously employed by Pixar Animation Studios who worked on the *Frozen* teaser trailer

14  attended a screening of *The Snowman* at the San Francisco International Film Festival in 2011.

15  <u>INTERROGATORY NO. 6:</u>

16       IDENTIFY every PERSON currently or previously employed by YOU who is featured in

17  the photograph taken at the San Francisco International Film Festival in 2011, attached hereto as

18  Exhibit A.

19  <u>RESPONSE TO INTERROGATORY NO. 6:</u>

20       Defendants incorporate their Prefatory Statement and General Objections. Defendants

21  further object to this interrogatory to the extent that it seeks information that is not in Defendants'

22  possession, custody, or control.  Defendants further object to this interrogatory to the extent that it

23  seeks information that is already in Plaintiff's possession, custody, or control, or is otherwise

24  available from a more convenient, more efficient, less burdensome, or less expensive source than

25  Defendants.

26       Subject to and without waiving the foregoing objections, Defendants respond as follows:

27  No person employed by Defendants who worked on the *Frozen* teaser trailer appear in the

28  photograph attached as Exhibit A.

INTERROGATORY NO. 7:

IDENTIFY every PERSON currently or previously employed by PIXAR who is featured in the photograph taken at the San Francisco International Film Festival in 2011, attached hereto as Exhibit A.

RESPONSE TO INTERROGATORY NO. 7:

Defendants incorporate their Prefatory Statement and General Objections. Defendants further object to this interrogatory to the extent that it seeks information that is not in Defendants' possession, custody, or control, and on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 8:

Explain the legal relationship between YOU and PIXAR.

RESPONSE TO INTERROGATORY NO. 8:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this interrogatory to the extent that it seeks information that is publicly available or is otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants.  Defendants further object to this interrogatory as vague and ambiguous in its use of the undefined term "legal relationship."  Defendants construe the term "legal relationship" to mean a parent-subsidiary relationship.

Subject to and without waiving the foregoing objections, Defendants respond that Pixar Animation Studios is an indirect, wholly-owned subsidiary of Defendant The Walt Disney Company and a direct, wholly-owned subsidiary of Defendant Disney Enterprises, Inc.

INTERROGATORY NO. 9:

Explain the legal relationship between YOU and Afterwork Films.

RESPONSE TO INTERROGATORY NO. 9:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this interrogatory to the extent that it seeks information that is publicly available or is otherwise

1  available from a more convenient, more efficient, less burdensome, or less expensive source than

2  Defendants.  Defendants further object to this interrogatory as vague and ambiguous in its use of

3  the undefined term "legal relationship."  Defendants construe the term "legal relationship" to mean

4  a parent-subsidiary relationship.

5      Subject to and without waiving the foregoing objections, Defendants respond that

6  Afterwork Films is an indirect subsidiary of Defendants The Walt Disney Company and Disney

7  Enterprises, Inc.

8  INTERROGATORY NO. 10:

9      Explain the legal relationship between PIXAR and Afterwork Films.

10  RESPONSE TO INTERROGATORY NO. 10:

11      Defendants incorporate their Prefatory Statement and General Objections. Defendants

12  further object to this interrogatory to the extent that it seeks information that is publicly available

13  or is otherwise available from a more convenient, more efficient, less burdensome, or less

14  expensive source than Defendants, and on the grounds that it seeks irrelevant information that is

15  not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further

16  object to this interrogatory as vague and ambiguous in its use of the undefined term "legal

17  relationship."  Defendants construe the term "legal relationship" to mean a parent-subsidiary

18  relationship.

19      Subject to and without waiving the foregoing objections, Defendants respond that

20  Afterwork Films is a subsidiary of Pixar.

21  INTERROGATORY NO. 11:

22      IDENTIFY every PERSON who worked on the *FROZEN* TEASER TRAILER who is

23  currently or previously an employee of PIXAR.

24  RESPONSE TO INTERROGATORY NO. 11:

25      Defendants incorporate their Prefatory Statement and General Objections. Defendants

26  further object to this interrogatory to the extent that it seeks information that is not in Defendants'

27  possession, custody, or control, and on the grounds that it seeks irrelevant information that is not

28  reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 12:

IDENTIFY every DOCUMENT RELATING to the *FROZEN* TEASER TRIALER that has been destroyed, discarded, or otherwise disposed of, INCLUDING the following information: (a) type of DOCUMENT; (b) subject matter of DOCUMENT; (c) date of disposal; (d) manner of disposal; (e) reason for disposal; (f) PERSON authorizing the disposal; and (g) the PERSON(s) disposing of the DOCUMENT.

RESPONSE TO INTERROGATORY NO. 12:

Defendants incorporate their Prefatory Statement and General Objections. Defendants further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

INTERROGATORY NO. 13:

For each of YOUR responses to Plaintiff's First Set of Requests for Admission that is not an unqualified admission, describe with particularity why the matter cannot be admitted without qualification, and: (a) state the number of the Request for Admission; (b) state all facts upon which YOU base YOUR response; (c) state the names, addresses, and telephone numbers of ALL PERSONS who have knowledge of those facts; and (d) identify ALL DOCUMENTS and other tangible things that support YOUR response and state the name, address, and telephone number of the PERSON who has each DOCUMENT or thing.

RESPONSE TO INTERROGATORY NO. 13:

Request for Admission No. 1: Pixar Animation Studios is an indirect, wholly-owned subsidiary of Defendant The Walt Disney Company, and a direct, wholly-owned subsidiary of Defendant Disney Enterprises, Inc.  Pixar Animation Studios is not a wholly-owned subsidiary of the other defendants in this action.  This information is publicly available and, therefore, no further response to this interrogatory is required.

Request for Admission No. 2: No Defendant actively exercises continuous, supervisory control over the day-to-day operations and details of Pixar Animation Studio's business. Witnesses knowledgeable about this fact include the officers and directors of Pixar Animation

Studios, and the officers and directors of Defendants. Defendants' officers and directors can be contacted through Defendants' counsel.

Request for Admission No. 7: Afterwork Films is an indirect subsidiary of Defendants The Walt Disney Company and Disney Enterprises, Inc. Afterwork Films is not a subsidiary of the other defendants in this action. This information is publicly available and, therefore, no further response to this interrogatory is required.

Request for Admission No. 9: Based on Defendants' current knowledge as a result of Plaintiff's allegations in this lawsuit, no current or former employee of any Defendant who had any involvement in the creation, development or production of the *Frozen* teaser trailer attended a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011. Witnesses knowledgeable about this fact include individuals identified in Defendants' initial disclosures as having involvement in the creation, development or production of the *Frozen* teaser trailer. Current employees of Defendants can be contacted through Defendants' counsel.

Request for Admission No. 10: Based on Defendants' current knowledge as a result of Plaintiff's allegations in this lawsuit, no current or former employee of Pixar Animation Studios who had any involvement in the creation, development or production of the *Frozen* teaser trailer attended a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011. Witnesses knowledgeable about this fact include individuals identified in Defendants' initial disclosures as having involvement in the creation, development or production of the *Frozen* teaser trailer. Current employees of Defendants can be contacted through Defendants' counsel.

Request for Admission No. 11: Based on Defendants' current knowledge as a result of Plaintiff's allegations in this lawsuit, no current or former employee of any Defendant who had any involvement in the creation, development or production of the *Frozen* teaser trailer saw *THE SNOWMAN* prior to Defendants' creation of the *Frozen* teaser trailer. Witnesses knowledgeable about this fact include individuals identified in Defendants' initial disclosures as having involvement in the creation, development or production of the *Frozen* teaser trailer. Current employees of Defendants can be contacted through Defendants' counsel.

DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES, 3:14-CV-01441-VC

1    Request for Admission No. 12:  Based on Defendants' current knowledge as a result of

2    Plaintiff's allegations in this lawsuit, no current or former employee of Pixar Animation Studios

3    who had any involvement in the creation, development or production of the *Frozen* teaser trailer

4    saw *THE SNOWMAN* prior to Defendants' creation of the *Frozen* teaser trailer.  Witnesses

5    knowledgeable about this fact include individuals identified in Defendants' initial disclosures as

6    having involvement in the creation, development or production of the *Frozen* teaser trailer.

7    Current employees of Defendants can be contacted through Defendants' counsel.

8    Request for Admission No. 16: Defendants did not copy original elements from *THE*

9    *SNOWMAN* in their creation, development or production of the *Frozen* teaser trailer.  Witnesses

10   knowledgeable about this fact include individuals identified in Defendants' initial disclosures as

11   having involvement in the creation, development or production of the *Frozen* teaser trailer.

12   Current employees of Defendants can be contacted through Defendants' counsel.

13

14

15   DATED:  December 5, 2014                MUNGER, TOLLES & OLSON LLP

16

17                                          By:  */s/ Kelly M. Klaus*

18                                          KELLY M. KLAUS
                                            Attorneys for Defendants
19

20

21

22

23

24

25

26

27

28

-12-

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories (Nos. 1 – 13) was served this 5th day of December, 2014 upon the following via electronic mail:

J. A. Ted Baer, III (jatedbaer@gmail.com)
Law Office of J. A. Ted Baer
21 E. Canon Perdido Street, Suite 223
Santa Barbara, CA 93101

J. Paul Gignac (j.paul@aogllp.com)
Mischa Nicole Barteau (mbarteau@aogllp.com)
Arias Ozzello Gignac LLP
115 S. La Cumbre Lane, Suite 300
Santa Barbara, CA 93105

DATED:  December 5, 2014                    MUNGER, TOLLES & OLSON LLP


By:        _/s/ Erin J. Cox_
           ERIN J. COX
           Attorneys for Defendants

1

## **VERIFICATION**

2    I, Marsha Reed, am authorized to make this verification on behalf of Defendants The Walt

3  Disney Company; Disney Enterprises, Inc.; Walt Disney Pictures; and Walt Disney Motion

4  Pictures Group, Inc. (collectively, "Defendants"). I have read the foregoing document entitled

5  Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories (Nos. 1 – 13)

6  ("Responses") and know its contents. I am informed and believe that the Responses are true and

7  correct. To the extent the Responses are not based on personal knowledge, they are based on

8  reasonable investigation of corporate records and personnel of Defendants, and on information

9  collected and made available to me by others.

10    I testify under penalty of perjury under the laws of the United States and of the State of

11  California that the foregoing is true and correct, and that this verification was executed on

12  Monday, December 8, 2014.

13

14

15                    Marsha Reed

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

# EXHIBIT 3

1  J. Paul Gignac, State Bar No. 125676
   Mischa N. Barteau, State Bar No. 274474
2  **ARIAS OZZELLO & GIGNAC LLP**
   115 S. La Cumbre Lane, Suite 300
3  Santa Barbara, California 93105
   Telephone:  (805) 683-7400
4  Facsimile:   (805) 683-7401
   j.paul@aogllp.com
5  mbarteau@aogllp.com

6  J.A. Ted Baer, State Bar No. 135092
   **LAW OFFICE OF J.A. TED BAER**
7  21 E. Canon Perdido Street, Suite 223
   Santa Barbara, California 93101
8  Telephone:  (805) 963-7177
   Facsimile:  (801) 730-2874
9  ted@tedbaerlaw.com

10 Attorneys for Plaintiff
   Kelly Wilson
11

12                 **UNITED STATES DISTRICT COURT**

13      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

14

15 KELLY WILSON, an individual,                | Case No.  3:14-cv-01441-VC

16                Plaintiff,

17        vs.                                   | **PLAINTIFF'S SECOND SET OF
                                                  INTERROGATORIES TO DEFENDANT
18 THE WALT DISNEY COMPANY, a Delaware           THE WALT DISNEY COMPANY
   corporation; DISNEY ENTERPRISES, INC., a     (NOS. 14-21)**
19 Delaware corporation; WALT DISNEY
   PICTURES, a California corporation; WALT      Honorable Vince G. Chhabria
20 DISNEY MOTION PICTURES GROUP, INC.,
   a California corporation; and DOES 1 through
21 25, inclusive,

22                Defendants.

23

24

25 PROPOUNDING PARTY:        Plaintiff

26 RESPONDING PARTY:         Defendant The Walt Disney Company

27 SET NO.:                  Two

28

---

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

*(vertical text, left margin)* ARIAS OZZELLO & GIGNAC LLP

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff requests Defendant The Walt Disney Company respond to the following interrogatories in writing and under oath within 30 days following service.

Responses should be produced to J. Paul Gignac at the law firm of Arias Ozzello & Gignac LLP, 115 S. La Cumbre Lane, Suite 300, Santa Barbara, CA 93105.

## INSTRUCTIONS

1.    YOUR responses shall set forth the Interrogatories, and their answers, and shall answer each Interrogatory separately and fully in writing under oath, or shall state fully the grounds for refusing to answer ANY Interrogatory.  The responses shall be signed by YOU.

2.    These Interrogatories are continuing in character.  YOU must promptly supplement or amend YOUR responses pursuant to Federal Rule of Civil Procedure 26(e).

3.    In answering these Interrogatories, if YOU encounter ANY ambiguities in construing a question, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## DEFINITIONS

As used in these Interrogatories, the terms set forth below shall have the following meanings.

1.    "YOU," "YOUR," and "DISNEY" means The Walt Disney Company, and all of its agents, subsidiaries, divisions, and related entities (and all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.), and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, suppliers, investigators, representatives, and any other person or entity acting for you or on your behalf, or at your request, and other persons acting or purporting to act on behalf of or at the request of any and all of the above entities and persons.

2.    "PIXAR" means Pixar Inc. also known as Pixar Animation Studios, and all of its agents, subsidiaries, divisions, and related entities (and all of their agents,

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

subsidiaries, divisions, predecessors, successors, assignees, etc.), and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, suppliers, investigators, representatives, and any other person or entity acting for Pixar or on Pixar's behalf, or at Pixar's request, and other persons acting or purporting to act on behalf of or at the request of any and all of the above entities and persons.

3.      "ALL" means "any and all," and the word "ANY" means "any and all."

4.      "*FROZEN* TEASER TRAILER" refers to the trailer for the feature length film *FROZEN*, INCLUDING ALL drafts, versions, and iterations thereof, and scenes constituting all or part of the *FROZEN* TEASER TRAILER, which is alleged in the Complaint to infringe upon *THE SNOWMAN*.

5.      "PERSON" means and refers to ANY natural person or entity, INCLUDING partnerships, corporations, limited liability companies, associations, governmental agencies, organizations of ANY kind, and ANY agent of the foregoing.

6.      "IDENTIFY" when used in reference to a PERSON requires that the Responding Party provide the name, last known address, telephone number, email address and job title of the PERSON, and detail the relationship of the PERSON to the Responding Party.  If any of the above information is not available to YOU, then state any other available means of identifying such PERSON.

7.      "INCLUDING" means including, but not limited to.

## INTERROGATORIES

## INTERROGATORY NO. 14:

IDENTIFY each PERSON who received the emails reflected in the documents produced by YOU labeled WDP_00000139 through WDP_00000154, INCLUDING each PERSON who was on the cganimators@disneyanimation.com email list as of June 18, 2013, and INCLUDING each PERSON who was on the efx@disneyanimation.com email list as of June 18, 2013.

/ / /

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

**ARIAS OZZELLO & GIGNAC LLP**

**INTERROGATORY NO. 15:**

State the name, job title, and relationship to the *FROZEN* TEASER TRAILER of each PERSON listed in response to Interrogatory No. 14.

**INTERROGATORY NO. 16:**

IDENTIFY each PERSON who created, developed, or produced the *FROZEN* TEASER TRAILER.

**INTERROGATORY NO. 17:**

Describe in detail what each PERSON listed in response to Interrogatory No. 16 did to contribute to the creation, development, or production of the *FROZEN* TEASER TRAILER.

**INTERROGATORY NO. 18:**

For each PERSON listed in response to Interrogatory No. 16, state whether that PERSON worked at PIXAR any time during the time period of February 1, 2008 through June 18, 2013.

**INTERROGATORY NO. 19:**

For each PERSON listed in response to Interrogatory No. 18, state the job title(s) and position(s) held at PIXAR during the time period of February 1, 2008 through June 18, 2013.

**INTERROGATORY NO. 20:**

IDENTIFY each PERSON currently or previously employed by YOU who was in attendance at the San Francisco International Film Festival in 2011.

**INTERROGATORY NO. 21:**

IDENTIFY each PERSON currently or previously employed by PIXAR who was in attendance at the San Francisco International Film Festival in 2011.

/ / /

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Dated:  December 31, 2014                    ARIAS OZZELLO & GIGNAC LLP


                                   By:  _____
                                        J. Paul Gignac
                                        Mischa N. Barteau

                                        LAW OFFICE OF J.A. TED BAER
                                        J.A. Ted Baer

                                        Attorneys for Plaintiff
                                        Kelly Wilson

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the State of California, County of Santa Barbara. I am over the age of 18 and not a party to the within suit; my business address is 115 S. La Cumbre Lane, Suite 300, Santa Barbara, California 93105.

On December 31, 2014, I served the document described as:

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT THE WALT DISNEY COMPANY (NOS. 14-21)**

on the interested parties in this action by sending [ ] the original [or] [✔] a true copy thereof to interested parties as follows:

Kelly Klaus  -  Kelly.Klaus@mto.com
Jordan Segall  -  Jordan.Segall@mto.com
Erin Cox -  erin.cox@mto.com

*Attorneys for Defendants*

J. Paul Gignac - j.paul@aogllp.com
Mischa Barteau -  mbarteau@aogllp.com
J.A. Ted Baer -  jatedbaer@gmail.com

*Attorneys for Plaintiff*

[  ]   **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Santa Barbara, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Santa Barbara, CA.

[  ]   **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action from Santa Barbara, California.

[✔]   **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail addresses of record in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **December 31, 2014** at Santa Barbara, California.

_____
Jessica Hernandez
Type or Print Name

_____
Signature

# EXHIBIT 4

1  KELLY M. KLAUS (State Bar No. 161091)
   kelly.klaus@mto.com
2  ERIN J. COX (State Bar No. 267954)
   erin.cox@mto.com
3  JORDAN D. SEGALL (State Bar No. 281102)
   jordan.segall@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
5  San Francisco, California 94105
   Telephone:    (415) 512-4000
6  Facsimile:    (415) 512-4077
7
8  Attorneys for Defendants

9                   UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  KELLY WILSON,                      Case No. 3:14-cv-01441-VC

13              Plaintiff,             **DEFENDANTS' RESPONSES AND
                                       OBJECTIONS TO PLAINTIFF'S
14         v.                          SECOND SET OF INTERROGATORIES
                                       (NOS. 14 - 21)**
15
   THE WALT DISNEY COMPANY, DISNEY     Judge:   Hon. Vince G. Chhabria
16  ENTERPRISES, INC., WALT DISNEY
   PICTURES, and WALT DISNEY MOTION
17  PICTURES GROUP, INC.,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

25651021.1

1       Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants The Walt Disney

2 Company; Disney Enterprises, Inc.; Walt Disney Pictures; and Walt Disney Motion Pictures

3 Group, Inc. (collectively, "Defendants") respond and object as follows to Plaintiff Kelly Wilson's

4 Second Set of Interrogatories (the "Interrogatories"):

5                                     **PREFATORY STATEMENT**

6       Defendants have not completed their investigation relating to this action, have not

7 completed discovery, and have not completed preparation for trial. These responses are limited to

8 the information known to Defendants at this time and do not constitute a waiver of their right to

9 introduce additional documents, facts, or evidence at trial or otherwise. Defendants reserve the

10 right to alter or to supplement these responses as additional information becomes known to them,

11 but undertake no obligation to do so beyond the obligations imposed by the Federal Rules of Civil

12 Procedure and the Local Rules and Orders of this Court.

13                                 **GENERAL OBJECTIONS**

14      1.      Defendants object to the Interrogatories, including the definitions and instructions

15 set forth therein, to the extent that they purport to impose obligations that are inconsistent with, or

16 beyond those required by, the Federal Rules of Civil Procedure, the Local Rules or Orders of this

17 Court, or other applicable rule or law. Defendants will construe and respond to the Interrogatories

18 in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules and

19 Orders of this Court, and other applicable authority.

20      2.      Defendants object to each and every interrogatory on the grounds and to the extent

21 that it seeks information protected by the attorney-client privilege, the attorney work-product

22 doctrine, the joint-defense privilege, the common-interest privilege, or any other applicable

23 privilege, immunity, or protection. Defendants intend to and do claim all such privileges and

24 protections, and the inadvertent disclosure of privileged or protected information shall not

25 constitute or give rise to a waiver of any such privilege or protection.

26      3.      Defendants object to each and every interrogatory to the extent it seeks disclosure

27 of confidential, proprietary, competitively sensitive, or financial information of Defendants, their

28 affiliates or employees, or any third party, on the grounds that such interrogatory is overly broad,

unduly burdensome, oppressive, and invasive of privacy rights protected by the federal and state Constitutions, statutes, and common law.

4.      Defendants object to each and every interrogatory as overly broad, unduly burdensome, and oppressive to the extent it (a) calls for information that is not in Defendants' possession, custody, or control; or (b) calls for information that is available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants or through a more convenient, more efficient, less burdensome, or less expensive means than responding to Plaintiff's interrogatories.  Defendants further object to each and every interrogatory to the extent it purports to seek the discovery of information that is in the possession, custody, or control of any or all of Defendants' parents, affiliates, or subsidiaries that have corporate identities separate and apart from that of Defendants, on the grounds that such information is not in Defendants' possession, custody, or control.  Defendants further object to each and every interrogatory on the grounds and to the extent that it requests information that is public, already in Plaintiff's possession, custody, or control, or otherwise available to Plaintiff from sources other than Defendants.

5.      Defendants object to each and every interrogatory to the extent it purports to seek information from all sources without limitation as to timeframe.  To the extent Defendants agree to produce information in response to a particular interrogatory, they will do so from a timeframe that is reasonable, taking into account the nature and scope of the individual interrogatory.

6.      Defendants' responses and objections shall not waive or prejudice any objections Defendants may later assert, including but not limited to objections as to competency, relevance, materiality, or admissibility of any information in this action, including at trial.

7.      Defendants object to Instruction 1 on the grounds, and to the extent that, it purports to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court.

8.      Defendants object to Instruction 2 on the grounds, and to the extent that, it purports to impose obligations on Defendants that are in excess of those imposed by the Federal Rules of

1   Civil Procedure and the Local Rules and Orders of this Court.  Defendants will comply with their

2   obligations under Federal Rule of Civil Procedure 26(e).

3          9.     Defendants object to Instruction 3 on the grounds that it is vague, ambiguous,

4   overly broad, and unduly burdensome, and seeks to impose obligations on Defendants that are in

5   excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders

6   of this Court.

7          10.    Defendants object to Definition 1 ("YOU," "YOUR," and "DISNEY"), and to each

8   and every interrogatory containing any of these terms, on the grounds that they are vague,

9   ambiguous, overly broad, and unduly burdensome.  Defendants construe these terms to refer to

10  themselves.  To the extent Defendants' responses and objections herein use these terms, they are

11  used as construed herein.

12         11.    Defendants object to Definition 2 ("PIXAR"), and to each and every interrogatory

13  containing this term, on the grounds that they are vague, ambiguous, overly broad, and unduly

14  burdensome.  Defendants construe this term to refer to Pixar Animation Studios.  To the extent

15  Defendants' responses and objections herein use the term "Pixar", it is used as construed herein.

16         12.    Defendants object to Definition 3 (redefining "ALL" and "ANY" to mean "any and

17  all"), and to each and every interrogatory containing either term or both terms, on the grounds that

18  they are vague, ambiguous, and unintelligible.  Defendants will give these terms their plain

19  English meanings.  To the extent Defendants' responses and objections herein use these terms,

20  they are used as construed herein.

21         13.    Defendants object to Definition 4 ("*FROZEN* TEASER TRAILER"), and to each

22  and every interrogatory containing this term, on the grounds that they are overly broad, unduly

23  burdensome, and vague and ambiguous insofar as the term is circularly defined by reference to

24  "scenes constituting all or part of the *FROZEN* TEASER TRAILER."  Defendants will construe

25  this term to refer to the 3D computer animated teaser trailer produced and released by Defendants

26  that is the subject of Plaintiff's Complaint.  To the extent Defendants' responses and objections

27  herein use the term "*Frozen* teaser trailer," it is used as construed herein.

28

14.     Defendants object to Definition 6 (definition of "IDENTIFY" "when used in reference to a PERSON"), and to each and every interrogatory, definition, and instruction using this term in this context, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  Defendants shall give the term "Identify" a reasonable construction.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiving, but on the contrary, specifically incorporating into the specific responses below, the Prefatory Statement and General Objections set forth above, Defendants object and respond as follows to the individual interrogatories:

INTERROGATORY NO. 14:

IDENTIFY each PERSON who received the emails reflected in the documents produced by YOU labeled WDP_00000139 through WDP_00000154, INCLUDING each PERSON who was on the cganimators@disneyanimation.com email list as of June 18, 2013, and INCLUDING each PERSON who was on the efx@disneyanimation.com email list as of June 18, 2013.

RESPONSE TO INTERROGATORY NO. 14:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants respond as follows: After a search of reasonable diligence, to the best of Defendants' knowledge, the following individuals were sent or copied on the emails produced by Defendant Walt Disney Pictures bearing Bates numbers WDP_00000139 through WDP_00000154 when those emails were first transmitted on June 18, 2013:

Adam Green
Alberto Abril
Alberto Luceo Ros
Amy Lawson
Andrew Chesworth
Andrew Lawson
Andrew Selle
Angela D'Anna
Becky Bresee

Ben Fiske
Ben Frost
Benson Shum
Bert Klein
Blair Pierpont
Bob Bennett
Bobby Huth
Brent Homman
Brett Boggs
Brian Menz
Brian Scott
Bruce Wright
Cesar Velazquez
Chad Sellers
Chadd Ferron
Chris Buck
Chris Cordingley
Christopher Carignan
Christopher Gallagher
Christopher Hendryx
Dale Mayeda
Dan Lund
Daniel Klug
Daniel Naulin
Daniel Peixe
Danny Gonzales
Darrell Johnson
Darrin Butters
David Hutchins
David Rand
Dong Joo Byun
Doug (James) Bennett
Eric Araujo
Eric Daniels
Erin Elliott
Geoff Wheeler
Hendrik (Drido) Panz
Henrik Falt (Lars)
Hyrum Osmond
Hyun Min Lee
Ian Coony
James Mansfield

-5-

Jason Figliozzi

Jeffrey Engel

Jennifer Hager

Jesse Erickson

Jim Hull

Joel Reid

John Hughes

John Kosnik

John Wong

Jorge Ruiz

Justin Andrews

Justin Sklar

Karen Ryan

Kee Suong

Kelly McClanahan

Kevin MacLean

Kira Lethomaki

Lawrence Chai

Mack Kablan

Malcon Pierce

Marat Davletshin

Marc Bryant

Mario Furmanczyk

Mark Hammel

Mark Mitchell

Mark Thielen

Mark Williams

Marlon Nowe

Marlon West

Matt Meyer

Michael Franceschi

Michael Kaschalk

Michael Navarro

Michael Woodside

Mike Giaimo

Mike Klim

Minor Gaytan

Mir Ali

Mitja Rabar

Mohammed El-Ali

Mohit Kallianpur

Nathan Engelhardt

-6-

Neelima Karanam
Nicolas Prothais
Patrick Dalton
Patrick Danaher
Patrick Osborne
Paul Roeder
Peter Demund
Rastko Stefanovic
Renato Dos Anjos
Riannon Delanoy
Rosolino DiSalvo
Ryan Hobbiebrunken
Sam Klock
Stephanie Hachem
Steve Goldberg
Svetla Radivoeva
Tad Miller
Thomas Wickes
Timothy Molinder
Tony Chai
Tony Smeed
Trent Correy
Tuan Nguyen
Valentin Amador
Vicki Case
Vijoy Gaddipati
Wayne Unten
Xiao Zhang
Yasser Hamed
Youngjae (Jaden) Choi
Zach Parrish
Zubin Wadia

INTERROGATORY NO. 15:

State the name, job title, and relationship to the *FROZEN* TEASER TRAILER of each

PERSON listed in response to Interrogatory No. 14.

RESPONSE TO INTERROGATORY NO. 15:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants

further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and

1   seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

2   Defendants further object to this interrogatory as vague and ambiguous in its request for

3   individuals' job titles without specifying a relevant point in time or relevant employer, and in its

4   use of the undefined phrase "relationship to the *FROZEN* TEASER TRAILER."  Defendants

5   construe this request to ask for the job title (if currently employed) within Defendants'

6   organizations currently held by each individual identified in response to Interrogatory No. 14, and

7   to further identify whether that individual had any involvement in the creation, development, or

8   production of the *Frozen* teaser trailer.  With respect to the request for Defendants to identify

9   whether an individual had involvement in the creation, development, or production of the *Frozen*

10  teaser trailer,  Defendants further object to this interrogatory as construed on the grounds that the

11  answer is ascertainable primarily from documents produced in discovery, and the burden of

12  ascertaining such information is substantially the same for Plaintiff as it would be for Defendants.

13          Subject to and without waiving the foregoing objections, Defendants respond as follows:

14  The chart below provides the names of individuals listed in response to Interrogatory No. 14 and

15  the current job title (if currently employed) within Defendants' organizations, including divisions,

16  for those individuals (all positions are with Walt Disney Animation Studios, a division of

17  Defendant Walt Disney Pictures, unless otherwise noted).  Defendants' employees can be

18  contacted through their counsel.

| *Name* | *Job Title* |
|---|---|
| Adam Green | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Alberto Abril | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Alberto Luceo Ros | CATEGORY 1 – DIGITAL UNION (WDAS – CROWDS-TSL) |
| Amy Lawson | UNKNOWN |
| Andrew Chesworth | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Andrew Lawson | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Andrew Selle | PRINCIPAL SOFTWARE ENGINEER (WDAS – TECH LOOK/EFX/DYNAMICS) |
| Angela D'Anna | PRODUCTION SUPERVISOR |

| | |
|---|---|
| Becky Bresee | ANIMATOR (WDAS – ANIMATION) |
| Ben Fiske | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Ben Frost | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Benson Shum | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Bert Klein | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Blair Pierpont | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Bob Bennett | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Bobby Huth | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Brent Homman | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Brett Boggs | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Brian Menz | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Brian Scott | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Bruce Wright | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Cesar Velazquez | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Chad Sellers | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Chadd Ferron | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Chris Buck | DIRECTOR |
| Chris Cordingley | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Christopher Carignan | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Christopher Gallagher | CATEGORY 1 – DIGITAL UNION (WDAS – GENERAL TD) |
| Christopher Hendryx | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Dale Mayeda | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Dan Lund | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Daniel Klug | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Daniel Naulin* | (formerly CATEGORY 1 – DIGITAL UNION) |
| Daniel Peixe | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Danny Gonzales | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Darrell Johnson | ANIMATOR (WDAS – ANIMATION) |

| | |
|---|---|
| Darrin Butters | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| David Hutchins | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| David Rand | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Dong Joo Byun | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Doug (James) Bennett | ANIMATOR (WDAS – ANIMATION) |
| Eric Araujo | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Eric Daniels | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Erin Elliott | CATEGORY 1 – DIGITAL UNION (WDAS – CROWDS) |
| Geoff Wheeler | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Hendrik (Drido) Panz | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Henrik Falt (Lars) | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Hyrum Osmond | CATEGORY 1 DIGITAL UNION (WDAS – ANIMATION) |
| Hyun Min Lee | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Ian Coony | ANIMATOR (WDAS – EFFECTS) |
| James Mansfield | ANIMATOR (WDAS – EFFECTS) |
| Jason Figliozzi | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Jeffrey Engel | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Jennifer Hager | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Jesse Erickson | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Jim Hull* | (formerly CATEGORY 1 – DIGITAL UNION) |
| Joel Reid | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| John Hughes | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| John Kosnik | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| John Wong | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Jorge Ruiz | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Justin Andrews* | (formerly CATEGORY 1 – DIGITAL UNION) |
| Justin Sklar | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Karen Ryan | PRODUCTION SUPERVISOR (WDAS – ASSOC PRODUCER) |

| Kee Suong | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
|---|---|
| Kelly McClanahan | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Kevin MacLean | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Kira Lethomaki | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Lawrence Chai | SR. SOFTWARE ENGINEER (WDAS – TECH LOOK/EFX/DYNAMICS) |
| Mack Kablan | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Malcon Pierce | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Marat Davletshin | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Marc Bryant | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Mario Furmanczyk | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Mark Hammel | TECHNICAL SUPERVISOR (WDAS – GENERAL TD) |
| Mark Mitchell | ANIMATOR (WDAS – ANIMATION) |
| Mark Thielen* | (formerly CATEGORY 1 – DIGITAL UNION) |
| Mark Williams | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Marlon Nowe* | (formerly CATEGORY 1 – DIGITAL UNION) |
| Marlon West | ANIMATOR |
| Matt Meyer | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Michael Franceschi | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Michael Kaschalk | ANIMATOR (WDAS – EFFECTS) |
| Michael Navarro | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Michael Woodside | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Mike Giaimo | CATEGORY 1 DIGITAL UNION - ART DEPT |
| Mike Klim | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Minor Gaytan | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Mir Ali | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Mitja Rabar | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Mohammed El-Ali | CATEGORY 1 – DIGITAL UNION (WDAS – CROWDS) |
| Mohit Kallianpur | CATEGORY 1 DIGITAL UNION - LIGHTING |

| | |
|---|---|
| Nathan Engelhardt | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Neelima Karanam | CATEGORY 1 – DIGITAL UNION (WDAS – GENERAL TD) |
| Nicolas Prothais | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Patrick Dalton | CATEGORY 1 – DIGITAL UNION (WDAS – GENERAL TD) |
| Patrick Danaher | CATEGORY 1 – DIGITAL UNION (WDAS– ANIMATION) |
| Patrick Osborne | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Paul Roeder | VP, GLOBAL COMMUNICATIONS FOR WALT DISNEY STUDIOS |
| Peter De Mund | ANIMATOR (WDAS – EFFECTS) |
| Rastko Stefanovic | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Renato Dos Anjos | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Riannon Delanoy | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Rosolino DiSalvo* | (formerly CATEGORY 1 DIGITAL UNION) |
| Ryan Hobbiebrunken | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Sam Klock | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Stephanie Hachem | PRODUCTION SUPERVISOR (WDAS – ASSOC. PRODUCER) |
| Steve Goldberg | PRODUCTION TECHNICAL DIRECTOR I |
| Svetla Radivoeva | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Tad Miller | CATEGORY 1 – DIGITAL UNION (WDAS – GENERAL TD) |
| Thomas Wickes | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Timothy Molinder | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Tony Chai | CATEGORY 1 – DIGITAL UNION (WDAS – GENERAL TD) |
| Tony Smeed | ANIMATOR |
| Trent Correy | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Tuan Nguyen | CATEGORY 1 – DIGITAL UNION (WDAS – CROWDS) |
| Valentin Amador | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Vicki Case | ADMINISTRATIVE PROJECT MANAGER (WDAS – ARTIST MANAGEMENT) |
| Vijoy Gaddipati | CATEGORY 1 – DIGITAL UNION (WDAS – GENERAL TD) |

| Wayne Unten | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Xiao Zhang | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |
| Yasser Hamed | CATEGORY 1 – DIGITAL UNION (WDAS – CROWDS) |
| Youngjae (Jaden) Choi | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Zach Parrish | CATEGORY 1 – DIGITAL UNION (WDAS – ANIMATION) |
| Zubin Wadia | CATEGORY 1 – DIGITAL UNION (WDAS – EFFECTS) |

*\* Former employee.*

INTERROGATORY NO. 16:

IDENTIFY every PERSON who created, developed, or produced the *FROZEN* TEASER TRAILER.

RESPONSE TO INTERROGATORY NO. 16:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this interrogatory on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this interrogatory on the grounds that, to the extent that responsive information might be relevant to this case or lead to the discovery of admissible evidence, the response would be ascertainable from documents produced in discovery, including most notably, Defendants' Initial Disclosures and the minutes of the brainstorming and review meetings for the *Frozen* teaser trailer (WDP_00000001 – 40).  The burden of ascertaining such information is substantially the same for Plaintiff as it would be for Defendants.  Fed. R. Civ. P. 33(d).

INTERROGATORY NO. 17:

Describe in detail what each PERSON listed in response to Interrogatory No. 16 did to contribute to the creation, development, or production of the *FROZEN* TEASER TRAILER.

RESPONSE TO INTERROGATORY NO. 17:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this interrogatory on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object

1  to this interrogatory on the grounds that, to the extent that responsive information might be

2  relevant to this case or lead to the discovery of admissible evidence, the response would be

3  ascertainable from documents produced in discovery and deposition testimony, including most

4  notably, Defendants' Initial Disclosures, the minutes of the brainstorming and review meetings for

5  the *Frozen* teaser trailer (WDP_00000001 – 40), and the deposition of Peter Del Vecho.  The

6  burden of ascertaining such information is substantially the same for Plaintiff as it would be for

7  Defendants.  Fed. R. Civ. P. 33(d).

8  INTERROGATORY NO. 18:

9       For each PERSON listed in response to Interrogatory No. 16, state whether that PERSON

10  worked at PIXAR any time during the time period of February 1, 2008 through June 18, 2013.

11  RESPONSE TO INTERROGATORY NO. 18:

12       Defendants incorporate their Prefatory Statement and General Objections. Defendants

13  further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and

14  seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

15  Defendants further object to this interrogatory to the extent that it seeks information that is not in

16  Defendants' possession, custody, or control.

17       Subject to and without waiving the foregoing objections, Defendants respond as follows:

18  John Lasseter served as Pixar Animation Studio's Chief Creative Officer during the time period

19  February 1, 2008 through June 18, 2013.

20  INTERROGATORY NO. 19:

21       For each PERSON listed in response to Interrogatory No. 18, state the job title(s) and

22  position(s) held at PIXAR during the time period of February 1, 2008 through June 18, 2013.

23

24

25

26

27

28

1   RESPONSE TO INTERROGATORY NO. 19:

2         Defendants incorporate their Prefatory Statement and General Objections. Defendants

3   further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and

4   seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible

5   evidence. Defendants further object to this interrogatory to the extent that it seeks information that

6   is not in Defendants' possession, custody, or control.

7         Subject to and without waiving the foregoing objections, Defendants respond as follows:

8   John Lasseter served as Pixar Animation Studio's Chief Creative Officer during the time period

9   February 1, 2008 through June 18, 2013.

10   INTERROGATORY NO. 20:

11         IDENTIFY every PERSON currently or previously employed by YOU who was in

12   attendance at the San Francisco International Film Festival in 2011.

13   RESPONSE TO INTERROGATORY NO. 20:

14         Defendants incorporate their Prefatory Statement and General Objections.  Defendants

15   further object to this interrogatory on the grounds that it seeks irrelevant information that is not

16   reasonably calculated to lead to the discovery of admissible evidence, and that it is overbroad and

17   unduly burdensome to the extent that it purports to require each named defendant to conduct an

18   investigation into whether any individual who now works, or at any time in the past ever worked,

19   at any Defendant attended the San Francisco International Film Festival in 2011.  Defendants

20   further object to this interrogatory to the extent that it seeks information that is not in Defendants'

21   possession, custody, or control, or is otherwise available from a more convenient, more efficient,

22   less burdensome, or less expensive source than Defendants.  Defendants note that Plaintiff has

23   subpoenaed the organizer of the 2011 San Francisco International Film Festival for information

24   relating to attendees, among other things.

25   INTERROGATORY NO. 21:

26         IDENTIFY every PERSON currently or previously employed by PIXAR who was in

27   attendance at the San Francisco International Film Festival in 2011.

28

RESPONSE TO INTERROGATORY NO. 21:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this interrogatory on the grounds that it is overbroad and unduly burdensome to the extent that it purports to require Defendants to conduct an investigation into whether any individual who now works, or at any time in the past ever worked, at Pixar Animation Studios attended the San Francisco International Film Festival in 2011.  Defendants further object to this interrogatory to the extent that it seeks information that is not in Defendants' possession, custody, or control, or is otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants.  Defendants note that Plaintiff has subpoenaed the organizer of the 2011 San Francisco International Film Festival for information relating to attendees, among other things.

DATED:  January 30, 2015                    MUNGER, TOLLES & OLSON LLP



By:    *Kelly M. Klaus*
_____
       KELLY M. KLAUS
       Attorneys for Defendants

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that a true and accurate copy of Defendants' Responses and Objections to

3  Plaintiff's Second Set of Interrogatories (Nos. 14–21) was served this 30th day of January, 2015

4  upon the following via electronic mail:

5      J. A. Ted Baer, III (jatedbaer@gmail.com)
       Law Office of J. A. Ted Baer
6      21 E. Canon Perdido Street, Suite 223
       Santa Barbara, CA 93101

7

8      J. Paul Gignac (j.paul@aogllp.com)
       Mischa Nicole Barteau (mbarteau@aogllp.com)
9      Arias Ozzello Gignac LLP
       115 S. La Cumbre Lane, Suite 300
10     Santa Barbara, CA 93105

11  DATED:  January 30, 2015            MUNGER, TOLLES & OLSON LLP

12

13                                      By:    _____*Erin J. Cox*_____

14                                             ERIN J. COX
                                               Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28