February 13, 2015

**VIA ECF**
The Hon. Vince Chhabria
United States District Judge
San Francisco Courthouse, Courtroom 4 – 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

      Re:    *Kelly Wilson v. The Walt Disney Company, et al.*, Case No. 3:14-cv-01441-VC,
                Defendants' Responses to Plaintiff's Requests for Admission

Your Honor:

      In compliance with paragraph 14 of Your Honor's January 8, 2015 Standing Order for Civil Cases, the parties to the above-referenced action hereby submit this joint letter regarding discovery disputes related to Defendants' responses to Plaintiff's Requests for Admission that remain unresolved.

Respectfully submitted,

ARIAS OZZELLO & GIGNAC LLP
LAW OFFICE OF J.A. TED BAER


_____/s/ J. Paul Gignac_____
      J. Paul Gignac

    Attorneys for Plaintiff

MUNGER, TOLLES & OLSON LLP


_____/s/ Kelly M. Klaus_____
      Kelly M. Klaus

    Attorneys for Defendants

      In accordance with Local Rule 5-1(i), the filer attests that each of the above signatories have concurred in the filing of this document.

Dated:  February 13, 2015    By:      /s/ J. Paul Gignac
                                       J. Paul Gignac

**PLAINTIFF'S POSITION**:

Plaintiff respectfully requests: (1) an order from the Court that the matters in Request for Admission ("RFAs") Nos. 2-5 and 9-12 be deemed admitted or, in the alternative, that amended answers be served by a date certain; and (2) an order from the Court compelling Defendants to respond to RFAs based on information known by Pixar Inc.

Plaintiff propounded RFAs on Defendants pursuant to Federal Rule of Civil Procedure 36 on 11/5/14 (Exhibit 1). Plaintiff received Defendants' responses to the RFAs on 12/5/14 (Exhibit 2).

"Admission requests serve purposes different from other forms of discovery." *Collins v. JC Penney Life Ins. Co*., 2003 U.S. Dist. LEXIS 8455, 7-8 (S.D. Cal. May 5, 2003). "Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." *Id*. (citing Advisory Committee Note to Rule 36(a), 48 F.R.D. 531, 533 (1970)). "Documents and testimony provide a party with evidence it can use to prove facts at trial. Admissions eliminate issues for trial by establishing facts without requiring additional proof." *Id*. (citing *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("the purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial")).

"An answering party must make reasonable inquiry and secure such knowledge and information as are readily obtainable by him." *Id*. at 9 (citing *Asea*, 669 F.2d at 1246). "The party who has requested the admission may move to determine the sufficiency of the answers or objections." *Id*.

Here, Defendants' responses to these RFAs are critical for use by Plaintiff in motions for summary judgment, and at trial, as these RFAs seek to establish facts relevant to Defendants' access to Plaintiff's film *The Snowman*. Defendants' responses, however, fail to respond to the matters requested by Plaintiff's RFAs. Defendants' responses to RFA Nos. 2-5 and 9-12 in fact take arbitrary and capricious liberty to "construe" (in order to narrow and thus limit) Plaintiff's RFAs that are neither unclear, nor in need of any "construing" (or narrowing). Defendants' responses are evasive and serve no purpose other than to avoid responding to the substance of Plaintiff's RFAs. *See State Farm Mut. Auto. Ins. Co. v. Cordua*, 2010 WL 1223588, at *3-4 (E.D. Pa. Mar. 29, 2010) (granting motion to compel amended responses to requests for admission). Defendants' effort to "construe" the RFAs within a narrow, restrictive framework has no legal basis, and is an improper "attempt to shift the focus away from the essential truth of the information sought to the accuracy of the RFAs." *Id*. at *4.

"The Federal Rules are intended 'to secure the just, speedy, and inexpensive determination of every action.'" *Marchand v. Mercy Med. Ctr*., 22 F.3d 933, 936-37 (9th Cir. 1994) (citing Fed. R. Civ. P. 1). "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Id*.

Defendants' "Relevance" Objections Are Improper

Defendants object to RFA Nos. 2-5 and 10-12 on the grounds that they "seek irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence" – a boilerplate objection. It is well-settled law, however, that such a boilerplate objection is

insufficient to an opposing party's discovery requests.  *See Burlington Northern & Santa Fe Fy.*, 408 F.3d 1142, 1147 (9th Cir. 2005).  Moreover, Plaintiff's RFAs are narrowly tailored to the issues central to this litigation.

### Defendants' "Vague and Ambiguous" Objections Are Improper

Defendants object to RFA Nos. 2-5 based on Plaintiff's use of words that Defendants contend are "vague and ambiguous."  This objection is not proper unless the RFAs are "so ambiguous that the responding party cannot, in good faith, frame an intelligent reply."  Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-D.  Parties should "admit to the fullest extent possible, and *explain in detail* why other portions of a request may not be admitted."  *Marchand*, 22 F.3d at 938 (emphasis added).  Defendants fail to offer any such explanation, instead again relying on boilerplate objections to stymie Plaintiff's good faith and proper requests for information.

### Request for Order that Defendants Respond Based on the Knowledge of Pixar

Defendants claim that the matters requested in RFA Nos. 10 and 12 are not within their "possession, custody, or control."

"The phrase 'possession, custody or control' is in the disjunctive and only one of the numerated requirements need be met."  *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995).  "Thus, actual possession of the requested documents is not required. A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Id*.; *see also Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D.Colo.1992) (holding that party with right to obtain regulatory agency documents upon demand has "control" of such material within the meaning of Rule 34); *Biben v. Card,* 119 F.R.D. at 425 (ordering party to obtain documents from regulatory agency in response to discovery request); *Japan Halon Co. v. Great Lakes Chem. Corp.* 155 F.R.D. 626, 627 (N.D.Ind.1993) (finding that close business relationship constituted "control" of documents held by non-party); *United States v. Faltico,* 586 F.2d 1267, 1270 (8th Cir.1978) (affirming that parent/subsidiary corporate relationship constituted "control" over documents).

Pixar Animation Studios, aka Pixar, Inc., is a wholly-owned subsidiary of Defendants The Walt Disney Company and Disney Enterprises, Inc.  Although Defendants as a whole have produced documents and responded with information held by Defendants' other subsidiaries (Walt Disney Animation Studios and Playdom), Defendants refuse—without explanation—to produce documents and information held by subsidiary Pixar.  Defendants have an obligation to produce documents and information in the possession of nonparty entities that are under their control.  *See Doe v. AT & T W. Disability Benefits Program*, 2012 WL 1669882, at *2 (N.D. Cal. May 14, 2012).

Pixar is under Defendants' control, and Defendants have the ability and right to obtain information from Pixar upon demand.  Article VI ("Covenants") of the Agreement and Plan of Merger by and among The Walt Disney Company, Lux Acquisition Corp. and Pixar, dated January 24, 2006 (the "Merger Agreement"), states that "the Company [Pixar] shall, and shall cause each of its Subsidiaries to, afford to Parent [The Walt Disney Company], […] reasonable access to all of the properties, personnel, books and records of the Company and its Subsidiaries […], and shall furnish promptly all information concerning the business, properties and personnel of the Company and its Subsidiaries as Parent may reasonably request."  (Section 6.7

("Access to Information") of the Merger Agreement, available at
http://www.sec.gov/Archives/edgar/data/1001039/000119312506012082/dex21.htm).

    In addition to the Merger Agreement establishing The Walt Disney Company's right to access information and documents held by Pixar, other indicia of Defendants' control over Pixar include: (1) Pixar is a wholly-owned subsidiary of Defendants The Walt Disney Company and Disney Enterprises, Inc.; (2) Pixar's business address is registered with the California Secretary of State as 500 S. Buena Vista St., Burbank CA 91521—the same business address as all four Defendants in this case; (3) Pixar and Disney share numerous corporate officers and directors; (4) Pixar is represented in this case by Defendants' counsel; (5) Defendants have already produced some (but not all) documents held by Pixar; and (6) John Lasseter, Chief Creative Officer at both Walt Disney and Pixar Animation Studios, stated in his deposition as follows: "Pixar is part of The Walt Disney Company, so it's all covered under The Walt Disney Company, a wholly owned subsidiary." (Deposition of John Lasseter, 13:20-22).

## **DEFENDANTS' POSITION**

    This motion should be denied. Because Plaintiff worded her requests as vaguely as she did, Defendants reasonably construed her requests and responded as we did so as to not create an inaccurate and misleading record. As we discuss below, Plaintiff's complaints are baseless.

    RFA No. 2:

    Plaintiff asked Defendants to admit that Defendants "*assert* control" over Pixar. Yet that phrase is vague and Plaintiff chose not to define what it means to "*assert* control." Does that mean that Defendants have the corporate ability to exercise control, whether or not exercised? Does it mean that Defendants in fact took some action to exercise reserved control? And "assert control" over what? Pixar is a large company that has substantial business operations— everything from producing movies to accounting to human resources and many others.

    Given the ambiguity in the undefined term, Defendants provided a reasonable construction that accords with a standard definition of asserting control in the context of corporate parent-subsidiary relationships—*viz.* the active exercise of supervisory control over Pixar's day-to-day operations. And, Defendants denied the RFA as construed. Although two defendants are direct and indirect parents of Pixar, they do not assert this manner of control over the company. At no point has Plaintiff explained how Defendants' construction of the phrase "assert control" missed the mark, or offered assistance in nailing down the substance of her request. There is no cause for compelling a further response to this request.

    RFA Nos. 3-5:

    RFA Nos. 3,4, and 5 asked for admissions that "one or more" employees of Pixar "shared ideas" with Defendants regarding, respectively, "the creation of the *Frozen* teaser trailer," "the development of the *Frozen* teaser trailer," and "the production of the *Frozen* teaser trailer."

Plaintiff deliberately drafted these RFAs to be vague as to time and as to the highly elastic phrase "shared ideas."

The concept of "sharing ideas" about the *Frozen* teaser trailer at any point in time obviously is not tantamount to contributing to the creation, production, or development of the teaser. Conceivably, a retrospective comment, made after the publication of the teaser trailer, by a Pixar employee who did not participate in the actual creation, development, or production of the *Frozen* teaser trailer would fall within such an unbounded RFA. Any such comment would be irrelevant to the issues in this litigation, but if that is what Plaintiff intended for Defendants to admit, then the requests would be unreasonably burdensome—because Defendants would have to conduct a mass survey of their employees to determine whether anyone, *at any time*, had any discussion with anyone at Pixar about the creation, development or production of the teaser trailer. The ambiguity also creates the opportunity for a highly misleading record. If someone at Pixar did speak to someone at Disney *after* the teaser trailer was created about the production process, a plain "admit" would create the false impression that there were contacts between Pixar and Disney during the creative process.

One individual at Pixar, and *only* one, contributed ideas to the creation, production, and development of the teaser trailer: John Lasseter, the Chief Creative Officer of both Pixar and Walt Disney Animation Studios. Defendants have made this point to Plaintiff in interrogatory responses and meet-and-confer correspondence, and Plaintiff deposed Mr. Lasseter. As Mr. Lasseter explained, Pixar employees are non-union, Walt Disney Animation Studios employees are union, and therefore employees of the one do not work on creating and animating the other's works. Based on all this, Defendants responded that "one or more persons employed by Pixar participated in the process of creating, developing, and producing the *Frozen* teaser trailer." Defendants just as easily could have responded by saying that one—and only one—person employed by Pixar, Mr. Lasseter, shared ideas with employees of Defendants (including himself) *during the process of creating the teaser trailer*, about the creation, development or production of the teaser trailer. There is no cause to compel a further response to these requests.

RFA Nos. 9-12:

Plaintiff's RFA Nos. 9 through 12 asked for admissions that one or more current or former employees of Defendants or of Pixar either attended a screening of *The Snowman* at the San Francisco Film Festival in 2011 (Nos. 9-10), or saw *The Snowman* prior to the creation of the *Frozen* teaser trailer (Nos. 11-12). Plaintiff's RFAs, as written, were not limited to individuals who actually had any involvement in the creation, development, or production of the *Frozen* teaser trailer. As mentioned, Plaintiff is already aware that a small number of Pixar employees attended the 2011 film festival due to the submission of their own short film. There is no evidence that these individuals, who have no association with the *Frozen* teaser trailer (or *any* project by Walt Disney Animation Studios), served to provide access to the people who created the *Frozen* teaser trailer. An unqualified response to Plaintiff's vaguely worded requests would create the misleading impression that Defendants admitted access, which of course they do not, because there is no evidence of it. Defendants' qualifications were appropriate to deal with the inherent ambiguity of Plaintiff's requests.

The burden of undertaking an investigation of every current or former employee of any Defendant to determine their film festival attendance is at once overwhelming, unnecessary, and improper, as explained in Defendants' portion of the letter on Plaintiff's interrogatories. Defendants likewise explained this to Plaintiff during the meet-and-confer process. Defendants provided a response to Plaintiff's requests that were appropriately tailored: Defendants denied

that any current or former employee of any Defendant or Pixar who had any involvement in the creation, development, or production of the *Frozen* teaser trailer attended a screening of *The Snowman* at the film festival, or otherwise saw that film prior to creating the teaser trailer.

<u>Plaintiff's Requests That Defendants Include Pixar in All Discovery Searches Are Unreasonable.</u>

Plaintiff asks the Court to compel Defendants to supplement their own responses and searches for documents with responses and searches of Pixar.  While Plaintiff expends much space repeating arguments as to Pixar in her letters, there is no cause for ordering Defendants to undertake any further searches from Pixar.  Plaintiff has only two theories about how Pixar, a nonparty that played no role in developing or producing the *Frozen* teaser trailer, might be relevant to this case: (1) former Pixar employees Carlos Baena and Bob Roden screened their short film *Play By Play* at the San Francisco film festival where *The Snowman* was also shown; and (2) Plaintiff and her co-creator (Neil Wrischnik) each submitted job applications to Pixar in 2010 and 2011.  Plaintiff has taken extensive discovery—from Pixar and Pixar witnesses—on *both* theories.

Plaintiff deposed Mr. Baena, who also produced documents about the film festival.  Mr. Baena did not remember anything about *The Snowman* and never discussed *The Snowman* with anyone at Pixar.  (In fact, he took a leave from Pixar around the time of the festival and never returned.)  Plaintiff then canceled Mr. Roden's deposition and asked to depose two other Pixar employees who worked on *Play by Play* and attended the SF film festival (Elyse Klaidman and David Munier).  Ms. Klaidman made herself available just days after the request; she likewise did not recall *The Snowman,* and could not remember anyone at Pixar ever discussing *The Snowman*.  Plaintiff then cancelled Mr. Munier's deposition.  Pixar has also produced all of the documents in its possession relating to job applications to Pixar by Plaintiff and her co-creator Neil Wrischnik.  Plaintiff deposed Edwin Fabian, a human resources analyst at Pixar, about the job-application and recruitment systems at the company, and about Plaintiff's and Mr. Wrischnik's specific applications.  Plaintiff also has deposed the only past or present Pixar employee involved in the teaser trailer, John Lasseter. Mr. Lasseter's  documents—including his Pixar documents—were collected, reviewed, and produced pursuant to the parties' agreement on custodians and search parameters.

Finally, in light of the Court's comments during the parties' February 5 telephone conference, the parties agreed to resolve Plaintiff's demand to enforce the Pixar subpoena in a manner that provides Plaintiff further discovery from Pixar.  Pixar will collect documents from other Pixar employees who attended the SF film festival (based on documents produced by Mr. Baena) or the Santa Barbara film festival where *The Snowman* was screened, and search for documents concerning Plaintiff, Mr. Wrischnik, the festivals, or the online postings of *The Snowman*.

In short, Plaintiff has had ample discovery of Pixar's documents and its witnesses.  There is no justification—legal or practical—for Plaintiff to insist that Defendants' discovery responses further encompass Pixar.  Pixar is not a defendant, and it is a separate entity from its direct and indirect parent companies.  Restrictions on discovery are "broader when a nonparty is the target of discovery," and this does not change just because the nonparty has a business relationship with the party.  *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). What matters is whether Plaintiff's further demands for discovery responses on behalf of Pixar, a nonparty, are reasonable.  They are not.

# EXHIBIT 1

1  J. Paul Gignac, State Bar No. 125676
   Mischa N. Barteau, State Bar No. 274474
2  **ARIAS OZZELLO & GIGNAC LLP**
   115 S. La Cumbre Lane, Suite 300
3  Santa Barbara, California 93105
   Telephone:  (805) 683-7400
4  Facsimile:  (805) 683-7401
   j.paul@aogllp.com
5  mbarteau@aogllp.com

6  J.A. Ted Baer, State Bar No. 135092
   **LAW OFFICE OF J.A. TED BAER**
7  21 E. Canon Perdido Street, Suite 223
   Santa Barbara, California 93101
8  Telephone:  (805) 963-7177
   Facsimile:  (801) 730-2874
9  ted@tedbaerlaw.com

10 Attorneys for Plaintiff
   Kelly Wilson

11

12              **UNITED STATES DISTRICT COURT**

13    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

14

15 KELLY WILSON, an individual,              Case No.  3:14-cv-01441-VC

16         Plaintiff,

17    vs.                                    **PLAINTIFF'S FIRST SET OF
                                             REQUESTS FOR ADMISSION TO
                                             DEFENDANT THE WALT DISNEY
18 THE WALT DISNEY COMPANY, a Delaware       COMPANY (NOS. 1-16)**
   corporation; DISNEY ENTERPRISES, INC., a
19 Delaware corporation; WALT DISNEY
   PICTURES, a California corporation; WALT  Honorable Vince G. Chhabria
20 DISNEY MOTION PICTURES GROUP, INC.,
   a California corporation; and DOES 1 through
21 25, inclusive,

22         Defendants.

23

24

25 PROPOUNDING PARTY:        Plaintiff

26 RESPONDING PARTY:         Defendant The Walt Disney Company

27 SET NO.:                  One

28

**ARIAS OZZELLO & GIGNAC LLP**

_____
        **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

1   Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiff requests Defendant

2   The Walt Disney Company respond to the following Requests for Admission within 30

3   days following service.

4   Responses should be produced to J. Paul Gignac at the law firm of Arias Ozzello &

5   Gignac LLP, 115 S. La Cumbre Lane, Suite 300, Santa Barbara, CA 93105.

6   **DEFINITIONS AND INSTRUCTIONS**

7   As used in these Requests for Admissions, the terms set forth below shall have the

8   following meanings.

9   1.      "YOU," "YOUR," and "DISNEY" means The Walt Disney Company, and

10  all of its agents, subsidiaries, divisions, and related entities (and all of their agents,

11  subsidiaries, divisions, predecessors, successors, assignees, etc.), and all present and former

12  employees, officers, directors, agents, attorneys, consultants, contractors, suppliers,

13  investigators, representatives, and any other person or entity acting for you or on your

14  behalf, or at your request, and other persons acting or purporting to act on behalf of or at

15  the request of any and all of the above entities and persons.

16  2.      "PIXAR" means Pixar Inc. also known as Pixar Animation Studios, and all

17  of its agents, subsidiaries, divisions, and related entities (and all of their agents,

18  subsidiaries, divisions, predecessors, successors, assignees, etc.), and all present and former

19  employees, officers, directors, agents, attorneys, consultants, contractors, suppliers,

20  investigators, representatives, and any other person or entity acting for Pixar or on Pixar's

21  behalf, or at Pixar's request, and other persons acting or purporting to act on behalf of or at

22  the request of any and all of the above entities and persons.

23  3.      "*THE SNOWMAN*" refers to Plaintiff Kelly Wilson's animated short film that

24  is the subject of the Complaint in Case No. 3:14-cv-01441-VC.

25  4.      "*FROZEN* TEASER TRAILER" refers to the trailer for the feature length

26  film *FROZEN*, INCLUDING ALL drafts, versions, and iterations thereof, and scenes

27  constituting all or part of the *FROZEN* TEASER TRAILER, which is alleged in the

*ARIAS OZZELLO & GIGNAC LLP*

Complaint to infringe upon *THE SNOWMAN*.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that PIXAR is a wholly-owned subsidiary of YOU.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU assert control over PIXAR.

**REQUEST FOR ADMISSION NO. 3:**

Admit that one or more employees of PIXAR shared ideas with YOU regarding the creation of the *FROZEN* TEASER TRAILER.

**REQUEST FOR ADMISSION NO. 4:**

Admit that one or more employees of PIXAR shared ideas with YOU regarding the development of the *FROZEN* TEASER TRAILER.

**REQUEST FOR ADMISSION NO. 5:**

Admit that one or more employees of PIXAR shared ideas with YOU regarding the production of the *FROZEN* TEASER TRAILER.

**REQUEST FOR ADMISSION NO. 6:**

Admit that one or more of YOUR directors and officers also serve as directors and officers of PIXAR.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Afterwork Films is a subsidiary of YOU.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Afterwork Films is a subsidiary of PIXAR.

**REQUEST FOR ADMISSION NO. 9:**

Admit that one or more current or former employees of YOU were in attendance at a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

**REQUEST FOR ADMISSION NO. 10:**

Admit that one or more current or former employees of PIXAR were in attendance at a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

ARIAS OZZELLO & GIGNAC LLP

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 11:**

Admit that one or more current or former employees of YOU saw *THE SNOWMAN* prior to creation of the *FROZEN* TEASER TRAILER.

**REQUEST FOR ADMISSION NO. 12:**

Admit that one or more current or former employees of PIXAR saw *THE SNOWMAN* prior to creation of the *FROZEN* TEASER TRAILER.

**REQUEST FOR ADMISSION NO. 13:**

Admit that one or more current or former employees of PIXAR participated in the creation of the *FROZEN* TEASER TRAILER.

**REQUEST FOR ADMISSION NO. 14:**

Admit that one or more current or former employees of PIXAR participated in the development of the *FROZEN* TEASER TRAILER.

**REQUEST FOR ADMISSION NO. 15:**

Admit that one or more current or former employees of PIXAR participated in the production of the *FROZEN* TEASER TRAILER.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU copied original elements from *THE SNOWMAN* and used those elements in the *FROZEN* TEASER TRAILER.


Dated:  November 5, 2014                 ARIAS OZZELLO & GIGNAC LLP



                                          By:   */s/ Mischa N. Barteau*
                                                J. Paul Gignac
                                                Mischa N. Barteau

                                                LAW OFFICE OF J.A. TED BAER
                                                J.A. Ted Baer

                                                Attorneys for Plaintiff
                                                Kelly Wilson

ARIAS OZZELLO & GIGNAC LLP

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the State of California, County of Santa Barbara.  I am over the age of 18 and not a party to the within suit; my business address is 115 S. La Cumbre Lane, Suite 300, Santa Barbara, California 93105.

On November 5, 2014, I served the document described as:

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT THE WALT DISNEY COMPANY (NOS. 1-16)**

on the interested parties in this action by sending [ ] the original [or] [✔] a true copy thereof to interested parties as follows:

Kelly Klaus  -  Kelly.Klaus@mto.com
Jordan Segall  -  Jordan.Segall@mto.com
Erin Cox -  erin.cox@mto.com

*Attorneys for Defendants*

J. Paul Gignac -  j.paul@aogllp.com
Mischa Barteau  -  mbarteau@aogllp.com
J.A. Ted Baer  -  jatedbaer@gmail.com

*Attorneys for Plaintiff*

[    ]   **BY MAIL (enclosed in a sealed envelope):** I deposited the envelopes for mailing in the ordinary course of business at Santa Barbara, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Santa Barbara, CA.

[    ]   **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action from Santa Barbara, California.

[✔    ]   **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail addresses of record in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 5, 2014** at Santa Barbara, California.

| | |
|---|---|
| Mischa N. Barteau | */s/ Mischa N. Barteau* |
| Type or Print Name | Signature |

ARIAS OZZELLO & GIGNAC LLP

# EXHIBIT 2

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ERIN J. COX (State Bar No. 267954)
erin.cox@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY WILSON,<br><br>                Plaintiff,<br><br>        v.<br><br>THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., WALT DISNEY PICTURES, and WALT DISNEY MOTION PICTURES GROUP, INC.,<br><br>                Defendants. | Case No. 3:14-cv-01441-VC<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1 - 16)**<br><br>Judge:    Hon. Vince G. Chhabria |

25194422.2

1    Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants The Walt Disney

2  Company; Disney Enterprises, Inc.; Walt Disney Pictures; and Walt Disney Motion Pictures

3  Group, Inc. (collectively, "Defendants") respond and object as follows to Plaintiff Kelly Wilson's

4  First Set of Requests for Admission (the "Requests"):

5                              **PREFATORY STATEMENT**

6    Defendants have not completed their investigation relating to this action, have not

7  completed discovery, and have not completed preparation for trial.  These responses are limited to

8  the information known to Defendants at this time and do not constitute a waiver of their right to

9  introduce additional documents, facts, or evidence at trial or otherwise.  Defendants reserve the

10  right to alter or to supplement these responses as additional information becomes known to them,

11  but undertake no obligation to do so beyond the obligations imposed by the Federal Rules of Civil

12  Procedure and the Local Rules of this Court.

13                              **GENERAL OBJECTIONS**

14    1.    Defendants object to the Requests, including the definitions and instructions set

15  forth therein, to the extent that they purport to impose obligations that are inconsistent with, or

16  beyond those required by, the Federal Rules of Civil Procedure, the Local Rules or Orders of this

17  Court, or other applicable rule or law.  Defendants will construe and respond to the Requests in

18  accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules and

19  Orders of this Court, and other applicable authority.

20    2.    Defendants object to each and every request on the grounds and to the extent that it

21  seeks information protected by the attorney-client privilege, the attorney work-product doctrine,

22  the joint-defense privilege, the common-interest privilege, or any other applicable privilege,

23  immunity, or protection.  Defendants intend to and do claim all such privileges and protections,

24  and the inadvertent disclosure of privileged or protected information shall not constitute or give

25  rise to a waiver of any such privilege or protection.

26    3.    Defendants object to each and every request to the extent it seeks disclosure of

27  confidential, proprietary, competitively sensitive, or financial information of Defendants, their

28  affiliates or employees, or any third party, on the grounds that such request is overly broad, unduly

-1-

burdensome, oppressive, and invasive of privacy rights protected by the federal and state
Constitutions, statutes, and common law.  Defendants will not produce any such information
except pursuant to a confidentiality protective order that provides appropriate protections for such
information, including "Highly Confidential" treatment for appropriately designated information.

4.      Defendants object to each and every request as overly broad, unduly burdensome,
and oppressive to the extent it (a) calls for information that is not in Defendants' possession,
custody, or control; or (b) calls for information that is available from a more convenient, more
efficient, less burdensome, or less expensive source than Defendants or through a more
convenient, more efficient, less burdensome, or less expensive means than responding to
Plaintiff's requests.  Defendants further object to each and every request to the extent it purports to
seek the discovery of information that is in the possession, custody, or control of any or all of
Defendants' parents, affiliates, or subsidiaries that have corporate identities separate and apart
from that of Defendants, on the grounds that such information is not in Defendants' possession,
custody, or control.  Defendants further object to each and every request on the grounds and to the
extent that it requests information that is public, already in Plaintiff's possession, custody, or
control, or otherwise available to Plaintiff from sources other than Defendants.

5.      Defendants object to each and every request to the extent it purports to seek
information from all sources without limitation as to timeframe.  To the extent Defendants agree to
respond to a particular request, they will do so from a timeframe that is reasonable, taking into
account the nature and scope of the individual request.

6.      Defendants' responses and objections shall not waive or prejudice any objections
Defendants may later assert, including but not limited to objections as to competency, relevance,
materiality, or admissibility of any information in this action, including at trial.

7.      Defendants object to Definition 1 ("YOU," "YOUR," and "DISNEY"), and to each
and every request containing any of these terms, on the grounds that they are vague, ambiguous,
overly broad, and unduly burdensome.  Defendants construe these terms to refer to themselves.
To the extent Defendants' responses and objections herein use these terms, they are used as
construed herein.

8.      Defendants object to Definition 2 ("PIXAR"), and to each and every request containing this term, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  Defendants construe this term to refer to Pixar Animation Studios.  To the extent Defendants' responses and objections herein use the term "Pixar," Defendants use the term as construed in this paragraph.

9.      Defendants object to Definition 4 ("*FROZEN* TEASER TRAILER"), and to each and every request containing this term, on the grounds that they are overly broad, unduly burdensome, and vague and ambiguous insofar as the term is circularly defined by reference to "scenes constituting all or part of the *FROZEN* TEASER TRAILER."  Defendants will construe this term to refer to the 3D computer animated teaser trailer produced and released by Defendants that is the subject of Plaintiff's Complaint.  To the extent Defendants' responses and objections herein use the term "*Frozen* teaser trailer," Defendants use the term as construed in this paragraph.

### SPECIFIC OBJECTIONS AND RESPONSES

Without waiving, but on the contrary, specifically incorporating into the specific responses below, the Prefatory Statement and General Objections set forth above, Defendants object and respond as follows to the individual requests for admission:

REQUEST FOR ADMISSION NO. 1:

Admit that PIXAR is a wholly-owned subsidiary of YOU.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Defendants incorporate their Prefatory Statement and General Objections.  Defendants further object to this request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants admit that Pixar Animation Studios is an indirect, wholly-owned subsidiary of Defendant The Walt Disney Company, and a direct, wholly-owned subsidiary of Defendant Disney Enterprises, Inc.  Except as specifically admitted herein, Defendants deny Request No. 1.

REQUEST FOR ADMISSION NO. 2:

Admit that YOU assert control over PIXAR.

1  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

2        Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3  further object to this request as vague and ambiguous in its use of the undefined phrase "assert

4  control," and on the grounds that it calls for a legal conclusions, and seeks irrelevant information

5  that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants

6  construe this request to ask them to admit that one or more of Defendants actively exercises

7  continuous, supervisory control over the day-to-day operations and details of Pixar's business.

8        Subject to and without waiving the foregoing objections, Defendants deny Request No. 2

9  as construed.

10  REQUEST FOR ADMISSION NO. 3:

11        Admit that one or more employees of PIXAR shared ideas with YOU regarding the

12  creation of the *FROZEN* TEASER TRAILER.

13  RESPONSE TO REQUEST FOR ADMISSION NO. 3:

14        Defendants incorporate their Prefatory Statement and General Objections. Defendants

15  further object to this request on the grounds that it seeks irrelevant information that is not

16  reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous

17  in its use of the undefined phrases "shared ideas" and "regarding the creation of," and in that it is

18  seemingly open-ended as to time.  Defendants construe this request to ask them to admit that one

19  or more persons employed by Pixar participated in the creation, development or production of the

20  *Frozen* teaser trailer.

21        Subject to and without waiving the foregoing objections, Defendants state that one or more

22  persons employed by Pixar participated in the process of creating, developing and producing the

23  *Frozen* teaser trailer.  Except as specifically admitted herein, Defendants deny Request No. 3.

24  REQUEST FOR ADMISSION NO. 4:

25        Admit that one or more employees of PIXAR shared ideas with YOU regarding the

26  development of the *FROZEN* TEASER TRAILER.

27

28

1  RESPONSE TO REQUEST FOR ADMISSION NO. 4:

2      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3  further object to this request on the grounds that it seeks irrelevant information that is not

4  reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous

5  in its use of the undefined phrases "shared ideas" and "regarding the development of," and in that

6  it is seemingly open-ended as to time.  Defendants construe this request to ask them to admit that

7  one or more persons employed by Pixar participated in the creation, development or production of

8  the *Frozen* teaser trailer.

9      Subject to and without waiving the foregoing objections, Defendants state that one or more

10  persons employed by Pixar participated in the process of creating, developing and producing the

11  *Frozen* teaser trailer.  Except as specifically admitted herein, Defendants deny Request No. 4.

12  REQUEST FOR ADMISSION NO. 5:

13      Admit that one or more employees of PIXAR shared ideas with YOU regarding the

14  production of the *FROZEN* TEASER TRAILER.

15  RESPONSE TO REQUEST FOR ADMISSION NO. 5:

16      Defendants incorporate their Prefatory Statement and General Objections. Defendants

17  further object to this request on the grounds that it seeks irrelevant information that is not

18  reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous

19  in its use of the undefined phrases "shared ideas" and "regarding the production of," and in that it

20  is seemingly open-ended as to time.  Defendants construe this request to ask them to admit that

21  one or more persons employed by Pixar participated in the creation, development or production of

22  the *Frozen* teaser trailer.

23      Subject to and without waiving the foregoing objections, Defendants state that one or more

24  persons employed by Pixar participated in the process of creating, developing and producing the

25  *Frozen* teaser trailer.  Except as specifically admitted herein, Defendants deny Request No. 5.

26  REQUEST FOR ADMISSION NO. 6:

27      Admit that one or more of YOUR directors and officers also serve as directors and officers

28  of PIXAR.

-5-

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Defendants incorporate their Prefatory Statement and General Objections. Defendants further object to this request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous in that it is seemingly open-ended as to time.  Defendants further object to this request to the extent that it seeks information that is publicly available or is otherwise available from a more convenient, more efficient, less burdensome, or less expensive source than Defendants. Defendants further object to this Request on the ground that it is vague and ambiguous in its use of the term (twice repeated) "directors *and* officers."  Defendants construe this Request to ask them to admit that one or more individuals who serves as an officer and/or a director of at least one of the named defendants also serves as an officer and/or a director of Pixar.

Subject to and without waiving the foregoing objections, Defendants state that one or more individuals who serves as an officer and/or a director of at least one of the named defendants also serves as an officer and/or a director of Pixar.  Except as specifically admitted herein, Defendants deny Request No. 6 .

REQUEST FOR ADMISSION NO. 7:

Admit that Afterwork Films is a subsidiary of YOU.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Defendants incorporate their Prefatory Statement and General Objections. Defendants further object to this request on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendants state that Afterwork Films is an indirect subsidiary of Defendants The Walt Disney Company and Disney Enterprises, Inc.  Except as specifically admitted herein, Defendants deny Request No. 7.

REQUEST FOR ADMISSION NO. 8:

Admit that Afterwork Films is a subsidiary of PIXAR.

1  RESPONSE TO REQUEST FOR ADMISSION NO. 8:

2      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3  further object to this request to the extent that it seeks information that is not in Defendants'

4  possession, custody, or control, and on the grounds that it seeks irrelevant information that is not

5  reasonably calculated to lead to the discovery of admissible evidence.

6      Subject to and without waiving the foregoing objections, Defendants state that Afterwork

7  Films is a subsidiary of Pixar.  Except as specifically admitted herein, Defendants deny Request

8  No. 8.

9  REQUEST FOR ADMISSION NO. 9:

10     Admit that one or more current or former employees of YOU were in attendance at a

11  screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

12  RESPONSE TO REQUEST FOR ADMISSION NO. 9:

13     Defendants incorporate their Prefatory Statement and General Objections.  Defendants

14  further object to this request on the ground that it is overbroad and unduly burdensome to the

15  extent that it purports to require each named defendant to conduct an investigation into whether

16  any individual who now works, or at any time in the past ever worked, at any Defendant attended

17  a screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

18  Defendants construe this request to ask Defendants to admit that they are aware, based on their

19  current knowledge as a result of Plaintiff's allegations in this lawsuit, that any current or former

20  employee of any Defendant who had any involvement in the creation, development or production

21  of the *Frozen* teaser trailer attended a screening of *THE SNOWMAN* at the San Francisco

22  International Film Festival in 2011.

23     Subject to and without waiving the foregoing objections, Defendants deny Request No. 9

24  as construed.

25  REQUEST FOR ADMISSION NO. 10:

26     Admit that one or more current or former employees of PIXAR were in attendance at a

27  screening of *THE SNOWMAN* at the San Francisco International Film Festival in 2011.

28

-7-

1   RESPONSE TO REQUEST FOR ADMISSION NO. 10:

2       Defendants incorporate their Prefatory Statement and General Objections.  Defendants

3   further object to this request to the extent that it seeks information that is not in Defendants'

4   possession, custody, or control, and on the grounds that it seeks irrelevant information that is not

5   reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object

6   to this request on the ground that it overbroad and unduly burdensome to the extent that it purports

7   to require Defendants to conduct an investigation into whether any individual who now works, or

8   at any time in the past ever worked, at Pixar Animation Studios attended a screening of *THE*

9   *SNOWMAN* at the San Francisco International Film Festival in 2011.  Defendants construe this

10  request to ask Defendants to admit that they are aware, based on their current knowledge as a

11  result of Plaintiff's allegations in this lawsuit, that any current or former employee of Pixar

12  Animation Studios who had any involvement in the creation, development or production of the

13  *Frozen* teaser trailer attended a screening of *THE SNOWMAN* at the San Francisco International

14  Film Festival in 2011.

15      Subject to and without waiving the foregoing objections, Defendants deny Request No. 10

16  as construed.

17  REQUEST FOR ADMISSION NO. 11:

18      Admit that one or more current or former employees of YOU saw *THE SNOWMAN* prior

19  to the creation of the *FROZEN* TEASER TRAILER.

20  RESPONSE TO REQUEST FOR ADMISSION NO. 11:

21      Defendants incorporate their Prefatory Statement and General Objections.  Defendants

22  further object to this request on the ground that it overbroad and unduly burdensome to the extent

23  that it purports to require each named defendant to conduct an investigation into whether any

24  individual who now works, or at any time in the past ever worked, at any Defendant saw *THE*

25  *SNOWMAN* prior to Defendants' creation of the *Frozen* teaser trailer.  Defendants construe this

26  request to ask Defendants to admit that they are aware, based on their current knowledge as a

27  result of Plaintiff's allegations in this lawsuit, that any current or former employee of any

28

-8-

1   Defendant who had any involvement in the creation, development or production of the *Frozen*

2   teaser trailer saw *THE SNOWMAN* prior to Defendants' creation of the *Frozen* teaser trailer.

3           Subject to and without waiving the foregoing objections, Defendants deny Request No. 11

4   as construed.

5   REQUEST FOR ADMISSION NO. 12:

6           Admit that one or more current or former employees of PIXAR saw *THE SNOWMAN*

7   prior to the creation of the *FROZEN* TEASER TRAILER.

8   RESPONSE TO REQUEST FOR ADMISSION NO. 12:

9           Defendants incorporate their Prefatory Statement and General Objections.  Defendants

10  further object to this request to the extent that it seeks information that is not in Defendants'

11  possession, custody, or control, and on the grounds that it seeks irrelevant information that is not

12  reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object

13  to this request on the ground that it overbroad and unduly burdensome to the extent that it purports

14  to require Defendants to conduct an investigation into whether any individual who now works, or

15  at any time in the past ever worked, at Pixar Animation Studios saw *THE SNOWMAN* prior to

16  Defendants' creation of the *Frozen* teaser trailer.  Defendants construe this request to ask

17  Defendants to admit that they are aware, based on their current knowledge as a result of Plaintiff's

18  allegations in this lawsuit, that any current or former employee of Pixar Animation Studios who

19  had any involvement in the creation, development or production of the *Frozen* teaser trailer saw

20  *THE SNOWMAN* prior to Defendants' creation of the *Frozen* teaser trailer.

21          Subject to and without waiving the foregoing objections, Defendants deny Request No. 12

22  as construed.

23  REQUEST FOR ADMISSION NO. 13:

24          Admit that one or more current or former employees of PIXAR participated in the creation

25  of the *FROZEN* TEASER TRAILER.

26  RESPONSE TO REQUEST FOR ADMISSION NO. 13:

27          Defendants incorporate their Prefatory Statement and General Objections. Defendants

28  further object to this request on the grounds that it seeks irrelevant information that is not

-9-

1  reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous

2  in its use of the undefined phrase "creation."  Defendants construe this request to ask them to

3  admit that one or more persons employed by Pixar participated in the creation, development or

4  production of the *Frozen* teaser trailer.

5          Subject to and without waiving the foregoing objections, Defendants state that one or more

6  persons employed by Pixar participated in the process of creating, developing and producing the

7  *Frozen* teaser trailer.  Except as specifically admitted herein, Defendants deny Request No. 13.

8  REQUEST FOR ADMISSION NO. 14:

9          Admit that one or more current or former employees of PIXAR participated in the

10 development of the *FROZEN* TEASER TRAILER.

11 RESPONSE TO REQUEST FOR ADMISSION NO. 14:

12         Defendants incorporate their Prefatory Statement and General Objections. Defendants

13 further object to this request on the grounds that it seeks irrelevant information that is not

14 reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous

15 in its use of the undefined phrase "development."  Defendants construe this request to ask them to

16 admit that one or more persons employed by Pixar participated in the creation, development or

17 production of the *Frozen* teaser trailer.

18         Subject to and without waiving the foregoing objections, Defendants state that one or more

19 persons employed by Pixar participated in the process of creating, developing and producing the

20 *Frozen* teaser trailer.  Except as specifically admitted herein, Defendants deny Request No. 14.

21 REQUEST FOR ADMISSION NO. 15:

22         Admit that one or more current or former employees of PIXAR participated in the

23 production of the *FROZEN* TEASER TRAILER.

24 RESPONSE TO REQUEST FOR ADMISSION NO. 15:

25         Defendants incorporate their Prefatory Statement and General Objections. Defendants

26 further object to this request on the grounds that it seeks irrelevant information that is not

27 reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object

28 to this request on the ground that it is vague and ambiguous in its use of the undefined phrase

1   "production."  Defendants construe this request to ask them to admit that one or more persons

2   employed by Pixar participated in the creation, development or production of the *Frozen* teaser

3   trailer.

4          Subject to and without waiving the foregoing objections, Defendants state that one or more

5   persons employed by Pixar participated in the process of creating, developing and producing the

6   *Frozen* teaser trailer.  Except as specifically admitted herein, Defendants deny Request No. 15.

7   REQUEST FOR ADMISSION NO. 16:

8          Admit that YOU copied original elements from *THE SNOWMAN* and used those elements

9   in the *FROZEN* TEASER TRAILER.

10  RESPONSE TO REQUEST FOR ADMISSION NO. 16:

11         Defendants incorporate their Prefatory Statement and General Objections.

12         Subject to and without waiving the foregoing objections, Defendants deny Request No. 16.

13

14

15  DATED:  December 5, 2014                    MUNGER, TOLLES & OLSON LLP

16

17                                             By:     */s/ Kelly M. Klaus*
                                                      _____
18                                                    KELLY M. KLAUS
                                               Attorneys for Defendants
19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of Defendants' Responses and Objections to Plaintiff's First Set of Requests for Admission (Nos. 1 – 16) was served this 5th day of December, 2014 upon the following via electronic mail:

J. A. Ted Baer, III (jatedbaer@gmail.com)
Law Office of J. A. Ted Baer
21 E. Canon Perdido Street, Suite 223
Santa Barbara, CA 93101

J. Paul Gignac (j.paul@aogllp.com)
Mischa Nicole Barteau (mbarteau@aogllp.com)
Arias Ozzello Gignac LLP
115 S. La Cumbre Lane, Suite 300
Santa Barbara, CA 93105

DATED:  December 5, 2014                    MUNGER, TOLLES & OLSON LLP


By:       _/s/ Erin J. Cox_
          ERIN J. COX
          Attorneys for Defendants