1  KELLY M. KLAUS (State Bar No. 161091)
   kelly.klaus@mto.com
2  ERIN J. COX (State Bar No. 267954)
   erin.cox@mto.com
3  JORDAN D. SEGALL (State Bar No. 281102)
   jordan.segall@mto.com
4  MUNGER, TOLLES & OLSON LLP
5  560 Mission Street, Twenty-Seventh Floor
   San Francisco, California 94105
6  Telephone:     (415) 512-4000
   Facsimile:     (415) 512-4077
7
8  Attorneys for Defendants

9
                     UNITED STATES DISTRICT COURT
10
         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
11

12

13 KELLY WILSON,                                Case No. 3:14-cv-01441-VC

14          Plaintiff,                          **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS DESIGNATED CONFIDENTIAL**
15     vs.

16 THE WALT DISNEY COMPANY, DISNEY
   ENTERPRISES, INC., WALT DISNEY           [Declaration of Jordan D. Segall filed concurrently]
17 PICTURES, and WALT DISNEY MOTION
   PICTURES GROUP, INC.,
18                                              Judge:  Hon. Vince G. Chhabria
19          Defendants.                         Date:   April 9, 2015
                                                Time:   10:00 a.m.
20                                              Ctrm:   4 (17th Floor)

21

22     Pursuant to Civil Local Rules 7-11 and 79-5, Defendants The Walt Disney Company,

23 Disney Enterprises, Inc., Walt Disney Pictures, and Walt Disney Motion Pictures Group, Inc.

24 (collectively, "Disney") respectfully submit this Administrative Motion to File Under Seal

25 Materials Designated Confidential.

26     Disney seeks to maintain under seal the following documents, or redacted portions thereof:

27     1.     Disney's Motion for Summary Judgment and Opposition to Plaintiff's Motion for

28 Partial Summary Judgment, Segall Decl. ¶ 8;

...

    2.      The Declaration of Peter Del Vecho In Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment ("Del Vecho Declaration") and exhibits attached thereto, Segall Decl. ¶ 6(a);

    3.      Exhibits attached to the Declaration of Erin Cox In Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment ("Cox Declaration"), Segall Decl. ¶ 6(b)-(c), 7(a)–(b);

    4.      Exhibits attached to the Declaration of Edwin Fabian In Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment ("Fabian Declaration"), Segall Decl. ¶ 7(c); and

    5.      Exhibits attached to the Declaration of Matt Roberts In Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment ("Roberts Declaration"), Segall Decl. ¶ 7(d).

The redacted information has been designated Confidential or Attorneys' Eyes Only under the Confidentiality Stipulation and Protective Order. (Dkt. 47.) Concurrently with this motion, Disney is filing a declaration of Jordan D. Segall establishing the bases for sealing these documents.

## I.    Legal Standard

Documents submitted in connection with a dispositive motion should be sealed when "compelling reasons" exist for protecting the information from public disclosure. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). The fact that the public release of a document will cause "competitive harm to a business" weighs strongly in favor of sealing. *Apple Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013).

Confidential information regarding a business's "recruiting strategies, policies, and procedures" warrants sealing if the disclosure of such information could cause a party competitive harm. *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013). Trade secrets or other sensitive business information and materials may be sealed if they are "innovative methods or inventions that are the result of human creativity and ingenuity." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123 (D. Md. 2009).

## II. Argument

Disney's motion to seal is narrow: it seeks to seal only that those documents that either (1) reproduce screenshots from or describe in detail Disney's proprietary human-resources databases or Disney's confidential evaluations of job applicants; or (2) constitute, quote from, or describe in detail the detailed confidential minutes and original artwork produced during the development and production of the *Frozen* teaser trailer.  Segall Decl. ¶¶ 3–5.

Compelling reasons exist to seal this information.  Disney's recruiting and creative development processes are the core of its business and fundamental to maintaining its business advantage over its competitors.  *Id.* ¶¶ 3, 9.  Disney does not seek to seal general evidence about Disney's recruiting practices, only screenshots from or specific testimony about the proprietary electronic databases Disney uses to accept applications, evaluate candidates, and collate human-resources data.  Segall Decl. ¶ 5.  This is precisely the type of detailed information about "recruiting strategies, policies, and procedures" that could cause Disney competitive harm if publicly disclosed.  *See High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *5; Segall Decl. ¶ 9.  Nor does the public have a strong interest in this material: the relevant facts contained in these documents are described in the unredacted portions of Disney's Motion and supporting exhibits; the organization and operation of Disney's proprietary databases are immaterial to the resolution of this case.

Disney's creative-development process occurs in highly confidential brainstorming meetings, in a process that dates back to the early days of the studio.  Segall Decl. ¶ 3.  The ideas that flow from these meetings constitute core intellectual property for Disney; for that reason, the records of this development process are not disclosed outside the company.  *Id.*  They are clearly trade secrets reflecting "human creativity and ingenuity," and their disclosure would cause Disney substantial harm.  *Minter*, 258 F.R.D. at 123.  Moreover, the original "storyboards" produced during the development of the teaser trailer have independent economic value, and their public disclosure would likely cause unauthorized copying that would further harm Disney.  Segall Decl. ¶ 4.

1    For the foregoing reasons, Disney respectfully submits that it has satisfied its burden to
2 show that compelling reasons support its administrative motion to file under seal.

3 DATED: March 12, 2015                MUNGER, TOLLES & OLSON LLP

                                       By:    *Kelly M. Klaus*
                                              KELLY M. KLAUS
                                       Attorneys for Defendants