KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ERIN J. COX (State Bar No. 267954)
erin.cox@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY WILSON,<br><br>           Plaintiff,<br><br>     vs.<br><br>THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., WALT DISNEY PICTURES, and WALT DISNEY MOTION PICTURES GROUP, INC.,<br><br>           Defendants. | Case No. 3:14-cv-01441-VC<br><br>**DECLARATION OF EDWIN FABIAN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge:   Hon. Vince G. Chhabria<br>Date:    April 9, 2015<br>Time:    10:00 a.m.<br>Ctrm:    4 |

I, Edwin Fabian, declare as follows:

1. I am a Human Resources Information System analyst at Pixar Animation Studios ("Pixar"). I am submitting this declaration in support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment. The facts set forth in this declaration are based on my personal knowledge. If called as a witness, I could and would competently testify to the facts contained herein.

2. I have worked at Pixar since June 2010, after receiving my Master's degree in Business Administration from San Francisco State University. I worked as a recruiting coordinator from June 2010 until 2012, scheduling candidate interviews, organizing materials submitted by applicants, including artistic reels, and generally assisting the Pixar recruiters with the recruiting process. In 2012, I became a Human Resources coordinator—my title changed to Human Resources Information System analyst in 2014, but my responsibilities have remained the same. In my current role, I maintain and implement Pixar's human resources database, called "Workday," which houses information relating to current employees, such as payroll and personal information.

3. Pixar's website has a "careers" page where prospective job applicants can view all open positions at Pixar, *see* http://www.pixar.com/careers. Through the website, an applicant can create an applicant profile and apply for a specific position.

4. Internally at Pixar, an open job position is called a "requisition." If an applicant applies for a specified position online, their profile will be linked to the requisition for that position. An application that is not linked to a specific requisition would not be reviewed by a recruiter. If the requisition called for an artistic submission, the posting for the job opening would provide an address where the applicant should mail in a reel. Once received, the reels are stored in boxes according to the role applied for, *i.e.,* animator, technical director, and so on. The reels are manually sorted and matched with the applicant's profile in Pixar's recruiting database, but they are not digitally uploaded to the database.

5. When hiring for a requisition, the resumes of applicants are first reviewed by a recruiter. The recruiter determines which candidates should be forwarded to the hiring manager—

-1-

1  the department head who is looking to hire a new employee in animation, technical direction, etc.
2  The hiring manager does not have access to Pixar's recruiting database, only recruiters do. The
3  hiring manager does not review resumes or reels from applicants unless they have been vetted by
4  the recruiter and the recruiter advances the applicant to the next stage of the recruiting process.
5  The recruiter basically acts as a gatekeeper.

6.  If an applicant is not routed to the hiring manager by the recruiter, then they have been rejected for the requisition. Reels associated with rejected applications are placed in a locked bin for shredding. A company that specializes in document shredding picks up the bin every week and shreds the reels inside.

7.  If the recruiter determines that an application is strong enough to move on in the recruiting process, the recruiter will route the application to the hiring manager. The hiring manager can then review the resume and reel for herself, and decide whether to extend an interview to the applicant. If the applicant makes it to this stage of the process, their profile in Pixar's recruiting database will be updated to note that the reel has been reviewed by the hiring manager. If the hiring manager wants to call the applicant in for an interview, an interview will be scheduled and the applicant's profile will be updated to reflect that they are in the interviewing stage. If the applicant is not extended an interview, then they have been rejected for the requisition. Any reels associated with rejected applications that make it past the initial recruiter screening phase are shredded in the same manner as if they had been rejected by the recruiter.

8.  Neil Wrischnik has two profiles in Pixar's recruiting database, but only one profile is linked to a requisition. Kelly Wilson has one profile in Pixar's recruiting database, and it is not linked to a requisition. At my deposition, Plaintiff's counsel marked as an exhibit a printout of each of these profiles from Pixar's recruiting database. A true and correct copy of these exhibits are attached as Exhibits 1, 2, and 3 to this declaration.

9.  Mr. Wrischnik's profile, attached as Exhibit 2, is linked to a requisition for the position of fix animator; Mr. Wrischnik applied for this position on May 6, 2010. The profile shows that there was no activity associated with this profile between May 6, 2010 and October 18, 2013. If a hiring manager had reviewed Mr. Wrischnik's reel, that would have been reflected on

1  his profile. On October 18, 2013, Mr. Wrischnik's profile was manually changed from "new" to
2  "rejected" by Kim Diaz, a recruiter at Pixar.
3        10.    In October 2013, Pixar was conducting a clean-up of its recruiting database—there
4  were many applicants in the database that were linked to requisitions that had been closed, because
5  the position had been filled, but the status of their profiles had not been changed to "rejected."
6  Kim Diaz completed the project of changing the requisition status for such applicants to reflect
7  that they had been rejected from the position applied for.
8        I declare under penalty of perjury under the laws of the United States that the foregoing is
9  true and correct, and that this declaration was executed this 10 day of March 2015, at Emeryville,
10 California.

_____  3/10/15
EDWIN FABIAN

-3-