J. Paul Gignac, State Bar No. 125676
Mischa N. Barteau, State Bar No. 274474
**ARIAS OZZELLO & GIGNAC LLP**
115 S. La Cumbre Lane, Suite 300
Santa Barbara, California 93105
Telephone:  (805) 683-7400
Facsimile:   (805) 683-7401
j.paul@aogllp.com
mbarteau@aogllp.com

J.A. Ted Baer, State Bar No. 135092
**LAW OFFICE OF J.A. TED BAER**
21 E. Canon Perdido Street, Suite 223
Santa Barbara, California 93101
Telephone:  (805) 963-7177
Facsimile:   (801) 730-2874
ted@tedbaerlaw.com

Attorneys for Plaintiff
Kelly Wilson

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY WILSON, an individual,<br><br>                Plaintiff,<br><br>        vs.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; WALT DISNEY PICTURES, a California corporation; WALT DISNEY MOTION PICTURES GROUP, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>                Defendants. | Case No.  3:14-cv-01441-VC<br><br>**DECLARATION OF NEIL WRISCHNIK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:   Hon. Vince G. Chhabria<br>Date:     April 9, 2015<br>Time:    10:00 a.m.<br>Ctrm:    4 |

*ARIAS OZZELLO & GIGNAC LLP*

ARIAS OZZELLO & GIGNAC LLP

## DECLARATION OF NEIL WRISCHNIK

I, Neil Wrischnik, hereby declare:

1.     I make this declaration based on my personal knowledge.  If called as a witness, I would testify truthfully and competently to the matters set forth herein.

2.     I am over the age of eighteen and otherwise competent to testify as a witness.

3.     I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

4.     I co-created *The Snowman* with plaintiff Kelly Wilson.  I worked on *The Snowman* from about May 2008 until August 2010.

5.     During this time period, I was applying for jobs and submitted "demo reels" of my animation to show potential employers my work.  I always submitted a hard copy of every job application I submitted, even if I also submitted an application online.

6.     During this time period, when I was applying for jobs where I submitted online, I would also provide a direct link on my website to my demo reel connected to each such application in order to allow online access to my demo reel.

7.     As *The Snowman* was developed, I would update my demo reels to include footage from *The Snowman*.

8.     I submitted six job applications to Defendants between 2009 and 2010 which contained references to *The Snowman*.  I submitted a demo reel along with each of those six job applications.   Of the six reels submitted with my job applications, only the reel submitted in June 2009 did not contain footage of *The Snowman*.  The five reels submitted with applications after June 2009 all contained footage of *The Snowman*, in part or in full.

9.     In June 2009, I submitted a job application to Walt Disney Animation Studios.  I submitted the application online and by mail.  *The Snowman* was listed on my resume that I submitted with this job application.  I submitted a demo reel with this application, but it did not contain footage from *The Snowman*.  Attached hereto as **Exhibit 1** is a true and correct copy of the cover letter and resume I submitted with this application. The reel and documents were produced to Defendants during discovery in this case.

DECLARATION OF NEIL WRISCHNIK ISO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

10.     In October 2009, I submitted a job application to Walt Disney Animation Studios.  I submitted the application online and by mail.  Attached hereto as **Exhibit 2** is a copy of the documents I submitted with that application.  Attached hereto as **Exhibit 3** is a DVD containing a true and correct copy of the reel I submitted with my October 2009 application.  This reel contains footage from *The Snowman* starting at approximately 0:44 of the reel and ending at 0:54 of the reel.   The reel and documents were produced to Defendants during discovery in this case.

11.     In January 2010, I submitted a job application to Pixar.  I submitted the application online and by mail.  Attached hereto as **Exhibit 4** is a copy of the documents I submitted with that application.  Attached hereto as **Exhibit 5** is a DVD containing a true and correct copy of the reel submitted with my January 2010 application.   This reel contains footage from *The Snowman* starting at approximately 0:17 of the reel and ending at 0:28 of the reel.  The reel and documents were produced to Defendants during discovery in this case.

12.     In February 2010, I submitted a job application to Pixar.  I submitted the application online and by mail.  Attached hereto as **Exhibit 6** is a copy of the documents I submitted with that application.  Attached hereto as **Exhibit 7** is a DVD containing a true and correct copy of the reel submitted with my February 2010 application.   This reel contains the full version of *The Snowman*, except for the final version of the music, and starts at approximately 1:00 of the reel and ends at 5:22 of the reel.   The reel and documents were produced to Defendants during discovery in this case.

13.     In response to my February 2010 job application to Pixar, I received an email from Pixar on March 3, 2010, stating: "We had your animation reel & resume reviewed and while everyone was impressed with your work, we are unable to utilize your skill set at this time." Attached hereto as **Exhibit 8** is a true and correct copy of that email. This document was produced to Defendants during discovery in this case.

14.     In March 2010, I submitted a job application to Pixar Canada.  I submitted the application online and by mail.   Attached hereto as **Exhibit 9** is a copy of the

ARIAS OZZELLO & GIGNAC LLP

documents I submitted with that application.  Attached hereto as **Exhibit 10** is a DVD containing a true and correct copy of the reel submitted with my March 2010 application. This reel contains the full version of *The Snowman*, except for the final version of the music, and starts at approximately 1:00 of the reel and ends at 5:22 of the reel.  The reel and documents were produced to Defendants during discovery in this case.

15.    In April 2010, I submitted a job application to Walt Disney Animation Studios.  I submitted the application online and by mail.  Attached hereto as **Exhibit 11** is a copy of the documents I submitted with that application.  Attached hereto as **Exhibit 12** is a DVD containing a true and correct copy of the reel submitted with my April 2010 application.  This reel contains footage from *The Snowman*, and starts at approximately 0:16 of the reel and ends at 0:29 of the reel.  The reel and documents were produced to Defendants during discovery in this case.

16.    After reviewing Defendants' Opening Brief in Support of Defendants' Motion for Summary Judgment, specifically the section on page 11 discussing the fact that *The Snowman* was posted on Facebook, I reviewed my connections on Facebook in order to determine how many connections I had to people who work at Disney.   In my review, I only considered people that I was Facebook friends with prior to March 2013.

17.    Based on my review of my Facebook connections, I learned that I am 1st or 2nd connected on Facebook with 239 people who were employed under Disney. One of them, Jorge Ernesto Ruiz Cano, who I have been friends with on Facebook since December 2008, worked as an animator on the feature film *Frozen*.

18.    My Facebook 1st connections are people who are directly connected to my account (i.e. I am "friends" with them on Facebook). My 2nd connections are people who are friends with my friends on Facebook. These "friends of friends" on Facebook could have viewed *The Snowman* on Facebook because *The Snowman* posting was available for "friends of friends" to view. In addition, all of my friends show a direct link to Disney employees and these friends could have watched the film together, downloaded the film or emailed it through personal connections, or have seen it in a group setting.

ARIAS OZZELLO & GIGNAC LLP

1

2          I declare under penalty of perjury under the laws of the United States of America

3   that the foregoing is true and correct.

4          Executed this 19th day of March 2015, at Mill Valley, California.

5

6          _____

7          Neil Wrischnik

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS OZZELLO & GIGNAC LLP

DECLARATION OF NEIL WRISCHNIK ISO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT